HEARING DATE AND TIME July 13, 2004 AT 10:00 A.M. EST
OBJECTION DEADLINE: July 8, 2004 AT 4:00P.M. EST

STINSON MORRISON HECKER LLP
Attorneys for Debtors and Debtors in Possession
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Mark A. Shaiken, Esq.
Lawrence W. Bigus, Esq.
Sharon L. Stolte, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re                                                     :
                                                          :    Chapter 11 Case No.
WORLDCOM, INC., et al.,                                   :    02-13533 (AJG)
                                                          :
                                                          :    (Jointly Administered)
                          Debtors.                        :
-------------------------------------------------------x

## DEBTORS' OBJECTION
## TO ALL PROOFS OF CLAIM FILED BY EFFECTNET, INC.
## WHICH IS NOW MERGED INTO PARUS HOLDINGS, INC.,
## INCLUDING, BUT NOT LIMITED TO
## CLAIM NUMBERS 9291, 11242, 9293 AND 11173

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE

       WorldCom, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### JURISDICTION

       1.    The Court has jurisdiction to consider this Objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding

**A 00045**

pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 21, 2002 (the "Commencement Date") and November 8, 2002, WorldCom, Inc. and certain of its direct and indirect domestic subsidiaries commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By Orders dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 29, 2002, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Committee").

3. WorldCom, Inc., one of the Debtors in the above captioned cases, together with approximately 200 direct and indirect domestic subsidiaries and 200 non-debtor foreign affiliates (collectively, the "Company"), is one of the world's preeminent global communications companies that provides a broad range of communication services in over 200 countries on six continents. Through its core communications services business, which includes voice, data, Internet and international services, the Company carries more data over its networks than any other entity. The Company is also the second largest carrier of consumer and small business long distance telecommunications services in the United States, provides a broad range of retail and wholesale communications services, including long distance voice and data communications, consumer local voice communications, wireless messaging and voice services, private line services and dial-up Internet access services.

A 00046

4.  For the year ended December 31, 2001, WorldCom recorded revenue of more than $30 billion.[1] As of March 31, 2002, WorldCom's books and records reflected liabilities totaling approximately $41 billion. As of June 30, 2002, WorldCom employed more than 63,900 individuals, of which approximately 57,700 were full-time employees and approximately 6,200 were part-time employees.

## SCHEDULES AND PROOFS OF CLAIM

5.  On November 21, 2002, the Debtors filed their Schedules of Liabilities (as amended and supplemented, the "Debtors' Schedules") and their Schedules of Executory Contracts and Unexpired Leases. On December 5, 2002, the Debtors filed their Statements of Financial Affairs.

6.  On October 29, 2002, this Court entered its Order (a) Pursuant to Bankruptcy Rule 3003 (c)(3) Establishing the Deadline for Filing Certain Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order"). The Bar Date Order established January 23, 2003 as the bar date (the "Bar Date") for filing proofs of claim in these cases. Pursuant to the terms of the Bar Date Order, on or about November 22, 2002, the Debtors mailed notice of the bar date (the "Bar Date Notice") to in excess of 1.2 million creditors and potential claimants.

7.  On March 25, 2003, the Court entered its Order Pursuant to 11 U.S.C. § 105 Approving Notice Procedures Regarding Claim Objections and Deemed Schedule Amendment Motions ("Claim Objection Procedure Order"), approving certain procedures regarding noticing of claims objections and omnibus motions for deemed schedule amendments.

---

[1] The amounts in this paragraph are stated on a consolidated basis, including Debtors and non-debtor domestic subsidiaries only. WorldCom, Inc. has announced its intention to restate the financial statements for 2000, 2001 and the first quarter of 2002.

