KELLEY DRYE & WARREN LLP
Stephen A. Wood (SW 6270)
Robert S. Friedman (RF 1538)
Robert L. LeHane (RL 9422)
101 Park Avenue
New York, New York  10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

Attorneys for Parus Holdings, Inc.,
Successor-by-Merger to EffectNet, Inc. and EffectNet, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>  **WORLDCOM, INC., et al.**<br><br>                                         **Debtors.** | **Chapter 11 Case No.**<br>**02-13533 (AJG)**<br><br>**(Jointly Administered)** |

# RESPONSE AND OPPOSITION OF PARUS HOLDINGS, INC. TO DEBTORS' FIRST AMENDED OBJECTION TO ALL PROOFS OF CLAIM FILED BY EFFECTNET, INC.

Parus Holdings, Inc., successor-by-merger to EffectNet, Inc. and EffectNet, LLC (collectively "Parus"), by their undersigned attorneys Kelley Drye & Warren LLP ("Kelley Drye"), submits this response (the "Response") to the *"Debtors' First Amended Objection to all Proofs of Claim Filed by EffectNet, Inc. which is now Merged Into Parus Holdings, Inc., Including, but not Limited to Claim Numbers 9291, 11242, 9293 and 11173"* that was filed in these proceedings on May 16, 2005 (the "First Amended Claims Objection").

In support of the Response, Parus incorporates by reference in its entirety the *"Response and Opposition of Parus Holdings, Inc. to Debtors' Objection to Proofs of Claim Filed by EffectNet, Inc."* dated and filed in this case on July 30, 2004 as though fully set forth

and restated herein, and respectfully states as follows:

## SUMMARY OF THE DEBTORS' FIRST AMENDED OBJECTIONS

1. The First Amended Claims Objection is limited to a series of statements unsupported by reference to any applicable law regarding EffectNet's Claims. Debtors have stated the same objections they asserted in the original Claims Objections, dated June 10, 2004, except for four (4) additions:

(a) Debtors did not engage in any conspiracy and therefore are not liable for such. Furthermore a corporation cannot conspire with itself, its parent, subsidiary or its sibling corporations;

(b) Debtors did not engage in unfair and deceptive trade practices and therefore are not liable for such. Furthermore, debtor is not a consumer and unfair and deceptive trade practices acts do not apply to this transaction;

(c) Debtors did not tortiously interfere with Claimant's contractual relationships and therefore are not liable for such. Furthermore, a corporation cannot tortiously interfere with its own contract or the contract of its parent, subsidiary or sibling corporations; and

(d) EffectNet's tort claims are barred and EffectNet is limited to damages, if any, for breach of contract because no special relationship existed between the parties, EffectNet only contracted for commercial advantage only.

*See* First Amended Claims Objection, at ¶¶ 20-23.

## THE DEBTORS' AMENDED OBJECTIONS RELATING TO EFFECTNET'S CONSPIRACY, UNFAIR TRADE PRACTICES AND TORTIOUS INTERFERENCE CLAIMS REQUIRE DISCOVERY

2. The Debtors' objection to EffectNet's conspiracy, unfair trade practices and tortious interference claims are premature and must be denied or at least deferred until discovery is completed.

3. Intermedia's breach of the UC Contract took place contemporaneously with the negotiations between WorldCom and Webley concerning the MASL and after

WorldCom completed intensive technology and financial due diligence of Webley. Given these disclosures, the Debtors were clearly aware of EffectNet's pending merger with Webley, aware of the UC Contract's importance to EffectNet/Webley's business plan and financial conditions, and aware of the contract's importance to its ability to raise equity, and to fund ongoing operations.

4. After the Intermedia-WorldCom business combination, EffectNet was advised that WorldCom would be overseeing all projects relating to the UC Contract, and senior members of Intermedia that had dealt with EffectNet concerning the UC Contract were apparently dismissed or reassigned. Accordingly, EffectNet contends that WorldCom was directly involved in and directed the apparent decision to breach the UC Contract.

5. In its negotiations concerning the MASL, WorldCom attempted to negotiate a patently unfair licensing agreement to use EffectNet-Webley technology.

6. WorldCom succeeded in obtaining MASL terms that would not have been attainable unless the Debtors had imposed severe financial pressures upon EffectNet.

