## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of March, 2005, Debtors' Responses to Claimant's First Request for Production of Documents (Claim Nos. 9291, 9293, 11173 and 11242 filed by Parus Holdings, Inc., successor-by-merger to EffectNet, Inc. and EffectNet, LLC) pursuant to Fed. R. P. 7026(a)(1) were placed in the U.S. mail, postage prepaid, addressed to:

Stephen A. Wood
Robert S. Friedman
Robert L. LeHane
Kevin J. Smith
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
*Attorneys for Parus Holdings, Inc.,*
*Successor-by-Merger to EffectNet, Inc.*

_____

Lawrence W. Bigus, Esq.

**A 00346**

CWDDOCS 144022v5

HEARING DATE AND TIME July 13, 2004 AT 10:00 A.M. EST
OBJECTION DEADLINE: July 8, 2004 AT 4:00P.M. EST

STINSON MORRISON HECKER LLP
Attorneys for Debtors and Debtors in Possession
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Mark A. Shaiken, Esq.
Lawrence W. Bigus, Esq.
Sharon L. Stolte, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
In re                                              :
                                                   :    Chapter 11 Case No.
WORLDCOM, INC., et al.,                            :    02-13533 (AJG)
                                                   :
                                                   :    (Jointly Administered)
                              Debtors.             :
---------------------------------------------------x

## DEBTORS' OBJECTION
## TO ALL PROOFS OF CLAIM FILED BY EFFECTNET, INC.
## WHICH IS NOW MERGED INTO PARUS HOLDINGS, INC.,
## INCLUDING, BUT NOT LIMITED TO
## CLAIM NUMBERS 9291, 11242, 9293 AND 11173

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE

WorldCom, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### JURISDICTION

1.      The Court has jurisdiction to consider this Objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding

A 00347

Debtors further object that request number 34 is otherwise overbroad, is burdensome and calls for the production of documents not relevant or likely to lead to the discovery of admissible evidence.

**REQUEST NO. 35:** All documents concerning Debtors' efforts to develop, obtain, market, or launch Unified Communications product or service for their use or for sale to customers.

**RESPONSE:** In response to request number 35, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that this request is overbroad in that in that it is not limited as to time.

Debtors further object that this request is otherwise overbroad, is burdensome and calls for the production of documents not relevant or likely to lead to the discovery of admissible evidence.

Lawrence W. Bigus, Esq.
Donald C. Ramsay, Esq.
Stinson Morrison Hecker LLP
9200 Indian Creek Parkway, Suite 450
Overland Park, Kansas 66210
Telephone: (913) 451-8600
Facsimile: (913) 451-6352
*Attorneys for Debtors and Debtors-in-Possession*

A 00348

pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.     On July 21, 2002 (the "Commencement Date") and November 8, 2002, WorldCom, Inc. and certain of its direct and indirect domestic subsidiaries commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By Orders dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 29, 2002, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Committee").

3.     WorldCom, Inc., one of the Debtors in the above captioned cases, together with approximately 200 direct and indirect domestic subsidiaries and 200 non-debtor foreign affiliates (collectively, the "Company"), is one of the world's preeminent global communications companies that provides a broad range of communication services in over 200 countries on six continents.   Through its core communications services business, which includes voice, data, Internet and international services, the Company carries more data over its networks than any other entity.   The Company is also the second largest carrier of consumer and small business long distance telecommunications services in the United States, provides a broad range of retail and wholesale communications services, including long distance voice and data communications, consumer local voice communications, wireless messaging and voice services, private line services and dial-up Internet access services.

A 00349

Debtors further object on the grounds that the request is overly broad, unduly burdensome and seeks documents which are not relevant and not calculated to lead to the discovery or relevant or admissible evidence.

**REQUEST NO. 33:** All documents concerning the merger of Intermedia Communications, Inc. with WorldCom, Inc. that relate to Claimant, Claimant's finances, Claimant's business, Claimant's technology, Claimant's products, Intermedia Communications, Inc.'s "IntermediaOne", or Unified Communications.

**RESPONSE:** In response to request number 33, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated. Debtors further object to request number 33 on the grounds that it is otherwise overly broad, is burdensome and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 34:** All documents concerning the merger of Intermedia Communications, Inc. with WorldCom, Inc. that relate to the development, obtaining, marketing or launching of a Unified Communications product or service.

**RESPONSE:** In response to request number 34, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that request number 34 is overbroad because it is not limited as to time.

A 00350

4.      For the year ended December 31, 2001, WorldCom recorded revenue of more than $30 billion.[1]    As of March 31, 2002, WorldCom's books and records reflected liabilities totaling approximately $41 billion. As of June 30, 2002, WorldCom employed more than 63,900 individuals, of which approximately 57,700 were full-time employees and approximately 6,200 were part-time employees.

## SCHEDULES AND PROOFS OF CLAIM

5.      On November 21, 2002, the Debtors filed their Schedules of Liabilities (as amended and supplemented, the "Debtors' Schedules") and their Schedules of Executory Contracts and Unexpired Leases.  On December 5, 2002, the Debtors filed their Statements of Financial Affairs.

6.      On October 29, 2002, this Court entered its Order (a) Pursuant to Bankruptcy Rule 3003 (c)(3) Establishing the Deadline for Filing Certain Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order"). The Bar Date Order established January 23, 2003 as the bar date (the "Bar Date") for filing proofs of claim in these cases.  Pursuant to the terms of the Bar Date Order, on or about November 22, 2002, the Debtors mailed notice of the bar date (the "Bar Date Notice") to in excess of 1.2 million creditors and potential claimants.

7.      On March 25, 2003, the Court entered its Order Pursuant to 11 U.S.C. § 105 Approving Notice Procedures Regarding Claim Objections and Deemed Schedule Amendment Motions ("Claim Objection Procedure Order"), approving certain procedures regarding noticing of claims objections and omnibus motions for deemed schedule amendments.

---

[1] The amounts in this paragraph are stated on a consolidated basis, including Debtors and non-debtor domestic subsidiaries only. WorldCom, Inc. has announced its intention to restate the financial statements for 2000, 2001 and the first quarter of 2002.

A 00351

3

**REQUEST NO. 30:** All documents concerning Intermedia Communications, Inc.'s product suite "IntermediaOne".

**RESPONSE:** In response to request number 30, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object on the grounds that the request is overly broad, unduly burdensome and seeks documents which are not relevant and not calculated to lead to the discovery or relevant or admissible evidence.

**REQUEST NO. 31:** All documents concerning the launch of Intermedia Communications, Inc.'s "IntermediaOne".

**RESPONSE:** In response to request number 31, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object on the grounds that the request is overly broad, unduly burdensome and seeks documents which are not relevant and not calculated to lead to the discovery or relevant or admissible evidence.

**REQUEST NO. 32:** All documents concerning Debtors' communications among each other regarding Intermedia Communications, Inc.'s "IntermediaOne".

**RESPONSE:** In response to request number 32, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

A 00352

24

8.      As of the date of this Objection, in excess of 34,000 proofs of claim have been filed in connection with these chapter 11 cases (the "Proofs of Claim"). The Debtors have begun the process of conducting a comprehensive review and reconciliation of all prepetition claims, including both the claims scheduled in the Debtors' Schedules (the "Scheduled Claims") and the claims asserted in the Proofs of Claim (the "Filed Claims"). This process includes identifying particular categories of Filed Claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. To reduce the number and volume of pleadings, and to reduce the possibility of double recovery or improper recovery by claimants, the Debtors are filing this objection to all of the claims filed by EffectNet, Inc. and/or Parus Holdings, Inc. into which EffectNet, Inc. has been merged (hereinafter referred to as "Claimant").

9.      According to available records, Claimant has filed two claims as follows: Claim No. 9291 filed on January 08, 2003, which was replaced by and amended by Claim No. 11242 filed January 15, 2003; and Claim No. 9293 filed on January 08, 2003 which was replaced by and amended by Claim No. 11173 filed January 15, 2003.

