Documents which are contained in the description of Potential Documents and in the description of Requested Stored Documents may overlap.

Debtors intend to continue to take steps to locate the remaining storage locations and seek indexes for all Stored Documents. As soon as this task is completed Debtors will determine whether they can identify the Responsive Documents and produce them or whether Debtors will comply with its obligations pursuant to this Request for Production by allowing Claimant to review some or all of the Stored Documents pursuant to Rule 34 Fed. R. Civ. P. (or do a combination of these two approaches).

Debtors reserve the right to object to the production of Stored Documents which are responsive to this Request for Production to the extent they contain Attorney Work Product, are protected by the Attorney Client Privilege, or there are other grounds to object to the production of such documents, once said documents have been reviewed.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**REQUEST NO. 1:** All documents concerning Debtors' objections to payment with respect to Claim No. 9291.

**RESPONSE:** In response to request number 1, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.


**REQUEST NO. 2:** All documents concerning Debtors' objections to payment with respect to Claim No. 9293.

**RESPONSE:** In response to request number 2, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.

A 00507

Debtors further object that the request for documents concerning "execution" of the Master Licensing Agreement is vague and ambiguous. Debtors do not know what is meant by the request for documents "concerning" the "execution" of the Master Licensing Agreement.

Subject to and without waiving its objections, Debtors will produce and have attached to these responses a copy of the Master Licensing Agreement.

**REQUEST NO. 23:** All documents concerning communications between Debtors and Claimant regarding the Master License Agreement.

**RESPONSE:** In response to request number 23, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 23 as though it requested non-privileged documents constituting communications between Debtors (defined as Intermedia Communications, Inc. and MCI WorldCom Communications, Inc.) and Claimant (defined as Effect Net, Inc. and Parus Holdings, Inc.) regarding the Master Service Licensing Agreement. Located and Reviewed non-privileged documents that are responsive to this request as so restated are produced with this response. Debtors are also continuing to search for documents responsive to this request.

**REQUEST NO. 24:** All documents concerning communications between Debtors and Claimant from September 1, 2000 to the present regarding the products and services offered by Claimant to Debtors under the Master License Agreement.

20

A 00508

**REQUEST NO. 3:**   All documents concerning Debtors' objections to payment with respect to Claim No. 11173.

**RESPONSE:**   In response to request number 3, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.

**REQUEST NO. 4:**   All documents concerning Debtors' objections to payment with respect to Claim No. 11242.

**RESPONSE:**   In response to request number 4, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully restated.

**REQUEST NO. 5:**   All documents concerning Debtors' objection to Claimant's Claim Nos. 9291, 9293, 11173 and 11242 on the ground that Claimant is not entitled to double recovery, as asserted in paragraph 14 of Debtors' Objection.

**RESPONSE:**   In response to request number 5, Debtors incorporate all General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated. Debtors further object to request number 5 on the grounds that Claimant is asking Debtors to produce documents to support a point of law, namely that Claimant is not legally entitled to double recovery.

**REQUEST NO. 6:**   All documents concerning Debtors' alleged payment to Claimant in connection with Claim Nos. 9291, 9293, 11173 and 11242, as asserted in paragraph 19 of Debtors' Objection.

A 00509

Debtors further object that the request for all documents concerning Claimant's business, Claimant's technology and Claimant's products is overbroad as not all of Claimant's business, technology or products are at issue in this litigation.

Subject to and without waiving these objections, Debtors will respond to request number 21 as though it requested non-privileged documents that constitute evaluation or analysis of Claimant's finances and/or that constitute evaluation or analysis of the products or technology that Claimant provided Intermedia Communications, Inc. under the General Agreement. Documents responsive to this request as so restated are attached hereto.  See above under heading CONTINUING EFFORT TO LOCATE RESPONSIVE DOCUMENTS.

**REQUEST NO. 22:** All documents concerning the Master License Agreement, including documents concerning the negotiation, drafting, and execution of the Master License Agreement and performance of Claimant and Debtors thereunder.

