| | (January 2002) General – Drafts | | |
|---|---|---|---|
| PH 20330-20338 | Bridge Financing (January 2002) Term Sheet – Issues ACP | | 1, 16 |
| PH 20339-20605 | Bridge Financing (September 2001) General – Drafts | | 1, 16 |
| PH 20606-22902 | Bridge Loan (June 2001) | | 1, 2, 3 |
| PH 22903-22997 | Equity Fund Raising Misc 2001-2002 | | 1, 2, 3, 16 |
| PH 22998-23167 | Equity Fund Raising Misc Connor M | | 1, 2, 3, 16 |
| PH 23168-23189 | Revolver (June 2002) | | 1, 2, 3 |
| PH 23190-23331 | Bridge Financing (January 2002) Term Sheet – Issues | | 1, 2, 3, 16 |
| PH 23332-23703 | | WorldCom Related | 1, 2, 3, 5, 6, 14, 19 |
| PH 23704-23721 | | Intermedia Related | 1, 2, 3, 18 |
| PH 23722 | SSB Forecast | | 2 |

A 01870

# EXHIBIT V

A 01871

-----Original Message-----
**From:**       Wood, Stephen
**Sent:**       Tuesday, June 14, 2005 7:05 PM
**To:**         Bigus, Lawrence
**Cc:**         Friedman, Robert; Krolewski, Martin A.
**Subject:**    Parus/WorldCom

Larry — Pursuant to our discussions today regarding production of the Debtors' documents, you have indexes you will produce in electronic form.  You have not had the opportunity to review them all in detail and you are concerned about the possibility of some type of privileged matter contained in these indexes.  We will agree that in the event there is some privileged matter contained in these indexes, production of the indexes will not constitute a waiver of the privilege.  This agreement pertains to indexes only and does not have any bearing on production of debtors' documents.  Please provide the indexes as soon as possible.

Stephen A. Wood
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, Illinois 60606
(312) 857-7070

1

A 01872

# EXHIBIT W

A 01873

-----Original Message-----
**From:** Ramsay, Donald [mailto:dramsay@stinsonmoheck.com]
**Sent:** Wednesday, June 15, 2005 2:40 PM
**To:** Wood, Stephen
**Cc:** Bigus, Lawrence; Ramsay, Donald
**Subject:** Document indexes

 Attached are the indexes of documents offered to be produced under the terms stated in our May 31, 2005 correspondence. The indexes are produced subject to your agreement, stated in your e-mail of this date, that providing the indexes does not waive any privilege that there may be for information contained in the indexes or, of course, the documents referred to in the indexes.
 You have rejected the proposal for production of documents made in our May 31, 2005 letter. We invite you, as we did in our May 31 letter, to make you own proposal. We would consider any reasonable proposal that might facilitate the production.


This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

A 01874

# EXHIBIT X

A 01875

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Thursday, June 16, 2005 9:13 AM
**To:** Wood, Stephen
**Cc:** Befort, Jeff; Ramsay, Donald
**Subject:** Scheduling Order Deadlines in Parus v. MCI

You have asked for an extension of time to name experts in the above referenced case. You have not indicated how much time you want. At this time we are considering your request. You claim that you need the extension because you cannot name experts on the subject of Claimant's damages until you review Debtor's documents. In order to help us understand why you need the additional time please provide us with the following information:

1.   How much time you are seeking.

2.   The subjects on which you intend to have experts testify.

3.   How many experts you intend to have testify.

Upon receipt of the above information we will discuss the request for extended deadlines with our client. If we receive the information today we should be in a position to discuss your request with you either tomorrow or early Monday. Thank you in advance for sending the information.

Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                              Email: lbigus@stinsonmoheck.com

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# EXHIBIT Y

A 01877

-----Original Message-----
**From:** Wood, Stephen
**Sent:** Thursday, June 16, 2005 1:58 PM
**To:** Bigus, Lawrence
**Cc:** Friedman, Robert; Krolewski, Martin A.
**Subject:** RE: Scheduling Order Deadlines in Parus v. MCI

I appreciate your consideration of this request. With regard to the time, its more a matter of properly sequencing discovery and setting up the deadline for expert disclosures once fact discovery, to include depositions of the current/former employees of debtors, is substantially underway. So, the deadline should allow sufficient time to review debtors' documents and take some of the depositions of the current/former employees of debtors. I am happy to discuss with you a reasonable time period.

