STINSON MORRISON HECKER LLP

Robert L. Driscoll, Esq.
Allison M. Murdock, Esq.
Jodi M. Hoss, Esq.
1201 Walnut, Suite 2900
Kansas City, MO  64106
Attorneys for Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | CHAPTER 11 CASE |
| | : | NO. 02-13533 (AJG) |
| WORLDCOM, INC., et al., | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |

**WORLDCOM'S REPLY TO PARUS HOLDING, INC.'S "STATEMENT IN RESPONSE AND OPPOSITION TO DEBTORS' STATEMENT OF UNDISPUTED MATERIAL FACTS"**

WorldCom, Inc. ("WorldCom") provides the following response to Claimant Parus Holdings, Inc.'s ("Parus Holdings") "Statement in Response and Opposition to Debtors' Statement of Undisputed Material Facts" (Docket No. 17603).

**WORLDCOM'S REPLY IN SUPPORT OF ITS STATEMENT OF UNDISPUTED MATERIAL FACTS**

Parus Holdings has not raised any genuine issue of material fact that would preclude summary judgment in favor of WorldCom and Intermedia Communications, Inc. ("Intermedia") as a matter of law.

A.   **Facts Admitted By Parus Holdings**

Parus Holdings admits outright 12 paragraphs of WorldCom's Facts.[1]

---

[1] The paragraphs Parus Holdings admits without qualification or expansion are as follows: WorldCom's Facts ¶¶ 1, 2, 3, 5, 8, 9, 11, 12 13, 14, 15 and 19.

**A 02817**

### B. Facts Parus Holdings Purports to Dispute By Referring the Court to the Full Text of a Prior Pleading and the Full Text of the UC Contract

Parus Holdings purports to deny one paragraph of WorldCom's Facts that is based on the plain language of Response and Opposition to Debtors' Objection to EffectNet's Proof of Claim (SOF ¶ 4) and five paragraphs based on the plain language of the UC Contract (SOF ¶¶ 6, 7, 10, 18 and 20) by referring the Court to the documents themselves for a full and complete statement of their content. Parus Holdings, however, does not and cannot identify any actual dispute with these paragraphs of WorldCom's Facts because the documents do not controvert the Facts. Parus Holdings' method of responding to WorldCom's Facts merely creates the illusion of a dispute where none exists in reality.

Fed. R. Civ. P. 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific *facts* showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). Parus Holdings' referral to its prior pleading and the UC Contract for a complete statement of their content does not raise an issue of fact; it merely directs the Court to the plain terms of these documents, the interpretation of which is an issue of law. Accordingly, WorldCom's Facts ¶¶ 6, 7, 10, 18 and 20 should be deemed to be undisputed for purposes of the pending motion for summary judgment. Fed. R. Civ. P. 56(e).

### C. Facts Parus Holdings Purports To Dispute Based on Inadmissible Evidence

Parus Holdings impermissibly purports to dispute seven paragraphs of WorldCom's Facts by relying on inadmissible evidence.

WorldCom's Facts ¶¶ 16 and 17 are based on the plain language of letters from Robert C. McConnell, General Counsel of EffectNet, to Rich Black of Intermedia terminating the UC

2

Contract. Parus Holding purports to deny these facts by referring the Court to an affidavit submitted by Mr. McConnell in which he claims that his letters of default notice of termination to Intermedia were not intended to terminate the UC Contract. Parus Holdings, however, does not and cannot dispute the content of Mr. McConnell's letters. And Mr. McConnell cannot by affidavit attempt to modify the content or legal effect of his letters. Fed. R. Civ. P. 56(e); Fed. R. Bank. P. 7056; see also BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996) ("[U]ltimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion."); In re Chateaugay Corp, 116 B.R. 887, 905 (S.D.N.Y. Bankr. 1990) (post hoc, self-serving statements which show affiant's subjective intent are inadmissible). See also WorldCom's Motion to Strike, filed contemporaneously with this Reply, which requests the Court to strike and disregard the referenced affidavit statements of Mr. McConnell.[2] Therefore, WorldCom's Facts ¶¶ 16 and 17 should be deemed to be undisputed for purposes of WorldCom's Motion. Fed. R. Civ. P. 56(e).