A 00047

8. As of the date of this Objection, in excess of 34,000 proofs of claim have been filed in connection with these chapter 11 cases (the "Proofs of Claim"). The Debtors have begun the process of conducting a comprehensive review and reconciliation of all prepetition claims, including both the claims scheduled in the Debtors' Schedules (the "Scheduled Claims") and the claims asserted in the Proofs of Claim (the "Filed Claims"). This process includes identifying particular categories of Filed Claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. To reduce the number and volume of pleadings, and to reduce the possibility of double recovery or improper recovery by claimants, the Debtors are filing this objection to all of the claims filed by EffectNet, Inc. and/or Parus Holdings, Inc. into which EffectNet, Inc. has been merged (hereinafter referred to as "Claimant").

9. According to available records, Claimant has filed two claims as follows: Claim No. 9291 filed on January 08, 2003, which was replaced by and amended by Claim No. 11242 filed January 15, 2003; and Claim No. 9293 filed on January 08, 2003 which was replaced by and amended by Claim No. 11173 filed January 15, 2003.

10. Upon information and belief this court has already entered an order expunging claim numbers 9291 and 9293.

11. The above-referenced claims are the only claims that Debtors have a record of receiving which have been filed by Claimant.

12. If any other claims have been filed by Claimant or any of Claimant's related entities then these objections apply to and relate to all such claims.

A 00048

13. The claims filed by Claimant are duplicative claims which claim the exact same dollars for the exact same alleged debts and therefore all objections to one claim are objections to the other claim.

## **OBJECTIONS**

14. Claimant is not entitled to a double recovery and therefore may not recover on more than one claim.

15. Claimant terminated the contract upon which it based its claims. The termination of the contract at issue terminated Claimant's rights to receive continuing monthly minimum payments by the very terms of the contract.

16. Claimant is seeking minimum monthly commitment payments and liquidated damages as specified in the contract. The amounts being sought by Claimant for these items constitute unenforceable penalties and therefore are not recoverable by Claimant.

17. Even if Claimant is entitled to recover some or all of the minimum monthly commitments Claimant has calculated its alleged damages using an amount per commitment which is significantly higher than the amount the contract specifies should be used.

18. Claimant was not a party to the original contract and the contract prohibits assignment.

19. Claimant's claims have been partially paid.

20. Debtors did not engage in any conspiracy and therefore are not liable for such.

21. Debtors did not engage in unfair and deceptive trade practices and therefore are not liable for such.

A 00049

22. Debtors did not tortiously interfere with Claimant's contractual relationships and therefore are not liable for such.

23. Debtors were not damaged by any of the alleged tortious conduct of Claimant.

24. Claimant's claims are not set forth with enough specificity for Debtors to determine the exact conduct involved and/or alleged and/or the damages alleged to have occurred with respect to the alleged tortious interference, unfair and deceptive trade practices and/or conspiracy. Therefore, Claimant has failed to properly state its claim.

25. Pursuant to the above objections, Debtors request that all proofs of claims filed or asserted by Claimant be disallowed in their entireties.

## **MEMORANDUM OF LAW**

26. assertions such that Debtors cannot Claimant asserts many claims with general, vague and ambiguous fully determine whether there are novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of the Objection.

## **NOTICE**

27. Notice of this Objection has been provided to each of the persons or entities that filed the proofs of claim identified herein and their counsel (if known), and to other parties in accordance with the Claim Objection Procedure Order. The Debtors submit that no other or further notice need be given.

28. No previous application for the relief sought herein has been made to this or any other Court.

A 00050

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: <u>June 10, 2004</u>
      New York, New York

                                        STINSON MORRISON HECKER LLP

                                        <u>/s/    *Sharon L. Stolte*          </u>
                                        Mark A. Shaiken, Esq.
                                        Lawrence W. Bigus, Esq.[2]
                                        Sharon L. Stolte, Esq.
                                        9 Corporate Woods, Ste. 450
                                        9200 Indian Creek Parkway
                                        Overland Park, KS 66210
                                        (913) 344-8026-Telephone
                                        (913) 451-6352-Facsimile
                                        Attorneys for Debtors and
                                        Debtors in Possession

---

[2] Please contact this attorney with any questions.