7. EffectNet believes that the juxtaposition of these events strongly suggests that these matters were directly related. However, the Debtors control a majority of the evidence relevant to these claims.

8. The Debtors' objection that a corporation cannot conspire with itself, its parent, subsidiary or its sibling corporations is unsupported by reference to any applicable law. Courts generally look unkindly upon corporations using corporate structure to escape liability after a clear showing of abuse. *See Stamp v. Inamed Corp.*, 777 F. Supp. 623 (N.D. Ill. 1991) (Court held that a subsidiary could pierce its own corporate veil to sue its parent company because they are independent entities, despite a common economic agenda)(finding support in

*Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F. 2d 1339 (7th Cir. 1987), a federal circuit bankruptcy case, which held a subsidiary could sue its parent under an alter ego theory).

9. Beyond this, discovery is necessary to shed light on the individuals involved in the conspiracy, their employers, and their relationship to each other. While in certain jurisdictions corporations may not conspire with their own officers, they can conspire with the officers and employees of other corporations, even related ones. Given the limited discovery that has been provided by the Debtors, this objection should be denied or deferred until discovery is complete.

10. In addition, Debtors' objection that they did not tortiously interfere with Claimant's contractual relationships and that a corporation cannot tortiously interfere with its own contract or the contract of its parent, subsidiary or sibling corporations must also be denied or deferred until discovery is completed. Again, Debtors do not cite any applicable law in support of this statement. A parent company can be found to have interfered with a contract of its subsidiary, if the court finds that the parent is not a party to the contract. *Koret v.Christian Dior, S.A.*, 161 N.Y.S.2d 867 (1990). The relationship of a company to a contract, for the purposes of tortious interference, is viewed at the time of contract formation. *See Id.* WorldCom, being of no relation to Intermedia at the time of the UC Contract was formed, should be held to their status as a third party, despite the subsequent merger. Discovery is necessary to establish WorldCom's relationship to the contract.

11. Furthermore, merger is not a safe harbor defense. State statutes hold that a newly formed corporation, as a result of a merger or consolidation, is liable for all liabilities, obligations and penalties of each of the constituent entities. Ariz. Rev. Stat. § 10-1106(A)(3);

A 00118

805 Ill. Comp. Stat. § 5/111.50 (a)(5); NY CLS Bus Corp. § 906(b)(6).  The clear language and intent of these statutes should prevent WorldCom from successfully escaping liability for conspiracy, tortious interference with a contract and unfair and deceptive trade practices.

12. Finally, Debtors' objection that they did not engage in unfair trade practices and that debtor is not a consumer and unfair trade practices acts do not apply to this transaction should be denied or deferred until discovery is completed.  Likewise, Debtors objection that EffectNet's tort claims are barred due to the lack of a special relationship should be deferred or denied pending the completion of discovery.

13. "When an objection to a claim is contested, a contested matter is created." *In re Rockefeller Center Properties,* 272 B.R. 524 (Bankr. S.D.N.Y. 2000).  A number of the rules found in Part VII of the Federal Rules of Bankruptcy Procedure which apply in adversary proceedings are also applicable here.  These include various discovery rules found in Rules 7026 – 7036.  Parus and WorldCom are still in the early stages of discover.  It is therefore premature for the Court to make any determination concerning Parus Holdings' conspiracy, unfair trade practices and tortious interference claims.

## RESERVATION OF RIGHTS

14. Parus Holdings reserves all right to supplement or otherwise amend this response to, without limitation, reflect information gathered in discovery.

(remainder of page intentionally blank)

**WHEREFORE**, Parus Holdings respectfully requests that the Court (i) overrule the First Amended Claims Objection in its entirety; and (ii) grant such other and further relief as is just and necessary.

Dated:	New York, New York
	June 15, 2005

		KELLEY DRYE & WARREN LLP

		By:	/s/*Robert L. LeHane*
			Stephen A. Wood (SW 6270)
			Robert S. Friedman (RF 1538)
			Robert L. LeHane (RL 9422)

		101 Park Avenue
		New York, New York 10178
		Telephone:  (212) 808-7800
		Facsimile:  (212) 808-7897

		*Attorneys for Parus Holdings, Inc., Successor-by-Merger to EffectNet, Inc. and EffectNet, LLC*

A 00120