10.     Upon information and belief this court has already entered an order expunging claim numbers 9291 and 9293.

11.     The above-referenced claims are the only claims that Debtors have a record of receiving which have been filed by Claimant.

12.     If any other claims have been filed by Claimant or any of Claimant's related entities then these objections apply to and relate to all such claims.

A 00353

4

response to request number 27 as so restated, Debtors will produce documents in the possession of Intermedia Communications, Inc. or MCI WorldCom Communications, Inc., if any, constituting non-privileged communications among Intermedia Communications, Inc., MCI WorldCom Communications, Inc, or any of their affiliates, regarding the Master Licensing Agreement. Non privileged Located and Reviewed Documents that are responsive to the request as so restated are attached hereto. See also above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 28:** All documents concerning Jim Renforth's ceasing employment with Debtors in 2001.

**RESPONSE:** In response to request number 28, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object to request number 28 on the grounds that it calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 29:** All documents concerning Jimmy Faust's ceasing employment with Debtors.

**RESPONSE:** In response to request number 29, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object to request number 29 on the grounds that it calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

A 00354

23

13.    The claims filed by Claimant are duplicative claims which claim the exact same dollars for the exact same alleged debts and therefore all objections to one claim are objections to the other claim.

## OBJECTIONS

14.    Claimant is not entitled to a double recovery and therefore may not recover on more than one claim.

15.    Claimant terminated the contract upon which it based its claims. The termination of the contract at issue terminated Claimant's rights to receive continuing monthly minimum payments by the very terms of the contract.

16.    Claimant is seeking minimum monthly commitment payments and liquidated damages as specified in the contract. The amounts being sought by Claimant for these items constitute unenforceable penalties and therefore are not recoverable by Claimant.

17.    Even if Claimant is entitled to recover some or all of the minimum monthly commitments Claimant has calculated its alleged damages using an amount per commitment which is significantly higher than the amount the contract specifies should be used.

18.    Claimant was not a party to the original contract and the contract prohibits assignment.

19.    Claimant's claims have been partially paid.

20.    Debtors did not engage in any conspiracy and therefore are not liable for such.

21.    Debtors did not engage in unfair and deceptive trade practices and therefore are not liable for such.

A 00355

5

**REQUEST NO. 26:**  All documents concerning Debtors' payments to Claimant pursuant to the Master License Agreement.

**RESPONSE:**    In response to request number 26, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving these objections, Debtors will respond to this request as though it requested checks, drafts, and/or evidence of wire transfers constituting payment to Claimant pursuant to the Master Licensing Agreement.  In response to the request so restated, Debtors will produce copies of checks constituting payment to Claimant pursuant to the Master Licensing Agreement.  Debtors have not yet located but are continuing to search for documents that are responsive to this request as so restated.


**REQUEST NO. 27:**  All documents concerning Debtors' communications among each other regarding the Master License Agreement.

**RESPONSE:**    In response to request number 27, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving these objections Debtors will respond to this request as though it requested documents constituting communication among Intermedia Communications, Inc., MCI WorldCom Communications, Inc. and their affiliates regarding the Master License Agreement.  Provided, however, to the extent this request is intended to request that Debtors search the records in the possession of their affiliates, Debtors object that the request is burdensome and further object that it is asking for records not in Debtors' custody or control.  In

A 00356

22

22.    Debtors did not tortiously interfere with Claimant's contractual relationships and therefore are not liable for such.

23.    Debtors were not damaged by any of the alleged tortious conduct of Claimant.

24.    Claimant's claims are not set forth with enough specificity for Debtors to determine the exact conduct involved and/or alleged and/or the damages alleged to have occurred with respect to the alleged tortious interference, unfair and deceptive trade practices and/or conspiracy. Therefore, Claimant has failed to properly state its claim.

25.    Pursuant to the above objections, Debtors request that all proofs of claims filed or asserted by Claimant be disallowed in their entireties.

## MEMORANDUM OF LAW

26.    assertions such that Debtors cannot Claimant asserts many claims with general, vague and ambiguous fully determine whether there are novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of the Objection.

## NOTICE

27.    Notice of this Objection has been provided to each of the persons or entities that filed the proofs of claim identified herein and their counsel (if known), and to other parties in accordance with the Claim Objection Procedure Order. The Debtors submit that no other or further notice need be given.

28.    No previous application for the relief sought herein has been made to this or any other Court.

A 00357

**RESPONSE:**    In response to request number 24, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 24 as though it requested non-privileged documents constituting communications between Debtors (defined as Intermedia Communications, Inc. and MCI WorldCom Communications, Inc.) and Claimant (defined as Effect Net, Inc. and Parus Holdings, Inc.) regarding the Master Service Licensing Agreement. Located and Reviewed non-privileged documents that are responsive to this request as so restated are produced in response to request 23. Debtors are also continuing to search for documents responsive to this request.

**REQUEST NO. 25:**  All documents concerning the price(s) to be paid for licenses to be obtained from Claimant under the Master License Agreement.

**RESPONSE:**    In response to request number 25, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 25 as though it requested non-privileged documents setting forth the prices to be paid or which discuss the prices to be paid Claimant under the Master License Agreement. Claimant already has the Master License Agreement. Located and Reviewed non-privileged documents that are responsive to this request as so restated are produced in response to request 23. Debtors are also continuing to search for documents responsive to this request.

A 00358

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 10, 2004
       New York, New York

                                    STINSON MORRISON HECKER LLP

                                    /s/    Sharon L. Stolte
                                    Mark A. Shaiken, Esq.
                                    Lawrence W. Bigus, Esq.[2]
                                    Sharon L. Stolte, Esq.
                                    9 Corporate Woods, Ste. 450
                                    9200 Indian Creek Parkway
                                    Overland Park, KS 66210
                                    (913) 344-8026-Telephone
                                    (913) 451-6352-Facsimile
                                    Attorneys for Debtors and
                                    Debtors in Possession

---

[2] Please contact this attorney with any questions.

A 00359

CWDDOCS 113444v5

Debtors further object that the request for documents concerning "execution" of the Master Licensing Agreement is vague and ambiguous. Debtors do not know what is meant by the request for documents "concerning" the "execution" of the Master Licensing Agreement.

Subject to and without waiving its objections, Debtors will produce and have attached to these responses a copy of the Master Licensing Agreement.

**REQUEST NO. 23:** All documents concerning communications between Debtors and Claimant regarding the Master License Agreement.

**RESPONSE:** In response to request number 23, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 23 as though it requested non-privileged documents constituting communications between Debtors (defined as Intermedia Communications, Inc. and MCI WorldCom Communications, Inc.) and Claimant (defined as Effect Net, Inc. and Parus Holdings, Inc.) regarding the Master Service Licensing Agreement. Located and Reviewed non-privileged documents that are responsive to this request as so restated are produced with this response. Debtors are also continuing to search for documents responsive to this request.

**REQUEST NO. 24:** All documents concerning communications between Debtors and Claimant from September 1, 2000 to the present regarding the products and services offered by Claimant to Debtors under the Master License Agreement.

**A 00360**

# EXHIBIT G

A 00361

Debtors further object that the request for all documents concerning Claimant's business, Claimant's technology and Claimant's products is overbroad as not all of Claimant's business, technology or products are at issue in this litigation.

Subject to and without waiving these objections, Debtors will respond to request number 21 as though it requested non-privileged documents that constitute evaluation or analysis of Claimant's finances and/or that constitute evaluation or analysis of the products or technology that Claimant provided Intermedia Communications, Inc. under the General Agreement. Documents responsive to this request as so restated are attached hereto. See above under heading CONTINUING EFFORT TO LOCATE RESPONSIVE DOCUMENTS.