**RESPONSE:**    In response to request number 22 Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object to request number 22 on the grounds that it requests documents protected by the attorney client privilege.  Specifically, Debtors state that drafts of the Master License Agreement prepared by Debtors' attorney and communication to and from Debtors' attorney not generally circulated or distributed to third parties are protected by the attorney client privilege.

19

A 00510

**RESPONSE:**    In response to request number 6, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving the foregoing objections, Debtors will respond to request number six as though it requested checks, drafts or evidence of wire transfers constituting payment to Claimant under the Unified Communications Services General Agreement between EffectNet, Inc. and Intermedia Communications, Inc. In response to the request so modified, Debtors will produce copies of checks sent to EffectNet, Inc. as payment under the Unified Communications Services General Agreement between EffectNet, Inc. and Intermedia Communications, Inc. Debtors have not yet located these documents. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 7:**    All documents concerning Debtors' contention that "Claimant terminated the contract upon which it based its claims" as asserted in paragraph 15 of Debtors' Objection.

**RESPONSE:**    In response to request number 7, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving those objections, Debtors will respond to request number 7 as though it requested documents that constitute Claimant's termination of the contract. In response to the request so stated, Debtors will produce and have attached hereto copies of letters from Claimant to Debtor terminating the contract.

10

**REQUEST NO. 20:** All documents concerning Claimant, including Claimant's finances, Claimant's business, Claimant's technology, or Claimant's products.

**RESPONSE:** In response to request number 20, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for all documents concerning Claimant's business, Claimant's technology and Claimant's products is overbroad as not all of Claimant's business, technology or products are at issue in this litigation.

Subject to and without waiving its objections, Debtors will respond to request number 20 as though it requested all non-privileged documents, if any, that discuss or mention Claimant's finances and all documents, if any, that discuss or mention the product or technology that Claimant provided under the General Agreement. Located and Reviewed Documents that are responsive to this request as so restated are attached with this response. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 21:** All documents concerning Debtors' evaluation or analysis of Claimant, including Claimant's finances, Claimant's business, Claimant's technology, or Claimant's products.

**RESPONSE:** In response to request number 21, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

A 00512

**REQUEST NO. 8:**    All documents concerning Debtors' contention that Claimant seeks an "unenforceable penalty" in connection with its claims for minimum monthly commitment payments, as asserted in paragraph 16 of Debtors' Objection.

**RESPONSE:**    In response to request number 8, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that request number 8 requests documents that support a principal of law rather than fact. In further response to this request, Debtors state that Claimant knows the claim it is making and has a copy of the applicable contract.

**REQUEST NO. 9:**    All documents concerning Debtors' contention that "Claimant has calculated its alleged damages using an amount per commitment which is significantly higher than the amount the contract specifies should be used", as asserted in paragraph 17 of the Debtors' Objection.

**RESPONSE:**    In response to request number 9, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further respond that Claimant has a copy of the applicable contract and knows the amount it is claiming.

**REQUEST NO. 10:**    All documents concerning Debtors' contention that "the contract prohibits assignment", as asserted in paragraph 18 of the Debtors' Objection.

11

A 00513

request as so restated are forwarded to Claimant with this response. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 19:** All documents concerning Debtors' communications among each other regarding the cancellation of accounts created pursuant to the General Agreement.

**RESPONSE:**    In response to request number 19, Debtors incorporate all of Debtor's General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving it objections, Debtors will respond to request number 19 as though it were a request for non-privileged documents constituting communication among Intermedia Communications, Inc., MCI WorldCom Communications, Inc. and any of their affiliates regarding the General Agreement. Provided, however, to the extent this request is intended to request that Debtors search the records in the possession of their affiliates, Debtors object that the request is burdensome and further object that it is asking for records not in Debtors' custody or control. In response to request number 19 as so restated, Debtors will produce documents in the possession of Intermedia Communications, Inc. or MCI WorldCom Communications, Inc., if any, constituting non-privileged communications among Intermedia Communications, Inc., MCI WorldCom Communications, Inc, or any of their affiliates, regarding the General Agreement.