I am not absolutely certain of the number of experts I would like to call at trial. However many there are, the issue again is permitting them access to the factual record to include debtors' documents and witnesses in advance of the disclosure deadline. Again, I could better assess the requirement after conducting fact discovery. Whatever estimate I give you now is subject to change after I have reviewed your documents and taken depositions of persons involved in the events.

With regard to subject matters, we have addressed this to some degree in our June 6th letter to the court requesting an informal conference. Do you need more information than this?

I am likely out most of tomorrow, but will be in the office Monday morning.

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Thursday, June 16, 2005 9:13 AM
**To:** Wood, Stephen
**Cc:** Befort, Jeff; Ramsay, Donald
**Subject:** Scheduling Order Deadlines in Parus v. MCI

You have asked for an extension of time to name experts in the above referenced case. You have not indicated how much time you want. At this time we are considering your request. You claim that you need the extension because you cannot name experts on the subject of Claimant's damages until you review Debtor's documents. In order to help us understand why you need the additional time please provide us with the following information:

1.  How much time you are seeking.

2.  The subjects on which you intend to have experts testify.

3.  How many experts you intend to have testify.

Upon receipt of the above information we will discuss the request for extended deadlines with our client. If we receive the information today we should be in a position to discuss your request with you either tomorrow or early Monday. Thank you in advance for sending the information.

7/12/2005

A 01878

Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                    Email: lbigus@stinsonmoheck.com

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# EXHIBIT Z

A 01880

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Sunday, June 19, 2005 10:25 AM
**To:** Wood, Stephen
**Cc:** Ramsay, Donald; Befort, Jeff
**Subject:** Parus Request for Scheduling Order Extension

You have failed to provide us information which is absolutely pertinent and necessary in order to analyze your request for an extension of deadlines contained in the amended scheduling order. We do not understand how you can expect either the Court or our client to consider an extension to the deadlines in the amended scheduling order without providing such basic information as the proposed new date and/or what experts you may designate by the new date. Please provide this information ASAP.

As you have been aware for sometime I will be out of the office on a business trip for MCI on Monday and Tuesday. I will try to stay in touch by email and voice mail so that if you decide to provide the necessary information our client can consider your request before the hearing on Wednesday. Please provide the necessary information by return email.

Thank you for your attention to this matter.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax: 888 873 4847                    Email: lbigus@stinsonmoheck.com


This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.


6/20/2005                                                                A 01881

# EXHIBIT AA

A 01882

-----Original Message-----
**From:** Wood, Stephen
**Sent:** Monday, June 20, 2005 5:56 PM
**To:** Bigus, Lawrence
**Cc:** Friedman, Robert; Krolewski, Martin A.
**Subject:** RE: Parus Request for Scheduling Order Extension

As I indicated on Thursday, it is difficult to be precise regarding expert requirements when we have yet to look at the debtors' documents or take the depositions of their current and former employees. Some of our expert witnesses may be obviated by testimony from WorldCom employees.

The subjects of testimony include but are not limited to, as I've indicated before, the value of the take-or-pay minimum obligation in the contract, the value of the contract beyond the take-or-pay, the WorldCom business model for Unified Communications, projections regarding the market for Unified Communications products, the EffectNet/Webley business model, the investment climate at the relevant time generally and in the telecom industry specifically, and the impact of contract breach and other actions on the EffectNet/Webley business (which encompasses damages and causation).

I would estimate that we may need 4 to 5 experts to cover these subjects, but this is a rough estimate since we need to review the documents and take depositions of WorldCom personnel regarding those documents to accurately assess our expert witness requirements. As I said above, some of these topics may be covered by WorldCom employees.

As for timing, that depends to a very large degree on you and how long it takes you to produce documents. As we've discussed before, document production should be complete before we take depositions to avoid unnecessarily redeposing witnesses. Once your document production is complete, I need a minimum of 75 days to take depositions of WorldCom employees before we have to disclose experts, assuming we can efficiently locate witnesses and take their depositions. Assuming hypothetically that your production is essentially complete by the end of August, an optimistic estimate since you have 10,000 boxes of documents, we would like until mid-November to disclose experts. If you were able to complete your document production by the end of July, I would need until mid-October. This is comparable to the time frame envisioned under the scheduling order entered in January 2005.