WorldCom Facts ¶¶ 21-25 are based on the plain language of the UC Contract and the unpaid obligations that accrued prior to April 12, 2002, under the UC Contract. Parus Holdings' dispute with these Facts is predicated on legal conclusions stated in the affidavit by Taj Reneau, EffectNet's President and Chief Operating Officer. Parus Holdings, however, does not and cannot dispute the plain language of the UC Contract. And, Mr. Reneau cannot by affidavit interpret the terms of the UC Contract, which is a function of this Court. Taylor v. State Farm Mut. Auto. Ins. Co., 854 P.2d 1134, 1138 (Ariz. 1993) (parol evidence rule prohibits extrinsic evidence to vary or contradict agreement); see also Fed. R. Civ. P. 56(e); Fed. R. Bank. P. 7056; BellSouth Telecomms., 77 F.3d at 615 ("[U]ltimate or conclusory facts and conclusions of law . .

---

[2] Parus Holdings also refers to Mr. McConnell's affidavit in its response to SOF ¶¶ 18 and 20. For the same reasons stated above, the affidavit is inadmissible.

cannot be utilized on a summary judgment motion."); In re Chateaugay Corp, 116 B.R. at 905 (best evidence of content of writing is document itself). See also WorldCom's Motion to Strike, filed contemporaneously with this Reply, which requests the Court to strike and disregard the referenced affidavit statements of Mr. Reneau. Therefore, WorldCom's Facts ¶¶ 21-25 should be deemed to be undisputed for purposes of WorldCom's Motion. Fed. R. Civ. P. 56(e).

### WORLDCOM'S RESPONSE TO PARUS HOLDINGS' "STATEMENT OF MATERIAL FACTS"

Parus Holdings' "Statement in Response and Opposition to Debtors' Statement of Undisputed Material Facts" sets forth 48 paragraphs of additional statements offered by Parus Holdings. These additional statements are immaterial to WorldCom's Motion; they fail to raise any issue of material fact that would preclude summary judgment in favor of WorldCom and Intermedia.

WorldCom responds to Parus Holdings' statements as follows:

For purposes of this Motion only, WorldCom does not dispute the following paragraphs of Parus Holdings' "Statement of Material Facts:" ¶¶ 26-35, 39-57, 64, 68-74. The remaining paragraphs are disputed as set forth below.

In paragraphs 36-38 and 58-63 of Parus Holdings' "Statement of Material Facts," Parus Holdings relies on the affidavit of its President and CEO, Taj Reneau, to characterize unambiguous terms in the UC Contract in a manner that is inconsistent with the UC Contract, assert legal conclusions and to supply post hoc statements of subjective intent. Thus, these paragraphs are not supported by admissible evidence and fail to raise any issue of material fact. See Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 299 (2d Cir. 1996) (construction of contract is question of law and parol evidence is not admissible to create ambiguity) (citations omitted); Taylor v. State Farm Mut. Auto. Ins. Co., 854 P.2d 1134, 1138 (Ariz. 1993) (parol

4

evidence rule prohibits extrinsic evidence to vary or contradict agreement); see also Fed. R. Civ. P. 56(e); Fed. R. Bank. P. 7056; <u>BellSouth Telecomms.</u>, 77 F.3d at 615 ("[U]ltimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion."); <u>In re Chateaugay Corp</u>, 116 B.R. at 905 (best evidence of content of writing is document itself). <u>See</u> also WorldCom's Motion to Strike, filed contemporaneously with this Reply, which requests the Court to strike and disregard, *inter alia*, the portions of Mr. Reneau's affidavit statements which are offered to support paragraphs 36-38 and 58-63 of Parus Holdings' "Statement of Facts."

As explained more fully below, Parus Holdings has failed to cite any evidence to support paragraphs 65-67 of its "Statement of Material Facts." Thus, these statements fail to raise any issue of fact that would preclude summary judgment. <u>See</u> Fed. R. Civ. P. 56(e) ("[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific *facts* showing that there is a genuine issue for trial).