**REQUEST NO. 22:** All documents concerning the Master License Agreement, including documents concerning the negotiation, drafting, and execution of the Master License Agreement and performance of Claimant and Debtors thereunder.

**RESPONSE:**    In response to request number 22 Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object to request number 22 on the grounds that it requests documents protected by the attorney client privilege. Specifically, Debtors state that drafts of the Master License Agreement prepared by Debtors' attorney and communication to and from Debtors' attorney not generally circulated or distributed to third parties are protected by the attorney client privilege.

19

A 00362

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

IOI PARK AVENUE

NEW YORK, NEW YORK IOI78

———

(212) 808-7800

WASHINGTON, DC

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

HONG KONG

AFFILIATE OFFICES
BANGKOK, THAILAND
JAKARTA, INDONESIA
MUMBAI, INDIA
TOKYO, JAPAN

FACSIMILE

(212) 808-7897

www.kelleydrye.com

DIRECT LINE: (212) 808-5102

EMAIL: ksmith@kelleydrye.com

February 7, 2005

**VIA OVERNIGHT DELIVERY**

Lawrence W. Bigus, Esq.
Stinson Morrison Hecker LLP
9200 Indian Creek Pkwy., Suite 450
Overland Park, Kansas 66210

> Re: <u>In re WorldCom, Inc., Chapter 11 Case No. 02-13533</u>
> *Claims of Parus Holdings, Inc.*

Dear Mr. Bigus:

Enclosed for service upon you please find Claimant's First Request for Documents in the above referenced matter.

Thank you.

Very truly yours,

Kevin J. Smith

Enclosure

A 00363

**REQUEST NO. 20:** All documents concerning Claimant, including Claimant's finances, Claimant's business, Claimant's technology, or Claimant's products.

**RESPONSE:**    In response to request number 20, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for all documents concerning Claimant's business, Claimant's technology and Claimant's products is overbroad as not all of Claimant's business, technology or products are at issue in this litigation.

Subject to and without waiving its objections, Debtors will respond to request number 20 as though it requested all non-privileged documents, if any, that discuss or mention Claimant's finances and all documents, if any, that discuss or mention the product or technology that Claimant provided under the General Agreement. Located and Reviewed Documents that are responsive to this request as so restated are attached with this response. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 21:** All documents concerning Debtors' evaluation or analysis of Claimant, including Claimant's finances, Claimant's business, Claimant's technology, or Claimant's products.

**RESPONSE:**    In response to request number 21, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

A 00364

KELLEY DRYE & WARREN LLP
Stephen A. Wood (SW 6270)
Robert S. Friedman (RF 1538)
Robert L. LeHane (RL 9422)
Kevin J. Smith (KS 0441)
101 Park Avenue
New York, New York 10178
Attorneys for Parus Holdings, Inc.,
Successor-by-Merger to EffectNet, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | CHAPTER 11 CASE |
| WORLDCOM, INC., et al., | NO. 02-13533 (AJG) |
| Debtors. | (Jointly Administered) |

## CLAIMANT'S FIRST REQUEST FOR DOCUMENTS

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, made applicable by Rule 9014 of the Federal Rules of Bankruptcy Procedure to the instant contested matter and/or adversary proceeding regarding Claim Nos. 9291, 9293, 11173 and 11242 filed by Parus Holdings, Inc., Successor-by-Merger to EffectNet, Inc. (hereinafter "Claimant"), Claimant hereby requests that MCI WorldCom Communications, Inc., MCI WorldCom Network Services, Inc., and Intermedia Communications, Inc., and their affiliate and/or subsidiary companies (together, "Debtors") produce for inspection and copying at the offices of Kelley Drye & Warren LLP, 333 West Wacker Drive, Suite 2600, Chicago, Illinois 60606, within thirty (30) days from the date of the service of this request, each document described below in the possession, custody or control of each in accordance with the definitions and instructions set forth below and all applicable Federal and Local Rules of Civil Procedure and Bankruptcy Procedure.

A 00365

request as so restated are forwarded to Claimant with this response. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 19:** All documents concerning Debtors' communications among each other regarding the cancellation of accounts created pursuant to the General Agreement.

**RESPONSE:** In response to request number 19, Debtors incorporate all of Debtor's General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving it objections, Debtors will respond to request number 19 as though it were a request for non-privileged documents constituting communication among Intermedia Communications, Inc., MCI WorldCom Communications, Inc. and any of their affiliates regarding the General Agreement. Provided, however, to the extent this request is intended to request that Debtors search the records in the possession of their affiliates, Debtors object that the request is burdensome and further object that it is asking for records not in Debtors' custody or control. In response to request number 19 as so restated, Debtors will produce documents in the possession of Intermedia Communications, Inc. or MCI WorldCom Communications, Inc., if any, constituting non-privileged communications among Intermedia Communications, Inc., MCI WorldCom Communications, Inc, or any of their affiliates, regarding the General Agreement.

This request is a sub-part of what is requested in request 18 and any documents responsive to this request would also be responsive to request 18. There are no documents responsive to this request as so restated. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

A 00366

17

## DEFINITIONS

1.      The provisions of Civil Rule 26.3 of the Local District Rules, made applicable pursuant to Local Rules for The United States Bankruptcy Court, Southern District of New York, are incorporated herein.

2.      As used herein, "Claimant" shall mean Parus Holdings, Inc., Successor-by-Merger to EffectNet, Inc. and EffectNet, LLC, EffectNet LLC, EffectNet, Inc., Webley Systems, Inc., their predecessor companies and their officers, directors, employees, agents, contractors, accountants, advisors, attorneys, representatives, successors or assigns and all other persons acting or purporting to act on their behalf.

3.      As used herein, "Claim No. 9291" shall mean that Proof of Claim bearing claim number 9291 filed by Claimant in this bankruptcy case.

4.      As used herein, "Claim No. 9293" shall mean that Proof of Claim bearing claim number 9293 filed by Claimant in this bankruptcy case.

5.      As used herein, "Claim No. 11173" shall mean that Proof of Claim bearing claim number 11173 filed by Claimant in this bankruptcy case.

6.      As used herein, "Claim No. 11242" shall mean that Proof of Claim bearing claim number 11242 filed by Claimant in this bankruptcy case.

7.      "Date," "Time," "Period," or "Amount" shall mean the approximate date, time, period or amount if the exact date, time, period or amount is not known.

8.      "Draft" means any earlier, preliminary, preparatory or tentative version of all or part of a document, whether or not such draft was superceded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document.

9.      As used herein, "Debtors" shall mean WorldCom, Inc., and each of its affiliate or subsidiary companies, including but not limited to, MCI WorldCom Communications,

2

A 00367

payment to Claimant under the Unified Communications Services General Agreement between EffectNet, Inc. and Intermedia Communications, Inc. In response to the request so modified, Debtors will produce copies of checks sent to EffectNet, Inc. as payment under Unified Communications Services General Agreement between EffectNet, Inc. and Intermedia Communications, Inc. Debtors have not yet located these documents. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 18:** All documents concerning Debtors' communications among each other regarding the General Agreement.

**RESPONSE:** In response to request number 18, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 18 as though it were a request for non-privileged documents constituting communication among Intermedia Communications, Inc., MCI WorldCom Communications, Inc. and any of their affiliates regarding the General Agreement. Provided, however, to the extent this request is intended to request that Debtors search the records in the possession of their affiliates, Debtors object that the request is burdensome and further object that it is asking for records not in Debtors' custody or control. In response to request number 18 as so restated, Debtors will produce documents in the possession of Intermedia Communications, Inc. or MCI WorldCom Communications, Inc., if any, constituting non-privileged communications among Intermedia Communications, Inc., MCI WorldCom Communications, Inc, or any of their affiliates, regarding the General Agreement. Located and Reviewed documents that are responsive to the

16

A 00368

Inc., MCI WorldCom Network Services, Inc., Intermedia, Inc., their officers, directors, employees, agents, contractors, accountants, advisors, attorneys, representatives, successors or assigns and all other persons acting or purporting to act on their behalf.