This request is a sub-part of what is requested in request 18 and any documents responsive to this request would also be responsive to request 18. There are no documents responsive to this request as so restated. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

A 00514

**RESPONSE:**    In response to request number 10, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated. Debtors further respond that Claimant has a copy of the applicable contract.

**REQUEST NO. 11:** All documents concerning the General Agreement, including documents concerning the negotiation, drafting, and execution of the General Agreement and performance of Claimant and Debtors thereunder.

**RESPONSE:**    In response to request number 11, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for documents concerning the "execution" of the agreement is vague and overbroad.  Debtors do not know what is intended by the phrase "concerning the execution" of the agreement.

Debtors further object that this request for all documents concerning the "performance" of Claimant and Debtors thereunder" is vague as it must be assumed to relate to something other than payment required under the contract (because that aspect of performance is covered by other requests) but Claimant has not specified what aspect of performance Claimant considers to be at issue. Debtors have, in response to other requests, agreed to produce, if and when located, copies of checks constituting payments under the General Agreement.

**REQUEST NO. 12:** All documents concerning the Memorandum of Understanding, including documents concerning the negotiation, drafting, and execution of the Memorandum of Understanding and performance of Claimant and Debtors thereunder.

12

A 00515

payment to Claimant under the Unified Communications Services General Agreement between EffectNet, Inc. and Intermedia Communications, Inc.  In response to the request so modified, Debtors will produce copies of checks sent to EffectNet, Inc. as payment under Unified Communications Services General Agreement between EffectNet, Inc. and Intermedia Communications, Inc.  Debtors have not yet located these documents.  See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 18:**  All documents concerning Debtors' communications among each other regarding the General Agreement.

**RESPONSE:**    In response to request number 18, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 18 as though it were a request for non-privileged documents constituting communication among Intermedia Communications, Inc., MCI WorldCom Communications, Inc. and any of their affiliates regarding the General Agreement.  Provided, however, to the extent this request is intended to request that Debtors search the records in the possession of their affiliates, Debtors object that the request is burdensome and further object that it is asking for records not in Debtors' custody or control.  In response to request number 18 as so restated, Debtors will produce documents in the possession of Intermedia Communications, Inc. or MCI WorldCom Communications, Inc., if any, constituting non-privileged communications among Intermedia Communications, Inc., MCI WorldCom Communications, Inc, or any of their affiliates, regarding the General Agreement.  Located and Reviewed documents that are responsive to the

16

A 00516

**RESPONSE:**    In response to request number 12, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for documents concerning the "execution" of the agreement is vague and overbroad.  Debtors do not know what is intended by the phrase "concerning the execution" of the agreement.

Debtors further object that the request for documents relating to "performance" is overbroad as it does not specify what aspect, if any, of the performance of the MOU is at issue.

Subject to and without waiving these objections, Debtors will produce and have attached hereto a copy of the Memorandum of Understanding.

**REQUEST NO. 13:** All documents concerning the Interim Agreement including documents concerning the negotiation, drafting, and execution of the Interim Agreement and performance of Claimant and Debtors thereunder.

**RESPONSE:**    In response to request number 13, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Debtors further object that the request for documents concerning the "execution" of the agreement is vague and ambiguous.  Debtors do not know what is intended by the phrase "concerning the execution" of the agreement.

Debtors further object that the request for documents relating to "performance" is overbroad as it does not specify what aspect, if any, of the performance of the Interim Agreement is at issue.

13

A 00517

are no such documents which are not privileged. See also above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 16:** All documents concerning communications between Debtors and Claimant regarding the General Agreement.

**RESPONSE:**    In response to request number 16, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 16 as though it requested documents constituting communications between Debtors (defined as Intermedia Communications, Inc. and MCI WorldCom Communications, Inc.) and Claimant (defined as Effect Net, Inc. and Parus Holdings, Inc.) concerning the General Agreement. In response to the request so restated, Debtors agree to produce Responsive Documents. Documents that have been Located and Reviewed are attached. See also above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 17:** All documents concerning Debtors' payments to Claimant under the General Agreement.