We are in the process of reviewing your indexes and have not yet determined whether they are helpful. We will advise you shortly regarding this review.

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Sunday, June 19, 2005 10:25 AM
**To:** Wood, Stephen
**Cc:** Ramsay, Donald; Befort, Jeff
**Subject:** Parus Request for Scheduling Order Extension

You have failed to provide us information which is absolutely pertinent and necessary in order to analyze your request for an extension of deadlines contained in the amended scheduling order. We do not understand how you can expect either the Court or our client to consider an extension to the deadlines in the amended scheduling order without providing such basic information as the proposed new date and/or

A 01883

what experts you may designate by the new date.  Please provide this information ASAP.

As you have been aware for sometime I will be out of the office on a business trip for MCI on Monday and Tuesday.  I will try to stay in touch by email and voice mail so that if you decide to provide the necessary information our client can consider your request before the hearing on Wednesday.  Please provide the necessary information by return email.

Thank you for your attention to this matter.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial:  913 344 8026
Fax:  888 873 4847                          Email:  lbigus@stinsonmoheck.com



This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.


7/12/2005                                                                                    **A 01884**

# EXHIBIT BB

A 01885

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Tuesday, June 21, 2005 2:18 PM
**To:** Wood, Stephen
**Cc:** Ramsay, Donald; Befort, Jeff
**Subject:** RE: Parus Request for Scheduling Order Extension

We have already produced our documents. On May 341, 2005 we sent you a letter which produced the documents and talked about the procedures for production. We have advised you as to the location of the documents. You have an index of the documents. The documents have been produced and it is up to you to inform us as to when you want to view the documents. Additionally, there is the subject of the cost of review. Since you want to examine the documents we expect that you will pay the cost of removing them from the storage shelves and then returning them to the storage shelves.

We cannot agree to an extension of time without knowing the date you want. We doubt the Court will agree to an open ended extension. Furthermore, we question whether you will even be able to use experts along the lines outlines below. We believe you are trying to contrive damages that are not legally recoverable. Unless you give us a date certain there is nothing for us to agree to or not agree to in connection with your request for more time.

**From:** Wood, Stephen [mailto:SWood@KelleyDrye.com]
**Sent:** Monday, June 20, 2005 4:56 PM
**To:** Bigus, Lawrence
**Cc:** Friedman, Robert; Krolewski, Martin A.
**Subject:** RE: Parus Request for Scheduling Order Extension

As I indicated on Thursday, it is difficult to be precise regarding expert requirements when we have yet to look at the debtors' documents or take the depositions of their current and former employees. Some of our expert witnesses may be obviated by testimony from WorldCom employees.

The subjects of testimony include but are not limited to, as I've indicated before, the value of the take-or-pay minimum obligation in the contract, the value of the contract beyond the take-or-pay, the WorldCom business model for Unified Communications, projections regarding the market for Unified Communications products, the EffectNet/Webley business model, the investment climate at the relevant time generally and in the telecom industry specifically, and the impact of contract breach and other actions on the EffectNet/Webley business (which encompasses damages and causation).

I would estimate that we may need 4 to 5 experts to cover these subjects, but this is a rough estimate since we need to review the documents and take depositions of WorldCom personnel regarding those documents to accurately assess our expert witness requirements. As I said above, some of these topics may be covered by WorldCom employees.

As for timing, that depends to a very large degree on you and how long it takes you to produce documents. As we've discussed before, document production should be complete before we take depositions to avoid unnecessarily redeposing witnesses. Once your document production is complete, I need a minimum of 75 days to take depositions of WorldCom employees before we have to disclose experts, assuming we can efficiently locate witnesses and take their depositions. Assuming hypothetically that your production is essentially complete

6/23/2005

A 01886

by the end of August, an optimistic estimate since you have 10,000 boxes of documents, we would like until mid-November to disclose experts. If you were able to complete your document production by the end of July, I would need until mid-October. This is comparable to the time frame envisioned under the scheduling order entered in January 2005.