- ¶ 65 – Relying on Exhibits S and V to Robert Friedman's affidavit, Parus Holdings states in this paragraph that from the date of the announcement of the proposed merger, WorldCom intended to proceed with a competing product called "genD" and shut down Intermedia's bundled product, IntermediaOne and Intermedia Unified Messaging. These exhibits, however, provide no support for this statement. Exhibit S merely describes how WorldCom's merger with Intermedia and its subsidiary Digex, a web and application hosting services company, will enhance WorldCom's generation D initiative. Exhibit V states that the core Intermedia lines of business will be sold and the most advantageous "packaging of

A 02821

Intermedia to prospective buyers would be as a 'going concern.'"  There is no reasonable basis to conclude from these exhibits that WorldCom intended to shut down Intermedia's product; Exhibit V states just the opposite.  Thus, ¶ 65 is unsupported.  <u>See</u> Fed. R. Civ. P. 56(e).

- ¶ 66 – Parus Holdings relies on the affidavit of Taj Reneau to support its allegation in this paragraph that Intermedia effectively stopped opening new accounts in early 2001.  Mr. Reneau's affidavit, however, does not even say this.  <u>See</u> Reneau Affidavit ¶ 26.  Mr. Reneau states that even as early as January 2001, EffectNet noticed that Intermedia was only opening new accounts for Intermedia sales representatives and certain Intermedia executives.  <u>Id.</u>  This is not surprising given that the roll out for the UC Contract only began in December of 2001.  UC Contract § 2.12 (Ex. A).  Moreover, Exhibit N relied on by Mr. Reneau in his affidavit further states (contrary to Mr. Reneau's representation) that increased account volumes were anticipated to begin after August of 2001.

Also relying on Exhibit O to Mr. Reneau's affidavit, Parus Holdings alleges that upon the closing of the merger WorldCom fired the Intermedia-EffectNet point person and disbanded the sales force.  Exhibit O is a July 20, 2001, email from James Renforth to four employees of EffectNet advising of his last day at Intermedia and providing the name of their new Intermedia contact, Jimmy Faust.  This e-mail says nothing about Mr. Renforth being fired and its says nothing about a sales force being disbanded.  Consequently, it does not support the propositions for which it is being cited.

For these reasons, ¶ 66 is unsupported.  <u>See</u> Fed. R. Civ. P. 56(e).

- ¶ 67 – Parus Holdings alleges in this paragraph that a spreadsheet titled "Vendor Management Contracts Status – Access & Services" evidences a discussion between WorldCom and Intermedia that the UC Contract was completed.  <u>See</u> Friedman Affidavit, Ex. Q.  The

spreadsheet does not evidence any discussion between WorldCom and Intermedia regarding the UC Contract.  Id.  But even assuming it did, the spreadsheet simply sets forth basic information, such as start and expiration dates, for contracts with vendors to Intermedia and states with regard to the UC Contract that it has an expiration date of 11/1/03 and a term of 36 months.[3]  Id.  Parus Holdings further alleges that a document dated November 21, 2000, evidences that pre-merger WorldCom intended to shut down Intermedia's bundled product, IntermediaOne and Intermedia Unified Messaging.  See Reneau Affidavit ¶ 26, Ex. N.  There is no reference at all in this documents to shutting down Intermedia's bundled product; rather, this document states that Intermedia lines of business will be sold to another organization.  Thus, ¶ 67 is unsupported.  See Fed. R. Civ. P. 56(e).

        Respectfully submitted,

        STINSON MORRISON HECKER LLP

        By:  *s/Robert L. Driscoll*
            Robert L. Driscoll
            Allison M. Murdock
            Jodi M. Hoss
            1201 Walnut Street, Suite 2900
            Kansas City, MO  64106
            (816) 842-8600 – Telephone
            (816) 691-3495 – Facsimile

        ATTORNEYS FOR REORGANIZED DEBTORS

---

[3] The only support for relating the spreadsheet to communications between WorldCom and Intermedia is Debtors' document production index, which regrettably was in error listing this document as being responsive to Request No. 18, which sought documents concerning Debtors' communications among each other regarding the UC Contract.  Absent that error, there is nothing in the document itself (nor its source, which are Intermedia's files from Florida) that evidences a discussion about the UC Contract, let alone a conspiracy to breach the contract.

A 02823

## CERTIFICATE OF SERVICE

  I hereby certify that on December 2nd, 2005, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties receiving electronic means.

               *s/Robert L. Driscoll*
               Attorney for Reorganized Debtors

A 02824