10.    As used herein, "Debtors' Objection" shall mean Debtors' Objection to All Proofs of Claim Filed by EffectNet, Inc. which is now merged into Parus Holdings, Inc., including but not limited to Claim Numbers 9291, 11242, 9293 and 11173, dated June 10, 2004.

11.    As used herein, "General Agreement" shall mean the Unified Communications Services General Agreement for Intermedia Communications, Inc., dated as of November 20, 2000, between EffectNet, Inc. and Intermedia Communications, Inc. and all amendments, if any, and drafts of same.

12.    As used herein, "Memorandum of Understanding" shall mean the Memorandum of Understanding between EffectNet, Inc. and Intermedia Communications, Inc. regarding communications services to be provided by EffectNet, Inc., and all amendments, if any, and drafts of same.

13.    As used herein, "Interim Agreement" shall mean the Interim Agreement between EffectNet, Inc. and Intermedia Communications, Inc. regarding communications services to be provided by EffectNet, Inc., and all amendments, if any, and drafts of same

14.    "Including" and "includes" shall be construed as referring only to an incomplete listing of illustrative examples and not as limiting or narrowing the generality of any definition, instruction or request.

15.    As used herein, "Jim Renforth" shall mean the person who was employed by Debtors as a Senior Services Manager in connection with the General Agreement.

3

A 00369

are no such documents which are not privileged.  See also above under heading CONTINUING

EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 16:**  All documents concerning communications between Debtors and

Claimant regarding the General Agreement.

**RESPONSE:**    In response to request number 16, Debtors incorporate all of Debtors'

General Objections, Objections to Definitions, and Objections to Instructions as if fully here

restated.

Subject to and without waiving its objections, Debtors will respond to request number 16

as though it requested documents constituting communications between Debtors (defined as

Intermedia Communications, Inc. and MCI WorldCom Communications, Inc.) and Claimant

(defined as Effect Net, Inc. and Parus Holdings, Inc.) concerning the General Agreement.  In

response to the request so restated, Debtors agree to produce Responsive Documents.

Documents that have been Located and Reviewed are attached.  See also above under heading

CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 17:**  All documents concerning Debtors' payments to Claimant under

the General Agreement.

**RESPONSE:**    In response to request number 17, Debtors incorporate all of Debtors'

General Objections, Objections to Definitions, and Objections to Instructions as if fully here

restated.

Subject to and without waiving the foregoing objections, Debtors will respond to request

number 17 as though it requested checks, drafts or evidence of wire transfers constituting

A 00370

16.    As used herein, "Jimmy Faust" shall mean the person who was employed by Debtors as a Senior Product Manager.

17.    As used herein, "Master License Agreement" shall mean the Master Agreement for Software Licenses between MCI WorldCom Network Services, Inc. and Webley Systems, Inc., dated as of September 14, 2001, and all amendments, if any, entered into thereafter.

18.    As used herein, "Minimum Monthly Commitment" shall have the same meaning as set forth in the General Agreement.

19.    As used herein, "Unified Communications" shall mean all forms of call and multimedia/cross-media message-management functions controlled by an individual user for both business and social purposes. This includes any enterprise informational or transactional application process that emulates a human user and uses a single, content-independent personal messaging channel (mailbox) for contact access.

## INSTRUCTIONS

1.    **General Instructions.**  The party upon whom the request is served shall, in addition to producing responsive documents, serve a written response within 30 days after the service of the request.  The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

2.    If any document requested herein is maintained in electronic form (e.g., computer files), you are requested to produce each such document in paper form as well as provide a copy of each document in electronic form (i.e., on computer disk or CD-ROM).

4

A 00371

Subject to and without waiving these objections, Debtors will produce and have attached hereto a copy of the Interim Agreement.

**REQUEST NO. 14:** All documents concerning Debtors' decision to give notice in September 2001 to cancel accounts created pursuant to the General Agreement.

**RESPONSE:** In response to request number 14, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 14 as though it requests documents constituting notice given in September 2001 to cancel accounts activated pursuant to the General Agreement. At this time Debtors have not located documents that would be responsive to this request as so restated. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 15:** All documents concerning Debtors' decision to give notice in March 2002 to cancel accounts created pursuant to the General Agreement.

**RESPONSE:** In response to request number 15, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 15 as though it requests documents constituting notice given in March 2002 to cancel accounts created pursuant to the General Agreement. In response to the request so restated, Debtors are producing herewith copies of Responsive Documents that it has Located and Reviewed. There

A 00372

14

3.    "And" includes "or"; "or" includes "and."

4.    The singular includes the plural and vice versa.

5.    The masculine includes the feminine and neuter and vice versa.

6.    Each and every request for a document to be produced requires production of the document in its entirety (including the reverse side if it contains any printing, writing or information), without abbreviation or expurgation, and without redacting any portions of it.

7.    If you do not clearly understand, or if you have any questions about, the definitions, instructions, or any discovery request, please contact counsel for Claimant promptly for clarification.

8.    If you intend to resist the production of any document called for by these requests on the ground that it is privileged, identify the document by date, author, recipient(s) and subject matter and state the specific basis for the claim of privilege. Any such document is to be held separately and retained intact by Debtors subject to and pending a ruling by the Court as to the claimed privilege.

9.    **Continuing Obligation.**  Pursuant to the Federal Rules of Civil Procedure, this First Request for Documents is to be regarded as continuing.  You are requested to provide by way of supplemental responses any other additional document which you or any person on your behalf may hereafter obtain, which will augment or add to the documents previously provided.  Such additional documents shall be served upon counsel for Claimant promptly upon receipt by the affected Debtors or counsel for the Debtors.  Nothing herein shall constitute a waiver of the right to bar at trial any documents not produced in a timely fashion or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this First Request for Documents.

A 00373

**RESPONSE:**    In response to request number 12, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for documents concerning the "execution" of the agreement is vague and overbroad.  Debtors do not know what is intended by the phrase "concerning the execution" of the agreement.

Debtors further object that the request for documents relating to "performance" is overbroad as it does not specify what aspect, if any, of the performance of the MOU is at issue.

Subject to and without waiving these objections, Debtors will produce and have attached hereto a copy of the Memorandum of Understanding.

**REQUEST NO. 13:** All documents concerning the Interim Agreement including documents concerning the negotiation, drafting, and execution of the Interim Agreement and performance of Claimant and Debtors thereunder.

**RESPONSE:**    In response to request number 13, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for documents concerning the "execution" of the agreement is vague and ambiguous.  Debtors do not know what is intended by the phrase "concerning the execution" of the agreement.

Debtors further object that the request for documents relating to "performance" is overbroad as it does not specify what aspect, if any, of the performance of the Interim Agreement is at issue.

A 00374

13

## DOCUMENTS REQUESTED

1.      All documents concerning Debtors' objections to payment with respect to Claim No. 9291.

2.      All documents concerning Debtors' objections to payment with respect to Claim No. 9293.

3.      All documents concerning Debtors' objections to payment with respect to Claim No. 11173.

4.      All documents concerning Debtors' objections to payment with respect to Claim No. 11242.

5.      All documents concerning Debtors' objection to Claimant's Claim Nos. 9291, 9293, 11173 and 11242 on the ground that Claimant is not entitled to double recovery, as asserted in paragraph 14 of Debtors' Objection.

6.      All documents concerning Debtors' alleged payment to Claimant in connection with Claim Nos. 9291, 9293, 11173 and 11242, as asserted in paragraph 19 of Debtors' Objection.

7.      All documents concerning Debtors' contention that "Claimant terminated the contract upon which it based its claims" as asserted in paragraph 15 of Debtors' Objection.

8.      All documents concerning Debtors' contention that Claimant seeks an "unenforceable penalty" in connection with its claims for minimum monthly commitment payments, as asserted in paragraph 16 of Debtors' Objection.