**RESPONSE:**    In response to request number 17, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving the foregoing objections, Debtors will respond to request number 17 as though it requested checks, drafts or evidence of wire transfers constituting

15

A 00518

Subject to and without waiving these objections, Debtors will produce and have attached hereto a copy of the Interim Agreement.

**REQUEST NO. 14:** All documents concerning Debtors' decision to give notice in September 2001 to cancel accounts created pursuant to the General Agreement.

**RESPONSE:**    In response to request number 14, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 14 as though it requests documents constituting notice given in September 2001 to cancel accounts activated pursuant to the General Agreement. At this time Debtors have not located documents that would be responsive to this request as so restated. See above under heading CONTINUING EFFORT TO LOCATE DOCUMENTS.

**REQUEST NO. 15:** All documents concerning Debtors' decision to give notice in March 2002 to cancel accounts created pursuant to the General Agreement.

**RESPONSE:**    In response to request number 15, Debtors incorporate all of Debtors' General Objections, Objections to Definitions, and Objections to Instructions as if fully here restated.

Subject to and without waiving its objections, Debtors will respond to request number 15 as though it requests documents constituting notice given in March 2002 to cancel accounts created pursuant to the General Agreement. In response to the request so restated, Debtors are producing herewith copies of Responsive Documents that it has Located and Reviewed. There

14

A 00519

# EXHIBIT U

A 00520

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Sunday, June 19, 2005 10:25 AM
**To:** Wood, Stephen
**Cc:** Ramsay, Donald; Befort, Jeff
**Subject:** Parus Request for Scheduling Order Extension

You have failed to provide us information which is absolutely pertinent and necessary in order to analyze your request for an extension of deadlines contained in the amended scheduling order. We do not understand how you can expect either the Court or our client to consider an extension to the deadlines in the amended scheduling order without providing such basic information as the proposed new date and/or what experts you may designate by the new date. Please provide this information ASAP.

As you have been aware for sometime I will be out of the office on a business trip for MCI on Monday and Tuesday. I will try to stay in touch by email and voice mail so that if you decide to provide the necessary information our client can consider your request before the hearing on Wednesday. Please provide the necessary information by return email.

Thank you for your attention to this matter.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                           Email: lbigus@stinsonmoheck.com


This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.


A 00521

6/20/2005

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Wednesday, June 15, 2005 1:46 PM
**To:** Wood, Stephen
**Cc:** Befort, Jeff; Ramsay, Donald; Bigus, Lawrence
**Subject:** production by Parus

It appears that the documents produced by Parus are all scanned documents. This means that Parus has not produced electronic documents. Please advise concerning the production of electronic documents. Additionally, please send assurances that the documents produced in scanned format are exact copies of the actual hard copies, that if there is anything on the back of documents that the back was scanned, and that if there was anything on file folders that the file folders have been scanned.

You have not identified which documents are responsive to which request. This is a problem that applies to both sides in this case. Based on the manner in which you produced documents I suspect you are willing to agree that neither side in this case will be held to a requirement of identifying specific documents produced back to specific requests for production. Please confirm this understanding.

We look forward to further discussions with you concerning the production issues.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                          Email: lbigus@stinsonmoheck.com



This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.



A 00522

# EXHIBIT Z

A 00523

-----Original Message-----
**From:** Wood, Stephen
**Sent:** Friday, June 17, 2005 1:03 PM
**To:** Bigus, Lawrence
**Cc:** Friedman, Robert; Krolewski, Martin A.
**Subject:** RE: production by Parus

We actually have produced electronic documents.  The E-mail communications you have with the attachments were in electronic form originally.  They have not been altered and they have been produced in complete form. You will see several file folders that have been scanned and instead of identifying specific requests, we have organized the documents into subjects or topics.  These are identified by file folders as follows:

PPM (April 2000) General
SSB Forecast
Bankruptcy Issues May/June 2002 ACP
PPM (April 2001) Investor Specific
Bankruptcy Issues May/June 2002
PPM (April 2001) Roadshow Presentations & Calendars
PPM (April 2001) Financial
PPM (April 2001) PPM
APAX (Patricof) Apax Term Sheet 9/19/01
APAX (Patricof) General
AOL
SSB Due Diligence
PPM (August 2001) Roadshow Presentations
PPM (August 2001) PPM
PPM (August 2001) General
Bridge Financing (November 2001) General/Drafts ACP
Bridge Financing (September 2001) General/Drafts ACP
Bridge Financing (January 2002) General/Drafts ACP
Bridge Financing (January 2002) Term Sheet/Issues ACP
Bridge Financing (September 2001) General/Drafts
Bridge Loan (June 2001) ACP
Equity Fund Raising Misc 2001-2002
Revolver (June 2002)
Bridge Financing (January 2002 Term Sheet/Issues

We will be happy to relate the bates numbers of these documents to specific requests for you and will undertake to do that immediately.  Since we are undertaking this effort, I would expect the debtors to produce documents in the same fashion.

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Wednesday, June 15, 2005 1:46 PM
**To:** Wood, Stephen
**Cc:** Befort, Jeff; Ramsay, Donald; Bigus, Lawrence
**Subject:** production by Parus

A 00524

7/6/2005

Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                              Email: lbigus@stinsonmoheck.com


This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**A 00525**

It appears that the documents produced by Parus are all scanned documents. This means that Parus has not produced electronic documents. Please advise concerning the production of electronic documents. Additionally, please send assurances that the documents produced in scanned format are exact copies of the actual hard copies, that if there is anything on the back of documents that the back was scanned, and that if there was anything on file folders that the file folders have been scanned.

You have not identified which documents are responsive to which request. This is a problem that applies to both sides in this case. Based on the manner in which you produced documents I suspect you are willing to agree that neither side in this case will be held to a requirement of identifying specific documents produced back to specific requests for production. Please confirm this understanding.

We look forward to further discussions with you concerning the production issues.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                        Email: lbigus@stinsonmoheck.com



This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

A 00526

-----Original Message-----
**From:** Wood, Stephen
**Sent:** Thursday, June 16, 2005 1:58 PM
**To:** Bigus, Lawrence
**Cc:** Friedman, Robert; Krolewski, Martin A.
**Subject:** RE: Scheduling Order Deadlines in Parus v. MCI

I appreciate your consideration of this request. With regard to the time, its more a matter of properly sequencing discovery and setting up the deadline for expert disclosures once fact discovery, to include depositions of the current/former employees of debtors, is substantially underway. So, the deadline should allow sufficient time to review debtors' documents and take some of the depositions of the current/former employees of debtors. I am happy to discuss with you a reasonable time period.

I am not absolutely certain of the number of experts I would like to call at trial. However many there are, the issue again is permitting them access to the factual record to include debtors' documents and witnesses in advance of the disclosure deadline. Again, I could better assess the requirement after conducting fact discovery. Whatever estimate I give you now is subject to change after I have reviewed your documents and taken depositions of persons involved in the events.

With regard to subject matters, we have addressed this to some degree in our June 6th letter to the court requesting an informal conference. Do you need more information than this?

I am likely out most of tomorrow, but will be in the office Monday morning.

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Thursday, June 16, 2005 9:13 AM
**To:** Wood, Stephen
**Cc:** Befort, Jeff; Ramsay, Donald
**Subject:** Scheduling Order Deadlines in Parus v. MCI

You have asked for an extension of time to name experts in the above referenced case. You have not indicated how much time you want. At this time we are considering your request. You claim that you need the extension because you cannot name experts on the subject of Claimant's damages until you review Debtor's documents. In order to help us understand why you need the additional time please provide us with the following information:

1.  How much time you are seeking.

2.  The subjects on which you intend to have experts testify.

3.  How many experts you intend to have testify.

Upon receipt of the above information we will discuss the request for extended deadlines with our client. If we receive the information today we should be in a position to discuss your request with you either tomorrow or early Monday. Thank you in advance for sending the information.