We are in the process of reviewing your indexes and have not yet determined whether they are helpful. We will advise you shortly regarding this review.

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Sunday, June 19, 2005 10:25 AM
**To:** Wood, Stephen
**Cc:** Ramsay, Donald; Befort, Jeff
**Subject:** Parus Request for Scheduling Order Extension

You have failed to provide us information which is absolutely pertinent and necessary in order to analyze your request for an extension of deadlines contained in the amended scheduling order. We do not understand how you can expect either the Court or our client to consider an extension to the deadlines in the amended scheduling order without providing such basic information as the proposed new date and/or what experts you may designate by the new date. Please provide this information ASAP.

As you have been aware for sometime I will be out of the office on a business trip for MCI on Monday and Tuesday. I will try to stay in touch by email and voice mail so that if you decide to provide the necessary information our client can consider your request before the hearing on Wednesday. Please provide the necessary information by return email.

Thank you for your attention to this matter.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial: 913 344 8026
Fax:  888 873 4847                          Email:  lbigus@stinsonmoheck.com




This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.


Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this communication, unless otherwise stated, is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is

6/23/2005                                                                      A 01887

accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# EXHIBIT CC

A 01889

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICES

JAKARTA, INDONESIA

MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2311

EMAIL: swood@kelleydrye.com

June 27, 2005

**VIA FACSIMILE and U.S. MAIL**

Lawrence W. Bigus, Esq.
Stinson Morrison Hecker LLP
9 Corporate Woods, Suite 450
9200 Indian Creek Prkway
Overland Park, Kansas 66210

    Re:    In re WorldCom -- Chapter 11
              <u>Case No. 02-13533 -- Claim of Parus Holdings, Inc.</u>

Dear Mr. Bigus:

        We have carefully reviewed your letters of May 31, 2005 and June 1, 2005 and your email of June 22, 2005 regarding your proposal for producing the Debtors' documents. We have some significant concerns about your proposal, some of which are addressed in my E-mail to you on June 1, 2005. I will expand on those comments.

        First, I looked at the 10 indexes you forwarded on June 15, 2005. As you yourself predicted, we were not able to discern whether boxes described therein contained responsive documents. The contents descriptions are either too general, obviously nonresponsive, or otherwise meaningless to us.

        You also assert in your June 22, 2005 E-mail, that you have produced documents. To set the record straight, you produced an extremely limited number of documents in response to our Request for Production of Documents. Most of the documents were already in our possession. Approximately 30 pages of the 485 pages you produced were documents we had not seen before. Half of these were E-mails apparently printed on your secretary's computer. So your production of new information has been almost nonexistent. All you have done beyond that is send us a proposal with essentially useless indexes, insisting that we bear the burden and expense of culling through your clients' files to identify responsive documents. This proposal appears to be an effort to either conceal responsive documents or shift your obligations under the discovery rules to us.

CH01/WOODS/197275.1

**A 01890**

KELLEY DRYE & WARREN LLP

Lawrence W. Bigus, Esq.
June 27, 2005
Page Two

We have produced documents to you, nearly 23,000 pages, that you requested. We have undertaken a time-consuming effort to find, review, and produce these documents. We undertook the effort because the rules require it. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) (the general presumption under the discovery rules is that the responding party must bear the expense of complying with discovery requests). These are your client's indexes and documents. Your client knows them better than we do. Your client is in a better position than we are to cull responsive documents. We expect compliance with the rules and an expeditious production of responsive documents.

As for the deadline for Parus to disclose experts, I need a commitment from you as to when we can expect to receive all of your responsive documents. Once that is done, I have offered to disclose my experts 75 days from that date.

Finally, there is one other outstanding issue. You indicated to me in an earlier conversation that responsive Intermedia documents were missing because they had been placed in a depository and the depository could not be found. You also indicated to me that you have no electronic documents, a fact that I find very difficult to accept. If documents have in fact been lost or destroyed, there can be consequences as I'm sure you are aware. Your client had an obligation to preserve such documents, particularly since it was aware at the time of the negotiation of the Master Agreement for Software Licensing that the contract with EffectNet was breached by Intermedia. Sanctions may be imposed even if documents were destroyed or lost through ordinary negligence. *See Zubulake v. UBS Warburg, LLC*, 2004 WL 1620866 (July 20, 2004). Please provide me with any information you have regarding this matter.