9.      All documents concerning Debtors' contention that "Claimant has calculated its alleged damages using an amount per commitment which is significantly higher than the amount the contract specifies should be used", as asserted in paragraph 17 of the Debtors' Objection.

A 00375

**RESPONSE:**     In response to request number 10, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated. Debtors further respond that Claimant has a copy of the applicable contract.

**REQUEST NO. 11:** All documents concerning the General Agreement, including documents concerning the negotiation, drafting, and execution of the General Agreement and performance of Claimant and Debtors thereunder.

**RESPONSE:**     In response to request number 11, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for documents concerning the "execution" of the agreement is vague and overbroad.  Debtors do not know what is intended by the phrase "concerning the execution" of the agreement.

Debtors further object that this request for all documents concerning the "performance" of Claimant and Debtors thereunder" is vague as it must be assumed to relate to something other than payment required under the contract (because that aspect of performance is covered by other requests) but Claimant has not specified what aspect of performance Claimant considers to be at issue. Debtors have, in response to other requests, agreed to produce, if and when located, copies of checks constituting payments under the General Agreement.

**REQUEST NO. 12:** All documents concerning the Memorandum of Understanding, including documents concerning the negotiation, drafting, and execution of the Memorandum of Understanding and performance of Claimant and Debtors thereunder.

A 00376

10.      All documents concerning Debtors' contention that "the contract prohibits assignment", as asserted in paragraph 18 of the Debtors' Objection.

11.      All documents concerning the General Agreement, including documents concerning the negotiation, drafting, and execution of the General Agreement and performance of Claimant and Debtors thereunder.

12.      All documents concerning the Memorandum of Understanding, including documents concerning the negotiation, drafting, and execution of the Memorandum of Understanding and performance of Claimant and Debtors thereunder.

13.      All documents concerning the Interim Agreement including documents concerning the negotiation, drafting, and execution of the Interim Agreement and performance of Claimant and Debtors thereunder.

14.      All documents concerning Debtors' decision to give notice in September 2001 to cancel accounts created pursuant to the General Agreement.

15.      All documents concerning Debtors' decision to give notice in March 2002 to cancel accounts created pursuant to the General Agreement.

16.      All documents concerning communications between Debtors and Claimant regarding the General Agreement.

17.      All documents concerning Debtors' payments to Claimant under the General Agreement.

18.      All documents concerning Debtors' communications among each other regarding the General Agreement.

19.      All documents concerning Debtors' communications among each other regarding the cancellation of accounts created pursuant to the General Agreement.

7

**REQUEST NO. 8:**    All documents concerning Debtors' contention that Claimant seeks an "unenforceable penalty" in connection with its claims for minimum monthly commitment payments, as asserted in paragraph 16 of Debtors' Objection.

**RESPONSE:**    In response to request number 8, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that request number 8 requests documents that support a principal of law rather than fact. In further response to this request, Debtors state that Claimant knows the claim it is making and has a copy of the applicable contract.

**REQUEST NO. 9:**    All documents concerning Debtors' contention that "Claimant has calculated its alleged damages using an amount per commitment which is significantly higher than the amount the contract specifies should be used", as asserted in paragraph 17 of the Debtors' Objection.

**RESPONSE:**    In response to request number 9, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further respond that Claimant has a copy of the applicable contract and knows the amount it is claiming.

**REQUEST NO. 10:**    All documents concerning Debtors' contention that "the contract prohibits assignment", as asserted in paragraph 18 of the Debtors' Objection.

A 00378

11

20.    All documents concerning Claimant, including Claimant's finances, Claimant's business, Claimant's technology, or Claimant's products.

21.    All documents concerning Debtors' evaluation or analysis of Claimant, including Claimant's finances, Claimant's business, Claimant's technology, or Claimant's products.

22.    All documents concerning the Master License Agreement, including documents concerning the negotiation, drafting, and execution of the Master License Agreement and performance of Claimant and Debtors thereunder.

23.    All documents concerning communications between Debtors and Claimant regarding the Master License Agreement.

24.    All documents concerning communications between Debtors and Claimant from September 1, 2000 to the present regarding the products and services offered by Claimant to Debtors under the Master License Agreement.

25.    All documents concerning the price(s) to be paid for licenses to be obtained from Claimant under the Master License Agreement.

26.    All documents concerning Debtors' payments to Claimant pursuant to the Master License Agreement.

27.    All documents concerning Debtors' communications among each other regarding the Master License Agreement.

28.    All documents concerning Jim Renforth's ceasing employment with Debtors in 2001.

29.    All documents concerning Jimmy Faust's ceasing employment with Debtors.

30.    All documents concerning Intermedia Communications, Inc.'s product suite "IntermediaOne".

8

**RESPONSE:**    In response to request number 6, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving the foregoing objections, Debtors will respond to request number six as though it requested checks, drafts or evidence of wire transfers constituting payment to Claimant under the Unified Communications Services General Agreement between EffectNet, Inc. and Intemedia Communications, Inc. In response to the request so modified, Debtors will produce copies of checks sent to EffectNet, Inc. as payment under the Unified Communications Services General Agreement between EffectNet, Inc. and Intermedia Communications, Inc. Debtors have not yet located these documents. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 7:**    All documents concerning Debtors' contention that "Claimant terminated the contract upon which it based its claims" as asserted in paragraph 15 of Debtors' Objection.

**RESPONSE:**    In response to request number 7, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving those objections, Debtors will respond to request number 7 as though it requested documents that constitute Claimant's termination of the contract. In response to the request so stated, Debtors will produce and have attached hereto copies of letters from Claimant to Debtor terminating the contract.

A 00380

31.    All documents concerning the launch of Intermedia Communications, Inc.'s "IntermediaOne".

32.    All documents concerning Debtors' communications among each other regarding Intermedia Communications, Inc.'s "IntermediaOne".

33.    All documents concerning the merger of Intermedia Communications, Inc. with WorldCom, Inc. that relate to Claimant, Claimant's finances, Claimant's business, Claimant's technology, Claimant's products, Intermedia Communications, Inc.'s "IntermediaOne", or Unified Communications.

34.    All documents concerning the merger of Intermedia Communications, Inc. with WorldCom, Inc. that relate to the development, obtaining, marketing or launching of a Unified Communications product or service.

35.    All documents concerning Debtors' efforts to develop, obtain, market, or launch a Unified Communications product or service for their use or for sale to customers.

Dated: New York, New York.
      February 7, 2005

                            KELLEY DRYE & WARREN LLP

                            By: _____
                                Stephen A. Wood (SW 6270)
                                Robert S. Friedman (RF 1538)
                                Robert L. LeHane (RL 9422)
                                Kevin J. Smith (KS 0441)

                                101 Park Avenue
                                New York, New York 10178
                                Telephone:  (212) 808-7800
                                Facsimile:  (212) 808-7897

                                *Attorneys for Parus Holdings, Inc., successor to EffectNet, Inc.*

9

**REQUEST NO. 3:**   All documents concerning Debtors' objections to payment with respect to Claim No. 11173.

**RESPONSE:**   In response to request number 3, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.

**REQUEST NO. 4:**   All documents concerning Debtors' objections to payment with respect to Claim No. 11242.

**RESPONSE:**   In response to request number 4, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.

**REQUEST NO. 5:**   All documents concerning Debtors' objection to Claimant's Claim Nos. 9291, 9293, 11173 and 11242 on the ground that Claimant is not entitled to double recovery, as asserted in paragraph 14 of Debtors' Objection.

**RESPONSE:**   In response to request number 5, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated. Debtors further object to request number 5 on the grounds that Claimant is asking Debtors to produce documents to support a point of law, namely that Claimant is not legally entitled to double recovery.

**REQUEST NO. 6:**   All documents concerning Debtors' alleged payment to Claimant in connection with Claim Nos. 9291, 9293, 11173 and 11242, as asserted in paragraph 19 of Debtors' Objection.