A 00527

7/12/2005

-----Original Message-----
**From:**      Wood, Stephen
**Sent:**      Tuesday, June 21, 2005 5:50 PM
**To:**        'Bigus, Lawrence'
**Subject:**   Parus/WorldCom

Attached is a chart which correlates our recent document production by bates number with the number of your document requests.  This is being provided pursuant to our obligation under Rule 34 to produce documents organized to correspond to the categories in the numbered requests.

In addition I have reviewed the indexes you provided on June 15, 2005.  As you yourself indicated, they are not searchable for responsive documents and we are not able to determine on our own whether the boxes referenced contain responsive documents.



**Document**
oduction organized

Stephen A. Wood
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, Illinois 60606
(312) 857-7070

1

A 00528

# EXHIBIT Y

A 00529

PARUS HOLDINGS, INC. DOCUMENT PRODUCTION TO MCI WORLDCOM

**Categories of Requests:**

| | |
|---|---|
| Request 1: | Financial Statements |
| Request 2: | Income Statements |
| Request 3: | Balance Sheets |
| Request 4: | Correspondence between Parus and MCI |
| Request 5: | Correspondence between EffectNet and Intermedia |
| Request 6: | Confidential Information given to WorldCom |
| Request 7: | Representation that Intermedia had hundreds of sales personnel |
| Request 8: | Intermedia & WorldCom's election to breach and repudiate UC Contract |
| Request 9: | WorldCom initiative to offer products similar to EffectNet services under UC Contract |
| Request 10: | WorldCom products were based on an incompatible business model |
| Request 11: | Invoice # 1010 |
| Request 12: | Invoice # 1011 |
| Request 13: | Invoice # 1018 |
| Request 14: | Invoices issued to Intermedia pursuant to the Agreement |
| Request 15: | Two pricing options to calculate Minimum Commitment |
| Request 16: | Attempt by EffectNet/Webley to raise equity funding from investors |
| Request 17: | Financial and other disclosures to WorldCom |
| Request 18: | Cost per customer to provide services to Intermedia |
| Request 19: | Versions of agreement negotiated by and between MCI and Webley |
| Request 20: | Correspondence concerning agreement negotiated between MCI and Webley |
| Request 21: | All calculations used to compute invoices issued to Intermedia |
| Request 22: | Any transactions between Claimants and Debtors |

A 00530

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Thursday, June 16, 2005 9:13 AM
**To:** Wood, Stephen
**Cc:** Befort, Jeff; Ramsay, Donald
**Subject:** Scheduling Order Deadlines in Parus v. MCI

You have asked for an extension of time to name experts in the above referenced case. You have not indicated how much time you want. At this time we are considering your request. You claim that you need the extension because you cannot name experts on the subject of Claimant's damages until you review Debtor's documents. In order to help us understand why you need the additional time please provide us with the following information:

1.  How much time you are seeking.

2.  The subjects on which you intend to have experts testify.

3.  How many experts you intend to have testify.

Upon receipt of the above information we will discuss the request for extended deadlines with our client. If we receive the information today we should be in a position to discuss your request with you either tomorrow or early Monday. Thank you in advance for sending the information.

Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                              Email: lbigus@stinsonmoheck.com