Sincerely,

Stephen A. Wood

Stephen A. Wood

SAW/

# EXHIBIT DD

A 01892

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Monday, June 27, 2005 5:31 PM
**To:** Wood, Stephen
**Cc:** Befort, Jeff; Ramsay, Donald
**Subject:** inaccurate and false assumptions in your letter

Your letter, sent a few minutes ago, is highly disturbing because it contains allegations which are false, inaccurate, and misleading and because it contains threats which are designed to bully our clients into taking certain action.

We will respond to the bulk of your letter in more detail later in the week. I have been in an all day meeting today and will be in an all day CLE tomorrow. I wanted, however, to immediately respond to the false and inaccurate allegations.

I have **never** indicated "that responsive Intermedia documents were missing because they had been placed in a depository and the depository could not be found." I did indicate that it took us a brief period of time to locate the depository. As you are more than aware the depositories have been located. That is the reason you have indexes to a large volume of documents.

I have **never** indicated that MCI has "no electronic documents." I did indicate that many electronic documents involved legal counsel and therefore were privileged documents. I also indicated that the search for electronic documents was continuing. We have produced electronic documents for your review. If we had no electronic documents how could we have produced some electronic documents.

The fact that you might already have many of the documents produced does not mean that MCI and Intermedia have failed to follow the rules. There is no rule requiring us to make up documents so that we can produce something which either you do not already have and/or supports your case. We are not trying to hide any documents from you. An examination of the record indicates just the opposite. We have made indexes available to you which refer to documents far beyond what you requested. We are willing to allow you to review all of the documents to see what you can find on your fishing expedition. Opening up all documents, whether or not requested, is certainly not evidence of an intent to hide anything.

Based on the above alleged statements, which are totally false, you threaten sanctions. This type of threat is totally inappropriate at this point in litigation. We would like to work with you but if you are going to continually allege that we have made statements which we have never made, and then threaten sanctions based on the fabricated statements, we will not be very productive in our dealings. I hope we do not reach a point where all of my communications with you have to be in writing in order to stop such bold, broad and inaccurate statements. It is now apparent that at a minimum I need another attorney present during all of my conversations with you. Therefore, when you call I will put the call on hold until I can obtain the presence of another attorney.

We will send you further correspondence concerning how you are going to review the large volume of Intermedia documents which we have now produced. We have located additional documents (beyond those reflected in the indexes) which are being sent to our office. As soon as we receive the additional documents we will deal with producing those documents. Our future correspondence will analyze and set forth applicable case law concerning the cost burden involved in these types of production. The law is not as simple as you attempt to

A 01893

make it in your letter.  I believe that our response to the cost sharing issue raised in your letter requires a detailed explanation of current applicable law.  After we have set forth the legal basis for our position then you can respond.  After that we can determine if we are going to be able to resolve the current dispute.

Since we have not received dates for the depositions that we have requested we will be sending out notices and if necessary subpoenas later this week.  It is imperative that we obtain the two depositions that we have requested.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial:  913 344 8026
Fax:  888 873 4847                    Email:  lbigus@stinsonmoheck.com



This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# EXHIBIT EE

A 01895

**From:** Wood, Stephen [mailto:SWood@KelleyDrye.com]
**Sent:** Tuesday, June 28, 2005 4:34 PM
**To:** Bigus, Lawrence
**Subject:** Accurate statements in my letter of June 27, 2005

Everything in my letter was true and accurate. If you didn't want your statements repeated in a letter, you should have obtained my agreement not to repeat your statements in writing.

You did tell me, in February I believe, that when Intermedia was acquired a lot of its employees were fired and their documents were put in a depository which you had been unable to locate. If you are now saying you have found the depository, that is new information. If that is not what you are saying and there is still an issue with regard to missing Intermedia documents, please tell me.