A 00382

TO:    Lawrence W. Bigus, Esq.
Stinson Morrison Hecker LLP
9200 Indian Creek Parkway, Suite 450
Overland Park, Kansas 66210
*Attorneys for Debtors and Debtors-in-Possession*

10

Documents which are contained in the description of Potential Documents and in the description of Requested Stored Documents may overlap.

Debtors intend to continue to take steps to locate the remaining storage locations and seek indexes for all Stored Documents. As soon as this task is completed Debtors will determine whether they can identify the Responsive Documents and produce them or whether Debtors will comply with its obligations pursuant to this Request for Production by allowing Claimant to review some or all of the Stored Documents pursuant to Rule 34 Fed. R. Civ. P. (or do a combination of these two approaches).

Debtors reserve the right to object to the production of Stored Documents which are responsive to this Request for Production to the extent they contain Attorney Work Product, are protected by the Attorney Client Privilege, or there are other grounds to object to the production of such documents, once said documents have been reviewed.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**REQUEST NO. 1:**    All documents concerning Debtors' objections to payment with respect to Claim No. 9291.

**RESPONSE:**    In response to request number 1, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.


**REQUEST NO. 2:**    All documents concerning Debtors' objections to payment with respect to Claim No. 9293.

**RESPONSE:**    In response to request number 2, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.

8

A 00384

**KELLEY DRYE & WARREN LLP**
Stephen A. Wood (SW 6270)
Robert S. Friedman (RF 1538)
Robert L. LeHane (RL 9422)
Kevin J. Smith (KS 0441)
101 Park Avenue
New York, New York 10178
Attorneys for Parus Holdings, Inc.,
Successor-by-Merger to EffectNet, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | CHAPTER 11 CASE |
|-------|-----------------|
| WORLDCOM, INC., et al., | NO. 02-13533 (AJG) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of **Claimant's First Request for Documents, dated February 7, 2005,** to be served BY OVERNIGHT COURIER (UNITED PARCEL SERVICE) on February 7, 2005, on the following attorney:

Lawrence W. Bigus, Esq.
Stinson Morrison Hecker LLP
9200 Indian Creek Parkway, Suite 450
Overland Park, Kansas 66210
*Attorneys for Debtors and Debtors-in-Possession*

Dated: February 8, 2005
New York, New York

Kevin J. Smith (KS 0441)

A 00385

## CONTINUING EFFORT TO LOCATE DOCUMENTS

Intermedia is no longer actively engaged in business. Most of the Intermedia documents have been boxed up and sent to storage ("Stored Documents"). Debtors have aggressively undertaken an investigation to locate the Intermedia documents including the Stored Documents and those documents that were still in the possession of current employees. The Intermedia documents are referred to herein as "Intermedia Documents".

Debtors have located and reviewed some of the Intermedia Documents ("Located and Reviewed Documents") and are still working to locate the remaining Intermedia Documents. It appears that the Stored Documents are contained in several different storage locations and are in thousands of boxes ("Stored Documents"). Some of the storage locations are known and Debtors are still conducting due diligence to determine the location of the remaining storage locations. None of the documents at storage locations are included in Located and Reviewed Documents.

In response to this Request for Production Debtors have indicated that certain documents will be produced ("Responsive Documents"). To the extent that Located and Reviewed Documents are also Responsive Documents they are attached hereto.

The Stored Documents located to date are poorly indexed. As it relates to the Claims at issue the Stored Documents contained in these thousands of boxes can be described as follows: 1) Documents which have no relevancy to the Claims at issue, which Claimant has not requested and which Debtors have no desire to review in connection with the Claims at issue ("Irrelevant Documents"); 2) Documents which Debtors would like to review in connection with the Claims ("Potential Documents"); and 3) Documents which Debtors have indicated in their Reply to the Request for Production that Debtors are willing to produce ("Requested Stored Documents").

**A 00386**

# EXHIBIT H

A 00387

5.    Debtors object to the definitions in paragraphs 11, 12, and 13 and 17 on the ground that by virtue of the definitions certain of the requests are for documents protected by the attorney client and/or work product privileges.    Debtors specifically object that drafts of contracts or other documents prepared by an attorney and not generally circulated or disclosed to third parties are privileged documents.

6.    Debtors object to the definition of "Jim Renforth" in paragraph 15 on the grounds that his title was Senior Services Manager – Local Services.

7.    Debtors object to the definition of "Unified Communications" in definition number 19 on the grounds that the definition is overbroad and is vague and ambiguous.  Debtors do not know what Claimant intends by this definition but the definition begins by defining Unified Communications as "all forms of call . . . controlled by an individual user for both business and social purposes."  Whatever is intended, this definition is too broad.  Debtors also object that the phrases "multimedia/cross-media message-management functions," "enterprise informational or transactional," "emulates a human user," "content-independent," and "contact access" are all vague and ambiguous.

8.    Each of Debtors' responses to Claimant's requests incorporates these objections whether or not specifically mentioned in the specific response.

## OBJECTIONS TO INSTRUCTIONS

As to Claimant's Instructions, Debtors' will, where response is appropriate, respond in a matter consistent with and as required by  Federal Rules of Civil Procedure and any applicable local rules.  To the extent Claimant purports to impose by its Instructions any additional or other obligation, Debtors object that it is not required to comply with Claimant's Instructions.

A 00388

**STINSON MORRISON HECKER LLP**
Lawrence W. Bigus, Esq.
Donald C. Ramsay, Esq.
9200 Indian Creek Pkwy., Ste. 450
Overland Park, KS  66210
Attorney for Debtors and
Debtors-in-Possession


# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | **CHAPTER 11 CASE** |
| | : | **NO. 02-13533 (AJG)** |
| **WORLDCOM, INC., et al.,** | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | |


## DEBTORS' RESPONSES TO CLAIMANT'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS


### GENERAL OBJECTIONS

1.      Debtors object to all requests to the extent that they seek information protected from disclosure by the attorney-client privilege or the attorney work product doctrine, or which is otherwise immune from discovery.  Inadvertent identification or production of any such information shall not constitute a waiver by the Debtors of any applicable privilege.

2.      Debtors object to all requests to the extent that they seek to require the Debtors to produce documents containing private and confidential, proprietary, or otherwise sensitive information.  Without waiving this objection, the Debtors will agree to produce such documents subject to a proper Protective Order to protect the confidentiality of the material produced.

3.      Debtors object to all requests to the extent the requests ask for production from entities or persons against which no claim has been made in this litigation.  Claimant has, for example, addressed the request to MCI WorldCom Network Services, Inc. which is not a party to

the definition makes each and every request for production overbroad and unduly burdensome. Debtors have over 200 direct and indirect domestic subsidiaries and 200 foreign subsidiaries. Claimant has filed claims against only Intermedia Communications, Inc. (Claim No. 9293 amended by Claim No. 11173) and against MCI WorldCom Communications, Inc. (Claim No. 9291 amended by Claim No. 11242). The court does not have jurisdiction over entities Claimant proposes to include in the definition of "Debtors." This request for production is not a proper means of seeking or obtaining discovery from third parties. Debtors' responses will, therefore be limited to documents in the custody or control of Intermedia Communications, Inc. and MCI WorldCom Communications, Inc.

Debtors also object to Claimant's definition of Debtor to the extent Claimant intended by its definition of Debtors in paragraph 9 to request documents from all persons acting or purporting to act on Debtors' behalf (which would include all persons acting or purporting to act on behalf of Debtors' affiliate or subsidiary companies). By this definition Claimant requests documents from entities or persons over which Debtors have no control. Debtors again object that the definition of "Claimant" makes all requests overbroad and unduly burdensome. In addition, Debtors object that the definition calls for documents protected by the attorney client and work product privileges. Finally the phrase "or purporting to act on behalf of" is vague and ambiguous.