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

A 00531

| Bates Numbers | File Folders | Description | Corresponding Requests |
|---|---|---|---|
| PH 00758-00908 | PPM (April 2001) General | | 1, 16 |
| PH 00909-05653 | SSB Forecast | | 1, 2, 3, 16 |
| PH 05654-05658 | Bankruptcy Issues May/June 2002 | | 1 |
| PH 05659-06275 | PPM (April 2001) Investor Specific | | 1, 16 |
| PH 06276-06323 | Bankruptcy Issues May/June 2002 | | 1 |
| PH 06324 -06708 | PPM (April 2001) Roadshow Presentation & Calendars | | 1, 2, 3, 16 |
| PH 06709-06785 | PPM (April 2001) Financials | | 1, 2, 3, 16 |
| PH 06786-11742 | PPM (April 2001) PPM | | 1, 2, 3, 16 |
| PH 11743-13747 | APAX (Patricof) Apax Term Sheet 9-19-01 | | 1, 2, 3, 16 |
| PH 13748-16489 | APAX (Patricof) General | | 1, 2, 3, 16 |
| PH 16489-16690 | AOL APAX | | 1, 2, 3, 16 |
| PH 16691-17267 | SSB Due Diligence | | 1, 2, 3, 16 |
| PH 17268-17821 | PPM (August 2001) Roadshow Presentations | | 1, 2, 3, 16 |
| PH 17822-19126 | PPM (August 2001) PPM | | 1, 2, 3, 16 |
| PH 19127-20055 | PPM (August 2001) Investor Specific | | 1, 2, 3, 16 |
| PH 20056-20264 | PPM (August 2001) General | | 16 |
| PH 20265-20275 | Bridge Financing (November 2001) General – Drafts | | 1, 16 |
| PH 20276-20278 | Bridge Financing (September 2001) General – Drafts ACP | | 16 |
| PH 20279-20280 | Bridge Financing (January 2001) General – Drafts ACP | | 1 |
| PH 20281-20329 | Bridge Financing | | 1, 16 |

# EXHIBIT X

A 00533

| | | | |
|---|---|---|---|
| | (January 2002) General – Drafts | | |
| PH 20330-20338 | Bridge Financing (January 2002) Term Sheet – Issues ACP | | 1, 16 |
| PH 20339-20605 | Bridge Financing (September 2001) General – Drafts | | 1, 16 |
| PH 20606-22902 | Bridge Loan (June 2001) | | 1, 2, 3 |
| PH 22903-22997 | Equity Fund Raising Misc 2001-2002 | | 1, 2, 3, 16 |
| PH 22998-23167 | Equity Fund Raising Misc Connor M | | 1, 2, 3, 16 |
| PH 23168-23189 | Revolver (June 2002) | | 1, 2, 3 |
| PH 23190-23331 | Bridge Financing (January 2002) Term Sheet – Issues | | 1, 2, 3, 16 |
| PH 23332-23703 | | WorldCom Related | 1, 2, 3, 5, 6, 14, 19 |
| PH 23704-23721 | | Intermedia Related | 1, 2, 3, 18 |
| PH 23722 | SSB Forecast | | 2 |

A 00534

-----Original Message-----
**From:** Ramsay, Donald [mailto:dramsay@stinsonmoheck.com]
**Sent:** Wednesday, June 15, 2005 2:40 PM
**To:** Wood, Stephen
**Cc:** Bigus, Lawrence; Ramsay, Donald
**Subject:** Document Indexes

   Attached are the indexes of documents offered to be produced under the terms stated in our May 31, 2005 correspondence.  The indexes are produced subject to your agreement, stated in  your e-mail of this date, that providing the indexes does not waive any privilege that there may be for information contained in the indexes or, of course, the documents referred to in the indexes.
   You have rejected the proposal for production of documents made in our May 31, 2005 letter.  We invite you, as we did in our May 31 letter, to make you own proposal.  We would consider any reasonable proposal that might facilitate the production.


This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

A 00535

# EXHIBIT V

A 00536

# EXHIBIT W

-----Original Message-----
**From:**        Wood, Stephen
**Sent:**        Tuesday, June 14, 2005 7:05 PM
**To:**          Bigus, Lawrence
**Cc:**          Friedman, Robert; Krolewski, Martin A.
**Subject:**     Parus/WorldCom

Larry -- Pursuant to our discussions today regarding production of the Debtors' documents, you have indexes you will produce in electronic form.  You have not had the opportunity to review them all in detail and you are concerned about the possibility of some type of privileged matter contained in these indexes.  We will agree that in the event there is some privileged matter contained in these indexes, production of the indexes will not constitute a waiver of the privilege.  This agreement pertains to indexes only and does not have any bearing on production of debtors' documents.  Please provide the indexes as soon as possible.

Stephen A. Wood
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, Illinois 60606
(312) 857-7070

A 00538