You also told me in court in New York on June 14, 2005 that you had no electronic documents because E-mail messages were not kept in a central location and were stored on local PCs which your client no longer had. I am not now and never have misrepresented your statements or the facts in this case. On the contrary, it is you who has done so, in papers submitted to the court no less. I refer to the fictional February 18th letter you claimed we sent you acknowledging receipt of your discovery and promising to respond by March 18th.

You keep saying you have produced your documents, but that is simply not so and your saying it doesn't make it so. You have actually turned over to us 485 pages of documents in response to our document requests. Producing indecipherable indexes to 10,000 boxes of documents is not compliance with the rules and could easily and reasonably be construed as an attempt by the producing party to avoid compliance with rules and production of responsive documents. At this point the court will draw its own conclusions.

If you wish to have all future communications in this case in writing that is fine with me. I don't appreciate being accused of false statements when I am speaking the truth.

I am obtaining dates for the René au brothers depositions and will provide them shortly. I don't have a problem producing them for deposition between the dates you suggested, assuming they are available then.

> -----Original Message-----
> **From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
> **Sent:** Monday, June 27, 2005 5:31 PM
> **To:** Wood, Stephen
> **Cc:** Befort, Jeff; Ramsay, Donald
> **Subject:** inaccurate and false assumptions in your letter
>
> Your letter, sent a few minutes ago, is highly disturbing because it contains allegations which are false, inaccurate, and misleading and because it contains threats which are designed to bully our clients into taking certain action.
>
> We will respond to the bulk of your letter in more detail later in the week. I have been in an all day meeting today and will be in an all day CLE tomorrow. I wanted, however, to immediately respond to the false and inaccurate allegations.

7/12/2005

A 01896

I have **never** indicated "that responsive Intermedia documents were missing because they had been placed in a depository and the depository could not be found." I did indicate that it took us a brief period of time to locate the depository. As you are more than aware the depositories have been located. That is the reason you have indexes to a large volume of documents.

I have **never** indicated that MCI has "no electronic documents." I did indicate that many electronic documents involved legal counsel and therefore were privileged documents. I also indicated that the search for electronic documents was continuing. We have produced electronic documents for your review. If we had no electronic documents how could we have produced some electronic documents.

The fact that you might already have many of the documents produced does not mean that MCI and Intermedia have failed to follow the rules. There is no rule requiring us to make up documents so that we can produce something which either you do not already have and/or supports your case. We are not trying to hide any documents from you. An examination of the record indicates just the opposite. We have made indexes available to you which refer to documents far beyond what you requested. We are willing to allow you to review all of the documents to see what you can find on your fishing expedition. Opening up all documents, whether or not requested, is certainly not evidence of an intent to hide anything.

Based on the above alleged statements, which are totally false, you threaten sanctions. This type of threat is totally inappropriate at this point in litigation. We would like to work with you but if you are going to continually allege that we have made statements which we have never made, and then threaten sanctions based on the fabricated statements, we will not be very productive in our dealings. I hope we do not reach a point where all of my communications with you have to be in writing in order to stop such bold, broad and inaccurate statements. It is now apparent that at a minimum I need another attorney present during all of my conversations with you. Therefore, when you call I will put the call on hold until I can obtain the presence of another attorney.

We will send you further correspondence concerning how you are going to review the large volume of Intermedia documents which we have now produced. We have located additional documents (beyond those reflected in the indexes) which are being sent to our office. As soon as we receive the additional documents we will deal with producing those documents. Our future correspondence will analyze and set forth applicable case law concerning the cost burden involved in these types of production. The law is not as simple as you attempt to make it in your letter. I believe that our response to the cost sharing issue raised in your letter requires a detailed explanation of current applicable law. After we have set forth the legal basis for our position then you can respond. After that we can determine if we are going to be able to resolve the current dispute.