Debtors will respond to Claimant's requests with documents in the custody or control of Intermedia Communications, Inc. and MCI WorldCom Communications, Inc. including documents in the custody and control of employees of those two corporations over which Debtors have control.

A 00390

5

this claim. This response is on behalf of Intermedia Communications, Inc. and MCI WorldCom Communications, Inc. None of the other parties to whom this request is directed are a party to this adversary proceeding and therefore this request does not reach any of the other parties to whom it is directed. This objection is based on jurisdictional grounds and on the terms and limitations of applicable federal rules of civil procedure.

4.      Debtors object that the term "concerning" is as broad a term as could possibly be used in a request for production. Almost anything and everything somehow could be deemed to be "concerning." For example, if the term "concerning" is taken literally then every piece of correspondence, every contract draft, every invoice, every sales record, every payment that was made, and many other documents could somehow "concern" Debtors' objection to payment of a claim. This puts the responding party in the position of producing every document in its possession to make sure that nothing is missed or making a judgment call as to what should be produced and what "concerns" the topic specified. What meets the term "concerning" will be different for one attorney than another attorney. Therefore, if counsel for responding party attempts to make such a determination the decision will be subject to second-guessing and puts the responding party in a precarious position. Rule 34 specifically provides that a party may request to see "designated documents". The reason for this provision in the Rule is so that the responding party knows what to produce. Asking for all documents "concerning" a topic is not asking for designated documents. The use of this broad term in every request indicates Claimant is not attempting to designate documents to produce but are simply engaging in a broad ranging hunt for documents generally. Therefore, Debtors object to any and all requests seeking production of "documents concerning" on the grounds that the request are overly broad, do not comply with the requirements of applicable rules, result in Debtors' not being able to determine

2

A 00391

requests for production overbroad. Finally, the phrase "purporting to act on its behalf" is vague and ambiguous.

For purposes of its responses to Claimant's First Request for Production of Documents, Debtors will treat the term "Claimant" to mean EffectNet, Inc. (the Claimant in both Claim No. 9293 amended by Claim No. 11173 and in Claim No. 9291 amended by Claim No. 11242) and Parus Holdings, Inc. the successor by merger to EffectNet, Inc.

2.    Debtors object to Claimant's definition of "Date," "Time," "Period," and "Amount" in paragraph number 7 because the term "approximate" is vague. This is particularly true where, as here, dates in Claimant's requests are months, not specific days. Claimant has, for example, limited two of its Requests to documents relating to a specific month. Request number 14 is for documents concerning an alleged notice in September 2001 and request number 15 is for documents concerning an alleged notice given in March 2002. In both cases, Debtors' responses will be limited to the specified months. Debtors will also otherwise limit their responses to the date, time, period, and amount specified in Claimant's requests.

3.    Debtors object to the Claimant's definition of "Draft" on the ground that it requests documents protected by the attorney client and/or work product privileges. Debtors specifically object that drafts of contracts or other documents prepared by an attorney and not generally circulated or disclosed to third parties are privileged documents.

4.    Debtors object to the Claimant's definition of "Debtor" in paragraph 9 of its definitions because it includes entities against which Claimant has made no claim. To the extent Claimant intends by its definition of Debtor in paragraph 9 of its Definitions to request production of documents from not only Intermedia Communications, Inc. and MCI WorldCom Communications, Inc. but also each of its affiliate or subsidiary companies, Debtors object that

4

exactly what the propounding party is seeking to have produced, and create an unreasonable and oppressive burden. All responses are subject to this objection.

5.     Debtors object to Claimant's request that documents be produced within thirty (30) days. Applicable rules require that Debtors respond within thirty days but do not require that the documents be produced within that same time. Subject to and without waiving that objection, Debtors have attached with this response non-privileged responsive documents specified below. In the event Claimant wishes to view the originals of such documents, Debtors will, where originals are available, make such originals available for inspection and copying at a mutually agreed upon time and place.

6.     Each of the following responses incorporates these General Objections, whether or not specifically referenced in the responses. The responses below are provided without waiver of any of the objections stated herein.

## OBJECTIONS TO DEFINITIONS

1.     Debtors object to the definition of "Claimant" in paragraph 2 of the definitions because it includes entities and persons that are, in fact, not making a claim, it is otherwise overly broad and it is, in part, vague and ambiguous. First, Debtors object that Webley Systems, Inc. does not now exist as an entity and no claim has been made for any damages to Webley Systems, Inc. before its merger with Claimant. Debtors further object that including all "officers, directors, employees, agents, contractors, accountants, advisors, attorneys, and representatives" as Claimant makes the definition of "Claimant" overbroad. Debtors also object to including as Claimant "any other person acting or purporting to act on their behalf," apparently intending to include as "Claimant" all persons who act or purport to act on behalf of the listed corporations and all persons who act or purport to act on behalf of their officers, directors, employees, agents, contractors, accountant, advisors, attorneys and representatives. Again the definition makes all

3

A 00393

# EXHIBIT GG

A 00394

```
 1
 2                    C E R T I F I C A T E
 3    STATE OF NEW YORK      )
                             : SS:
 4    COUNTY OF NEW YORK     )
 5
 6          I, DEBORAH HUNTSMAN, a Shorthand
 7    Reporter and Notary Public within and for the
 8    State of New York, do hereby certify:
 9          That the within is a true and
10    accurate transcript of the proceedings taken
11    on the 29th day of June, 2005.
12          I further certify that I am not
13    related by blood or marriage to any of the
14    parties and that I am not interested in the
15    outcome of this matter.
16          IN WITNESS WHEREOF, I have hereunto
17    set my hand this 1st day of July, 2005.
18
19                DEBORAH HUNTSMAN
20
21
22
23
24
25
```

1
2
3

# ORIGINAL

UNITED STATES BANKRUPTCY COURT

4   SOUTHERN DISTRICT OF NEW YORK

--------------------------------x

5   In re

                              Case No.

6   WORLDCOM, INC., et al,     02-13533

7          Reorganized Debtors.

--------------------------------x

8

           June 29, 2005

9          3:13 p.m.

10         United States Custom House

           One Bowling Green

11         New York, New York    10004

12

      (Proceedings -- Entire Day)

13

3:00 02-13533 WORLDCOM, INC., et al

14

Conference call re Parus Holdings.