Since we have not received dates for the depositions that we have requested we will be sending out notices and if necessary subpoenas later this week. It is imperative that we obtain the two depositions that we have requested.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210
Direct Dial:  913 344 8026
Fax:  888 873 4847                         Email:  lbigus@stinsonmoheck.com


This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

7/12/2005                                                                              **A 01897**

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this communication, unless otherwise stated, is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

7/12/2005

A 01898

# EXHIBIT FF

A 01899

-----Original Message-----
**From:** Bigus, Lawrence [mailto:lbigus@stinsonmoheck.com]
**Sent:** Wednesday, June 29, 2005 10:16 AM
**To:** Wood, Stephen
**Cc:** Ramsay, Donald; Bigus, Lawrence; Befort, Jeff
**Subject:** Extension of Scheduling Order Deadlines

This email is to confirm the discussion that we had this morning concerning the issue of extending scheduling order deadlines. We proposed that the deadline for your clients to name experts be extended 120 days and that the amended scheduling order contain a statement indicating that: 1) you need to review documents being produced by MCI/Intermedia prior to naming experts; 2) it may take time to accomplish the review given disagreements as to the method of review, who pays the costs of the review, and related issues which might delay review; and 3) that if the review is not completed in time to name experts the deadline may need to be extended again. You indicated that you needed to consider this proposal. Obviously, the other deadlines in the scheduling order will need to be extended accordingly.

As you are aware we have produced the documents by making them available for your review and telling you where they are located. You may go to the depositories at any time and review these documents. The depositories will charge you to pull the boxes from the shelves and then to return the boxes to the shelves (we currently believe this cost will be around $2.00 per box but do not have firm estimates). Please advise as to the dates that you want to go to the depositories and review the documents. Upon receiving your selected dates we will instruct the depositories to expect you and to allow you to review the documents. We will review the documents as they are given to you in order to make sure that nothing is being produced which is protected by the attorney client privilege and/or work product doctrines.

We would like to continue to discuss with you the cost shifting issues. As we have indicated to you we will write you a letter on this issue in the near future. After receiving our letter we expect that you will give us the courtesy of writing a return letter with your position. After that we can determine whether there is room for agreement or this is an issue that needs presenting to the court. We both need to keep an open mind on the cost shifting issue until we each have the benefit of receiving in writing a full analysis of each other's position.

Please be assured that it is our intention to allow you to review all of the documents except for documents which are protected as indicated above, MCI/Intermedia is actually willing to produce more documents then you have requested. We are not trying to hide anything but rather are willing to allow you to review everything.


Lawrence W. Bigus
9200 Indian Creek Parkway Suite 450
Overland Park, KS. 66210

7/1/2005

A 01900

Direct Dial:  913 344 8026
Fax:  888 873 4847                    Email:  lbigus@stinsonmoheck.com

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

7/1/2005                                                                                            **A 01901**

# EXHIBIT GG

A 01902

# ORIGINAL

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------x

In re

                    Case No.

WORLDCOM, INC., et al,     02-13533

        Reorganized Debtors.

------------------------------x


            June 29, 2005

            3:13 p.m.

            United States Custom House

            One Bowling Green

            New York, New York    10004


        (Proceedings -- Entire Day)


3:00 02-13533 WORLDCOM, INC., et al


Conference call re Parus Holdings.


B E F O R E:

    THE HONORABLE ARTHUR J. GONZALEZ

    United States Bankruptcy Judge

```
 1

 2    A P P E A R A N C E S:

 3       STINSON MORRISON HECKER LLP

         Attorneys for Reorganized Debtors

 4           1201 Walnut Street

             Kansas City, Missouri    64106

 5

      BY:  LAWRENCE BIGUS, ESQ.

 6                          (via telephone)

             -and-

 7           DONALD RAMSAY, ESQ.

                            (via telephone)

 8

 9       KELLEY DRYE & WARREN LLP

         Attorneys for Parus Holdings

10           101 Park Avenue

             New York, New York    10178

11

      BY:  STEPHEN WOOD, ESQ.

12                          (via telephone)

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              Proceedings
 2              JUDGE GONZALEZ:  This is Judge
 3  Gonzalez.
 4              MR. WOOD:  Your Honor, Stephen Wood
 5  on behalf of the claimant Parus Holdings.
 6              MR. BIGUS:  Larry Bigus on behalf
 7  of the Debtors WorldCom.
 8              JUDGE GONZALEZ:  Originally I was
 9  going to do this conference call in my
10  chambers, but I realized that if my intention
11  was then to rule on the motion before me,
12  that I should do it on the record.
13              With respect to Parus Holdings'
14  motion to withdraw and/or amend deemed
15  admissions and to serve late responses and
16  objections to Debtors' discovery requests in
17  connection with the Debtors' objections to
18  the claims of Parus Holdings, Inc., the Court
19  finds that the appropriate analysis for
20  purposes of the admissions is Rule 36(b), and
21  under those standards the Court finds that it
22  would be appropriate to grant Parus Holdings'
23  request and enable them to then withdraw
24  and/or amend the deemed admissions.  However,
25  with respect to the objections to the
```

```
 1            Proceedings
 2   interrogatories and the requests for
 3   productions, the Court finds that the
 4   standard there is excusable neglect under
 5   9006.  The Court thus finds that Parus
 6   Holdings has not established excusable
 7   neglect and, therefore, the Court finds that
 8   such objections to interrogatories and
 9   requests for productions are waived.
10            Now, my recollection is that at the
11   last conference, I know there was a
12   discussion about when the production would
13   take place.  I am not sure where that
14   discussion ended with respect to both the
15   request for the Debtors to produce documents,
16   as well as the production for Parus, as to
17   whether or not that production had taken
18   place?
19            MR. BIGUS:  Judge, Larry Bigus.  My
20   recollection is that you ordered us to have
21   further discussions concerning the production
22   by both sides.  At this point, we have had
23   conversations.  Parus has produced about
24   23,000 pages.  WorldCom is in the process of
25   reviewing those.
```

```
 1              Proceedings

 2              Now that you have said that their

 3    objections are not valid, we would anticipate

 4    further production of documents, because

 5    there were a lot of objections to the

 6    requests.

 7              We have had discussions concerning

 8    the production by WorldCom.  We have agreed

 9    that the contents of those discussions would

10    be kept confidential between Mr. Wood, and

11    Mr. Ramsay of my firm, and myself, except for

12    discussions with the clients, if we came to

13    an agreement.  We haven't reached agreement.

14              I have told Mr. Wood that I would

15    send him a proposal as to how he might

16    proceed to review that volume of documents

17    and dealing with the cost-sharing issue where

18    we have substantial disagreement on who

19    should bear the burden of the cost of

20    producing that volume of documents, some

21    electronic and some hard.

22              MR. WOOD:  Your Honor, Mr. Wood on

23    behalf of Parus.  We have raised the issue of

24    amending the schedule with the Court, because

25    we were waiting to receive the bulk of the
```

1              Proceedings

2    documents to be produced by the Debtors.  We

3    were coming up on a deadline for us to

4    disclose our expert witnesses.  That deadline

5    was June 20th under the current scheduling

6    order that is in place.  The Court has

7    extended that deadline to July 5th, pending

8    the conduct of this hearing.  I have had some

9    conversations with counsel for the Debtors

10   about a date to extend the deadline for our

11   disclosing of expert witnesses, and we were

12   in agreement that an appropriate deadline

13   would be 120 days out.

14             There was an issue that I raised

15   with counsel for the Debtors concerning their

16   production of documents, because we have

17   received a proposal from them to produce

18   documents but no documents yet.  I believe

19   that is in part because there is a

20   disagreement between the parties as to the

21   manner in which the documents should be

22   produced.  So I was going to seek from the

23   Court to include in the amended scheduling

24   order an intermediate deadline for all the

25   parties to produce their responsive

```
 1              Proceedings
 2   documents, which would also apply to us,
 3   which would include any additional documents
 4   that we had to produce in light of the
 5   Court's ruling on our motion.  So that is the
 6   only other issue that I would raise at this
 7   time.
 8              JUDGE GONZALEZ:  How does that then
 9   resolve the dispute or does it just leave it
10   to the parties to resolve it and then for me
11   to be involved, if it is not resolved?
12              MR. BIGUS:  Your Honor, this is
13   Larry Bigus.  In my opinion we have legally
14   produced the documents.  We have given them
15   indexes to tens of thousands of boxes.  We
16   have given them the location where those
17   boxes are kept.  Under Rule 34(b) we have
18   chosen to produce those as they are kept in
19   the usual course of business.
20              Now, I acknowledge there are real
21   world practicalities that WorldCom has an
22   obligation to deal with and I think so do the
23   claimants.  I think creating an artificial
24   deadline, that Your Honor is right on point,
25   that it doesn't solve anything.  WorldCom
```