15

16   B E F O R E:

17     THE HONORABLE ARTHUR J. GONZALEZ

       United States Bankruptcy Judge

18
19
20
21
22
23
24
25

```
 1              Proceedings
 2   I think you can check the Court's docket and
 3   see what dates are available early in August
 4   for WorldCom, and you may pick one of those
 5   dates.
 6              MR. BIGUS:  Mr. Wood, I am telling
 7   you right now that if you want to start by
 8   reviewing document boxes which have been
 9   highlighted, tell me when you want to be at
10   which deposition, and you can start
11   reviewing.
12              MR. WOOD:  We will prepare our
13   motion and submit it to the Court.
14              Your Honor, as far as the deadline
15   for disclosing expert witnesses is concerned,
16   the parties had agreed to a new deadline of
17   120 days beyond the original deadline.
18              JUDGE GONZALEZ:  Let's leave it at
19   that for now, and then ultimately I guess it
20   gets addressed at that hearing
21              MR. WOOD:  Thank you, Your Honor.
22              MR. BIGUS:  Thank you, Your Honor.
23              (Time noted:  3:28 p.m.).
24
25
```

```
 1
 2   A P P E A R A N C E S:
 3      STINSON MORRISON HECKER LLP
        Attorneys for Reorganized Debtors
 4          1201 Walnut Street
            Kansas City, Missouri    64106
 5
        BY:  LAWRENCE BIGUS, ESQ.
 6                            (via telephone)
               -and-
 7          DONALD RAMSAY, ESQ.
                              (via telephone)
 8
 9      KELLEY DRYE & WARREN LLP
        Attorneys for Parus Holdings
10          101 Park Avenue
            New York, New York    10178
11
        BY:  STEPHEN WOOD, ESQ.
12                            (via telephone)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              Proceedings

 2   because of the upcoming July 4th holiday.

 3              JUDGE GONZALEZ:  That is all right.

 4              MR. BIGUS:  Your Honor, I am going

 5   to assume when he does that, you want an

 6   informal letter request pursuant to the

 7   procedures and the local rules or at this

 8   point you want a formal motion that we

 9   actually come to New York and argue?

10              JUDGE GONZALEZ:  I think at this

11   point it has dragged on a little bit longer

12   than it should have from my end, so you might

13   as well do a formal motion.  I don't think we

14   are going to get very far with informal

15   letter responses at this stage.

16              MR. BIGUS:  I would like to inform

17   the Court that I am out the 8th through the

18   18th of July, and that any hearing that we

19   need on this needs to be after that date, so

20   that I don't get stuck trying to move a

21   hearing during the time period when I am

22   already scheduled to be out of the office.

23              MR. WOOD:  We will obviously work

24   with counsel.

25              JUDGE GONZALEZ:  Work through that.
```

```
 1            Proceedings
 2            JUDGE GONZALEZ:  This is Judge
 3   Gonzalez.
 4            MR. WOOD:  Your Honor, Stephen Wood
 5   on behalf of the claimant Parus Holdings.
 6            MR. BIGUS:  Larry Bigus on behalf
 7   of the Debtors WorldCom.
 8            JUDGE GONZALEZ:  Originally I was
 9   going to do this conference call in my
10   chambers, but I realized that if my intention
11   was then to rule on the motion before me,
12   that I should do it on the record.
13            With respect to Parus Holdings'
14   motion to withdraw and/or amend deemed
15   admissions and to serve late responses and
16   objections to Debtors' discovery requests in
17   connection with the Debtors' objections to
18   the claims of Parus Holdings, Inc., the Court
19   finds that the appropriate analysis for
20   purposes of the admissions is Rule 36(b), and
21   under those standards the Court finds that it
22   would be appropriate to grant Parus Holdings'
23   request and enable them to then withdraw
24   and/or amend the deemed admissions.  However,
25   with respect to the objections to the
```

```
 1              Proceedings
 2   considerable effort and expense to locate
 3   these documents and review them and produce
 4   them, and we are asking for the Debtors to do
 5   no more and no less.  These are their
 6   documents in these depositories and their
 7   indexes.  Certainly they know them better
 8   than we do.  Someone has gone through one of
 9   these indexes and identified boxes with
10   responsive documents, and I think they can do
11   that with regard to the rest of them.
12              Your Honor, if the Court would
13   like, we can present a motion to compel and
14   we can brief these issues, and I think that
15   might be the appropriate thing to do.
16              JUDGE GONZALEZ:  I think you are
17   going to have to, because I believe what I am
18   going to need is some form of affidavit
19   regarding the motion to be filed in response
20   to it to set forth what has been done and
21   what the legal arguments are regarding what
22   has to be done.
23              MR. WOOD:  Your Honor, Parus
24   Holdings will file a motion to compel.  I
25   would like 14 days to get that on file
```

4

```
 1              Proceedings
 2   interrogatories and the requests for
 3   productions, the Court finds that the
 4   standard there is excusable neglect under
 5   9006.  The Court thus finds that Parus
 6   Holdings has not established excusable
 7   neglect and, therefore, the Court finds that
 8   such objections to interrogatories and
 9   requests for productions are waived.
10           Now, my recollection is that at the
11   last conference, I know there was a
12   discussion about when the production would
13   take place.  I am not sure where that
14   discussion ended with respect to both the
15   request for the Debtors to produce documents,
16   as well as the production for Parus, as to
17   whether or not that production had taken
18   place?
19           MR. BIGUS:  Judge, Larry Bigus.  My
20   recollection is that you ordered us to have
21   further discussions concerning the production
22   by both sides.  At this point, we have had
23   conversations.  Parus has produced about
24   23,000 pages.  WorldCom is in the process of
25   reviewing those.
```

1                    Proceedings

2    out to the Court, to give Mr. Wood as much

3    information as we could give him, far beyond

4    what is required by the rule.

5              If Mr. Wood wants to come down

6    tomorrow morning and look at those boxes that

7    have been highlighted, we will call the

8    warehouse and tell the warehouse that

9    Mr. Wood will be at the warehouse where these

10   documents are located tomorrow morning.  It

11   is up to Mr. Wood to go to the documents and

12   look at them.  We have made them available.

13   We have told him where they are.  I don't

14   know what more we can do to have them legally

15   produced, than tell them where they are and

16   tell them all you have to do is call us and

17   we will tell the warehouse to let them in.

18              Now, we do want to go at the same

19   time he does, so that as each box is pulled,

20   we can look in the box to make sure there is

21   no privileged communication.  But other than

22   that, he can go look at them right now.

23              MR. WOOD:  The only other thing I

24   would say, Your Honor, is that we did produce

25   23,000 pages of documents.  We undertook

```
 1              Proceedings
 2         Now that you have said that their
 3    objections are not valid, we would anticipate
 4    further production of documents, because
 5    there were a lot of objections to the
 6    requests.
 7         We have had discussions concerning
 8    the production by WorldCom.  We have agreed
 9    that the contents of those discussions would
10    be kept confidential between Mr. Wood, and
11    Mr. Ramsay of my firm, and myself, except for
12    discussions with the clients, if we came to
13    an agreement.  We haven't reached agreement.
14         I have told Mr. Wood that I would
15    send him a proposal as to how he might
16    proceed to review that volume of documents
17    and dealing with the cost-sharing issue where
18    we have substantial disagreement on who
19    should bear the burden of the cost of
20    producing that volume of documents, some
21    electronic and some hard.
22         MR. WOOD:  Your Honor, Mr. Wood on
23    behalf of Parus.  We have raised the issue of
24    amending the schedule with the Court, because
25    we were waiting to receive the bulk of the
```

```
 1              Proceedings
 2    there is a key that someone has created, and
 3    the key identifies the highlighted boxes and
 4    describes what is in those highlighted boxes
 5    and describes the contents that are
 6    responsive to our requests.  So it appears as
 7    though someone has gone through that index
 8    and identified boxes that have responsive
 9    documents.  If they can do that for one
10    index, I don't know why they can't do that
11    for the rest of the indexes, and I don't know
12    why those boxes and those documents haven't
13    been produced.
14              MR. BIGUS:  Your Honor, those boxes
15    have been produced.  We made an attempt to
16    try to identify what we thought was
17    responsive.  As the Court can tell, we sent
18    what we were able to determine to Mr. Wood.
19    We do not know for sure whether or not there
20    might be responsive documents in other boxes.
21    We simply gave Mr. Wood our indication of
22    what we thought was probably responsive, but
23    that doesn't mean it defines the entire
24    universe.  We looked at all of the indexes
25    and did our best, as Mr. Wood just pointed
```

```
 1              Proceedings
 2    documents to be produced by the Debtors.  We
 3    were coming up on a deadline for us to
 4    disclose our expert witnesses.  That deadline
 5    was June 20th under the current scheduling
 6    order that is in place.  The Court has
 7    extended that deadline to July 5th, pending
 8    the conduct of this hearing.  I have had some
 9    conversations with counsel for the Debtors
10    about a date to extend the deadline for our
11    disclosing of expert witnesses, and we were
12    in agreement that an appropriate deadline
13    would be 120 days out.
14              There was an issue that I raised
15    with counsel for the Debtors concerning their
16    production of documents, because we have
17    received a proposal from them to produce
18    documents but no documents yet.  I believe
19    that is in part because there is a
20    disagreement between the parties as to the
21    manner in which the documents should be
22    produced.  So I was going to seek from the
23    Court to include in the amended scheduling
24    order an intermediate deadline for all the
25    parties to produce their responsive
```