1

1
2
3    UNITED STATES BANKRUPTCY COURT
     SOUTHERN DISTRICT OF NEW YORK
4    ------------------------------x
     In re
5                                Case No.
     WORLDCOM, INC., et al,          02-13533
6
             Reorganized Debtors.
7    ------------------------------x
8                August 9, 2005
                 10:40 a.m.
9
                 United States Custom House
10               One Bowling Green
                 New York, New York    10004
11
             E X C E R P T
12       (Parus Holdings, Inc.)
13   10:30 Motion by Parus Holdings, Inc. to
     compel production of documents and to extend
14   discovery deadlines.
15   Response filed.
16
17
18   B E F O R E:
19       THE HONORABLE ARTHUR J. GONZALEZ
         United States Bankruptcy Judge
20
21
22
23
24
25

A 02848

2

**A P P E A R A N C E S:**

WEIL, GOTSHAL & MANGES LLP
Attorneys for Reorganized Debtors
        700 Louisiana, Suite 1600
        Houston, Texas   77002
BY:  ALFREDO R. PEREZ, ESQ.


STINSON MORRISON HECKER LLP
Attorneys for Stinson Morrison Hecker
        1201 Walnut Street
        Kansas City, Missouri   64106
BY:  ROBERT DRISCOLL, ESQ.
                        (via telephone)
        JENNIFER COLEMAN, ESQ.
                        (via telephone)
        DARRELL W. CLARK, ESQ.
                        (via telephone)
        SHANE MECHAM, ESQ.
                        (via telephone)
        PATRICIA KONOPKA, ESQ.
                        (via telephone)
            -and-
        NORMAN BEAL, ESQ.
                        (via telephone)
KELLEY DRYE & WARREN LLP
Attorneys for Parus Holdings
        333 West Wacker Drive
        Chicago, Illinois   60606

BY:  STEPHEN A. WOOD, ESQ.

3

1          Proceedings

2               (Whereupon, the following is an

3     excerpt from the proceedings taken on 8/9/05

4     in re WorldCom, Inc., et al, Case No.

5     02-13533)

6               JUDGE GONZALEZ:  I will take a

7     brief recess so that the parties on Parus

8     Holdings, who are present in the courtroom,

9     may set themselves up.  I will return at

10    10:30.

11              (Whereupon, from 10:25 p.m. to

12    10:40 a.m. a recess was taken.)

13              JUDGE GONZALEZ:  Please be seated.

14              Parus Holdings?

15              MR. WOOD:  Good morning, Your

16    Honor.  Stephen Wood on behalf of the

17    Claimant Parus Holdings.

18              This is Parus Holdings' motion to

19    compel production of documents from the

20    Debtors Intermedia Communications and MCI

21    Worldcom Communications, Inc.  Our motion

22    contains an exhaustive recitation of the

23    circumstances surrounding this discovery

24    dispute.  I don't intend this morning to wade

25    through all of the details.  I would like to

4

```
 1              Proceedings
 2   highlight certain facts that I think are
 3   particularly pertinent to the motion.
 4              On February 7, 2005, over six
 5   months ago, we served our request for
 6   production of documents.  On March 25, 2005,
 7   we received a written response from the
 8   Debtors.  They objected to every single one
 9   of our requests.  Along with this, we
10   received the production of 33 documents
11   consisting of over 343 pages.  In this
12   production in their written response the
13   Debtors indicated that they had thousands of
14   boxes of documents within warehouses.  We had
15   been informed about this probably a couple of
16   weeks before that by telephone.  We don't
17   know at this point exactly how long it is the
18   Debtors had known about these boxes in
19   warehouses.
20              Interestingly, during the
21   teleconference with the Court on June 29th,
22   where we were given leave to present this
23   motion to compel, the Court suggested that
24   the Debtors submit an affidavit regarding
25   their efforts to produce documents.  I
```

5

```
 1                    Proceedings
 2    haven't seen such an affidavit so far, Your
 3    Honor.
 4              Now, after March 25th, for several
 5    weeks we didn't receive any further
 6    communication or documents from the Debtors,
 7    so on May 12th I contacted Debtors' counsel
 8    to inquire about documents, but also about
 9    the scheduling order because we had a June
10    20th deadline for disclosing experts.  I
11    represented to Debtors' counsel that since we
12    hadn't received the documents and we hadn't
13    taken depositions of any of their witnesses,
14    we weren't in a position to disclose our
15    experts.  I asked them to agree to amend the
16    schedule.  They subsequently informed me that
17    they would object and would not agree to
18    amending the schedule allowing us additional
19    time to disclose experts.
20              Finally, on May 31st I received,
21    not documents, but a proposal from Debtors'
22    counsel for production of these thousands of
23    boxes of documents that were stored in
24    warehouses.  The essence of the proposal was
25    that there were indexes for these documents.
```

6

1                    Proceedings

2   The indexes were not very precise.  In fact,

3   Debtors' counsel admitted they were not able

4   to use these indexes to help them identify

5   responsive documents.  Nevertheless, they

6   wanted to provide us with these indexes and

7   they invited us to review them to identify

8   boxes of documents that were responsive to

9   our requests, that they would then review for

10  privilege and confidentiality and produce it

11  to us.  This proposal again recited the

12  litany we had heard earlier about thousands

13  of boxes of documents stored in multiple

14  locations around the country.

15               Now, the letter also interestingly

16  indicated that they hadn't actually reviewed

17  any of the stored documents at that point.

18  There was no mention in this proposal

19  regarding electronic documents.  Now, we

20  wrote them back the next day and, frankly, we

21  resisted this proposal.  I didn't feel that

22  if their own indexes were not helpful to

23  them, they would be of any use to us.

24               Now, there was a hearing before

25  Your Honor on June 14th on another motion.

7

1             Proceedings

2    Parus had brought a motion to amend that was

3    argued on that day.  During the argument on

4    that motion, I raised the issue of the

5    scheduling order and the discovery problems,

6    and the Court directed the parties to confer

7    about the schedule and about these discovery

8    issues.  As a result of that conference with

9    counsel, we agreed to take a look at their

10   indexes and they were going to try to move

11   the process forward.

12            The next thing is the indexes were

13   transmitted to us.  I looked at them

14   personally and they really were not of any

15   help to us.  There are a number of codings

16   that are used in these indexes that are

17   meaningless to us, and we were not able to

18   identify boxes of responsive documents with

19   these indexes.

20            Now, as I said, this Court held a

21   telephone conference on June 29th regarding

22   the scheduling order and these discovery

23   issues.  Interestingly, that morning I

24   received a telephone call from Debtors'

25   counsel where they offered to agree to a

8

```
 1                    Proceedings
 2    120-day extension to our deadline to
 3    disclosure experts.  I don't know what
 4    happened in the interim to cause them to
 5    change their position, but it may have had
 6    something to do with the fact that a
 7    conference was scheduled with the Court that
 8    afternoon.  I asked them if they would then
 9    agree to produce the documents by a date
10    certain in advance of the disclosure deadline
11    for our experts and they refused to.
12                    Now, prior to the telephone
13    conference with the Court on June 29th, the
14    Debtors also began to take the position that
15    they had, in fact, produced their documents.
16    I received an e-mail communication from
17    Debtors' counsel which stated the following:
18    "On May 31, 2005 we sent you a letter which
19    produced the documents and talked about the
20    procedures for production.  We have advised
21    you as to the location of the documents.  You
22    have an index of the documents.  The
23    documents have been produced and it is up to
24    you to inform us as to when you want to
25    review the documents."
```

**A 02855**

9

|    |                                                          |
|----|----------------------------------------------------------|
| 1  | Proceedings                                              |
| 2  | Additionally, there is the subject                      |
| 3  | of the cost of review.  "Since you want to              |
| 4  | examine the documents we expect that you will           |
| 5  | pay the cost of removing them from the                  |
| 6  | storage shelves and returning them to the               |
| 7  | storage shelves."  Now, they are asking us to           |
| 8  | also pay for the costs of reviewing their               |
| 9  | documents.                                               |
| 10 | We advised the Debtors on the 27th                      |
| 11 | of June that their indexes were not helpful.            |
| 12 | Frankly, since the 25th of the March, when we           |
| 13 | received their written response to our                  |
| 14 | request for production of documents, it                 |
| 15 | appeared as though the Debtors really hadn't            |
| 16 | done anything with regard to these stored               |
| 17 | documents and reviewing and producing them to           |
| 18 | us.                                                      |
| 19 | Now, in an e-mail to the Debtors'                       |
| 20 | counsel on the 27th of June, we found out               |
| 21 | that there were still more documents that               |
| 22 | evidently were responsive that they were                |
| 23 | intending to produce.  I don't know where               |
| 24 | these documents were kept or where they were            |
| 25 | coming from or why they hadn't been produced            |

10

| | |
|---|---|
| 1 | Proceedings |
| 2 | earlier.  There was no explanation with |
| 3 | regard to that in the e-mail communication |
| 4 | from Debtors' counsel. |
| 5 | Now, as I said, there was an |
| 6 | informal conference with Your Honor on the |
| 7 | 29th of June, where we were granted leave to |
| 8 | file a motion to compel.  Within an hour |
| 9 | after that telephone conference had |
| 10 | concluded, we received an offer from Debtors' |
| 11 | counsel where for the first time they agreed |
| 12 | to review their boxes of documents for |
| 13 | responsiveness.  This was made in spite of |
| 14 | earlier representations from the Debtors that |
| 15 | they had done more than the rules required, |
| 16 | and despite earlier representations by the |
| 17 | Debtors, that they had no way to tell which |
| 18 | boxes of documents were responsive. |
| 19 | Now, in response to this proposal, |
| 20 | I saw this as progress, Your Honor, but they |
| 21 | still wanted us to absorb costs for producing |
| 22 | these documents, and they would not commit to |
| 23 | producing the documents by a date certain. |
| 24 | For those reasons, I declined their offer. |
| 25 | Amazingly, a few days later we |

11

1                     Proceedings

2    received a supplemental document response,

3    which contained objections to every single

4    one of our document requests with no

5    documents.  On that same day we also received

6    correspondence from Debtors' counsel wherein

7    they demanded that we respond with all of our

8    remaining documents to be produced within 10

9    days.  In light of their position and their

10   refusal to commit to producing their own

11   documents by a date certain, I found this

12   demand to be quite astounding.

13              I suspect that counsel for the

14   Debtors will represent to the Court that all

15   of the steps that they have taken so far have

16   been reasonable and in compliance with the

17   rules.  I don't agree with that, Your Honor.

18              In our motion we have cited the

19   Chemtex case, which is a Southern District of

20   New York case, which I believe supports our

21   position.  Rule 34 of the Federal Rules of

22   Civil Procedure, which is applicable to this

23   proceeding, provides that parties may produce

24   documents in the manner in which they are

25   kept in the usual course of business.

12

1                    Proceedings

2    However, I believe that the usual course of

3    business does not cut it, if you will, when

4    that claim has the effect of affording

5    legitimate discovery.  This is the point that

6    is made by the Court in the Chemtex case.  In

7    that case the plaintiffs served a request for

8    documents.  The documents were organized

9    chronologically, rather than by customers.

10   The plaintiffs were seeking documents

11   relevant to a couple of particular customers.

12   The defendant in that case invited the

13   plaintiffs to come in and review the

14   documents in the manner in which they were

15   allegedly kept in the usual course of

16   business.  The Court held that that was

17   insufficient under the rules, because the

18   state of the corporation's records would make

19   it unreasonably burdensome for the

20   discovering party to search for the sought

21   after documents, the burden falls to the

22   discoveree to organize the documents so that

23   the discoverer can make reasonable use of

24   them.

25            Now, the cases that have been cited

13

```
 1              Proceedings
 2   by the Debtors in their response to our
 3   motion, I believe, Your Honor, are actually
 4   not inconsistent with this principle.  I
 5   believe the courts in those cases came to the
 6   conclusion that responsive documents were, in
 7   fact, produced in those cases and that
 8   plaintiffs had been given reasonable access
 9   to those documents.  That is not the case
10   here.
11              Now, in the response the Debtors
12   indicate that they are prepared to review and
13   produce 387 boxes of documents from these
14   warehouses that they have been discussing
15   repeatedly throughout this discovery dispute.
16   I don't know why they didn't offer to produce
17   these 387 boxes of documents back in March.
18   I don't understand.  My client is frankly
19   troubled, Your Honor, because he had to go to
20   the expense of bringing a motion to compel to
21   get progress in discovery.  I think the
22   history of discovery in this case is that the
23   Debtors won't take action until there is
24   imminent Court involvement.  They wouldn't
25   agree to extend the deadline for expert
```

14

```
 1                    Proceedings
 2   disclosure until we were on the cusp of a
 3   teleconference with the Court, and they
 4   wouldn't agree to review and produce
 5   documents from these warehouses until we were
 6   given permission to present a motion to
 7   compel.  I believe that that justifies an
 8   award of fees and costs incurred in
 9   presenting this motion this morning.
10                    I would say one last thing about
11   this motion for summary judgment that the
12   Debtors have filed.  It was filed one week
13   ago on August 1st.  I believe, Your Honor,
14   that it was filed without compliance with the
15   local rules which requires parties to request
16   an informal premotion conference.  Frankly,
17   the motion for summary judgment quite
18   extraordinarily states that if it is granted,
19   we would be entitled to no discovery
20   whatsoever, which I certainly don't agree
21   with and I don't agree with the merits for
22   the motion for summary judgment.  I don't
23   think that the motion for summary judgment
24   should be considered, frankly, particularly
25   in light of the fact that it was improperly
```

15

1              Proceedings

2    filed in response to our opposition to this

3    motion to compel.

4              In our motion to compel, Your

5    Honor, we didn't address the issue of

6    electronic documents.  Frankly, I don't think

7    there is a sufficient factual record before

8    the Court to deal with the issue of

9    production or cost shifting with regard to

10   the Debtors' electronic documents.  We

11   indicated in our motion and in the brief

12   reply, which we filed yesterday, that we

13   would like to work with the Debtors' counsel

14   to see if there was some resolution that we

15   can work out with regard to the production of

16   their electronic documents.  I don't think

17   that that is an issue that is completely ripe

18   for consideration by this Court today.

19              The relief that we are seeking,

20   Your Honor, is an order directing the parties

21   to produce their responsive documents.  It is

22   applicable to both parties by both sides by a

23   date certain.  I am willing to listen to the

24   proposal of the Debtors' counsel concerning

25   the date.  We would also like both parties to

16

1            Proceedings

2    be required to produce a privilege log by

3    that same date.  The order should direct the

4    parties to bear their own costs of

5    production.  As I said earlier, I would

6    request an award of reasonable fees and costs

7    in connection with bringing this motion.

8            Thank you.

9            JUDGE GONZALEZ:  The Debtors?

10           MR. DRISCOLL:  Your Honor, this is

11   Robert Driscoll for the Debtors.

12           Initially, as a point of

13   clarification, counsel advised the Court that

14   the Debtors were to provide an affidavit to

15   the Court per the Court's advice.  I forget

16   the date.  June 29, 2005 was the telephone

17   conference.  I have the transcript in front

18   of me and at page 14 the Court advised

19   counsel for Parus Holdings to file an

20   affidavit in connection with his anticipated

21   motion to compel, which, in fact, counsel

22   did.  The Court was not directing the Debtors

23   to do that.

24           With regard to the motion to

25   compel, which is in front of the Court today,

17

```
 1              Proceedings
 2   I believe it really all just centers on what
 3   constitutes production of documents in the
 4   usual course of business as provided by Rule
 5   34 of the Federal Rules of Civil Procedure.
 6   Here it regards a contract between Parus
 7   Holdings' predecessor company EffectNet and
 8   one of the Debtors, Intermedia, Inc.
 9              As the Court knows, Intermedia is a
10   bankrupt entity that ceased functioning as a
11   going concern quite some time ago and, as we
12   have discovered, its documents have been
13   boxed up and stored.  All this occurred long
14   before the current discovery request by Parus
15   Holdings.
16              As counsel has advised and the
17   papers in front of the Court advise, we are
18   told that the number of boxes of material in
19   Intermedia's documentary remains are in
20   excess of 10,000.  They are located in four
21   different repositories in various parts of
22   the United States.  All this is reflected in
23   the declaration of Attorney Ramsay from our
24   law firm, which is Exhibit E to our response
25   in opposition to the current motion to
```

18

1                   Proceedings

2     compel.

3             As Mr. Ramsay explained in his

4     response, just to gather the over 10,000

5     documents in one place, so that they could be

6     systematically reviewed, based on a vendor's

7     bid, it would cost approximately $149,000.

8     That is just for logistics.  It does not

9     count the cost probably double that for

10    actual review by trained personnel.

11            As to the efforts the Debtors have

12    made to deal with the document request that

13    it has presented, after the existence of

14    those documents was learned, as counsel

15    acknowledges, Parus Holdings was advised of

16    that and the Debtors offered at least two

17    options to Parus Holdings on how to deal with

18    the production of documents, both of which

19    were rejected.  The first we offered to

20    provide and did provide indexes to those

21    boxes to counsel so that counsel could select

22    which boxes they wanted WorldCom to examine

23    and then produce.  That was rejected as

24    reflected in Exhibit I to our response by

25    counsel on June 27th, advising that after his

19

```
1                    Proceedings
2    review of the indexes they were too general
3    and that nonresponsive documents were
4    involved and were meaningless.
5                    Next WorldCom offered to review all
6    of the documents itself and to screen those
7    for privilege.  It also offered to either
8    provide to Parus Holdings all of the
9    remaining documents after a privilege screen
10   or, if Parus Holdings chose, to provide all
11   documents that we believed were responsive to
12   the document request after that review.  In
13   connection with that offer, there was a
14   request for a split of the logistical costs,
15   not the cost of reviewing the documents.  All
16   of that is reflected on Exhibit K to the
17   Debtors' response in opposition.  Again, this
18   proposal was rejected by Parus Holdings and
19   that is reflected in Exhibit L.
20                   Finally, as our response starting
21   at page 9, I indicated this along with
22   Mr. Ramsay's declaration Exhibit E, WorldCom
23   is in the process of doing now what Parus
24   Holdings initially refused to do, and that
25   is, based on a review of the very same
```

20

1                        Proceedings

2    document indexes to first rule out those

3    obviously nonresponsive boxes of documents

4    based on the index and then to pull others

5    within the time frame overlapping and before

6    and after the contractual relationships

7    between Intermedia and WorldCom and then to

8    review those.  As you have been advised, the

9    number of those document boxes that we have

10   identified is 387.  They are currently

11   located in Kansas City, having been shipped

12   to three different repositories, and we have

13   a team of legal personnel looking through

14   them.

15              Counsel is correct, I do believe,

16   that that constitutes a good faith effort to

17   be in compliance with the requirements of

18   Rule 34.  I also believe that none of the

19   authorities cited by Parus Holdings are to

20   the contrary.  All except one, the Hagemeyer

21   case from the Eastern District of Wisconsin

22   involved producing parties which were ongoing

23   concerns -- General Motors, Sears, and the

24   like.  All they wanted in the Hagemeyer case

25   involved an entity that was factually similar

21

1                    Proceedings

2    to Intermedia.  There that producing party

3    was also going bankrupt.  That party also had

4    its documents boxed and stored.  That party

5    also made those documents available to the

6    other side, which the Court upon reviewing

7    all of that, deemed compliant.  If the Court

8    now deems WorldCom's motion for summary

9    judgment as permissible, which I believe it

10   is --

11            JUDGE GONZALEZ:  It was filed,

12   apparently, in violation of the local rules.

13            MR. DRISCOLL:  It was filed without

14   a conference, Your Honor.

15            JUDGE GONZALEZ:  It was filed in

16   violation of the local rules.

17            MR. DRISCOLL:  Yes, Your Honor.

18            JUDGE GONZALEZ:  Move on.

19            MR. DRISCOLL:  May we request leave

20   to file such?

21            JUDGE GONZALEZ:  Are you talking

22   about whether or not I would grant it right

23   now?

24            MR. DRISCOLL:  If the Court doesn't

25   wish to entertain this now, then I will

22

| | |
|---|---|
| 1 | Proceedings |
| 2 | withdraw the question? |
| 3 | JUDGE GONZALEZ:  Yes.  You may |
| 4 | withdraw the question. |
| 5 | Go ahead. |
| 6 | MR. DRISCOLL:  At this juncture I |
| 7 | believe WorldCom has made a good faith effort |
| 8 | to supply the documents that it has given the |
| 9 | circumstances present. |
| 10 | JUDGE GONZALEZ:  You went through |
| 11 | the recitation of the facts as you see them. |
| 12 | What do you anticipate happening and when and |
| 13 | where will the documents be available? |
| 14 | MR. DRISCOLL:  The boxes of the 387 |
| 15 | that WorldCom has identified are in an |
| 16 | auxiliary facility of this law firm in Kansas |
| 17 | City now.  It has taken weeks to get them |
| 18 | here, but they are now here.  They are |
| 19 | currently being examined by legal personnel. |
| 20 | I am advised that a review of those boxes |
| 21 | will take approximately six to eight weeks, |
| 22 | involving approximately six trained people |
| 23 | pretty much fulltime. |
| 24 | JUDGE GONZALEZ:  Where does that |
| 25 | six to eight weeks fit into the discovery |

A 02869

23

```
 1                    Proceedings
 2   time frame?
 3           MR. DRISCOLL:  Your Honor, it would
 4   not fit in at all.  In that regard, we would
 5   have no problem at all extending that
 6   discovery time frame.
 7           JUDGE GONZALEZ:  Then the documents
 8   would be made available in Kansas following
 9   your review?
10           MR. DRISCOLL:  They would be made
11   available, as the parties agreed under
12   whatever terms the parties think are
13   appropriate.  Certainly, here in Kansas City
14   would be one such place.  If that is not
15   agreeable, then whatever is.
16           JUDGE GONZALEZ:  Parus Holdings,
17   what is your objection to that proposal,
18   other than you may think it took too long to
19   get there?
20           MR. WOOD:  I don't have any
21   objection, Your Honor, to concurring with
22   counsel regarding the appropriate location
23   for producing these documents to us.  It may
24   be, in fact, depending on the circumstances,
25   more cost effective for us to send some
```

24

1            Proceedings

2    people to Kansas City.  I just don't know at

3    this point, but I am happy to discuss that

4    with counsel.  As far as their agreeing to

5    review and produce 387 boxes of documents and

6    reviewing them for responsiveness or

7    producing responsive documents to us at their

8    cost, I have no objection to that whatsoever.

9            I was going to make a suggestion,

10   Your Honor.  I think it might make sense at

11   this point and I don't want Debtors' counsel

12   to review all 10,000 boxes of documents.  If

13   there are documents in there or boxes of

14   documents that are clearly outside the

15   relevant time frame or clearly unrelated to

16   the issues in this case, I don't want to

17   waste time looking at all 10,000 boxes of

18   documents.  I do want them to produce

19   documents that are responsive to our

20   requests.  We can take a look at the 387

21   boxes of documents and see where we stand

22   after we have had an opportunity to review

23   them.  It may be appropriate, Your Honor, at

24   that point for us to have a informal

25   conference with the Court and advise the

25

| | |
|---|---|
| 1 | Proceedings |
| 2 | Court as to the status of the document |
| 3 | production at that point. |
| 4 | JUDGE GONZALEZ: I think it would, |
| 5 | because it would seem to me if you get to the |
| 6 | 300 number, the descriptions on the boxes |
| 7 | were reviewed and certain boxes were |
| 8 | eliminated, and I would imagine that you may |
| 9 | take issue with the elimination of certain |
| 10 | boxes based on the information contained in |
| 11 | the inventory as to whether that was |
| 12 | sufficient enough to make the judgment that |
| 13 | these boxes were not related. I imagine that |
| 14 | may be an issue. |
| 15 | MR. WOOD: That is a good point, |
| 16 | Your Honor. As I have been thinking about |
| 17 | these issues, what I anticipate that may need |
| 18 | to happen here is that we may need to take |
| 19 | the deposition of the person most |
| 20 | knowledgeable for the Debtors concerning how |
| 21 | these documents were stored and how these |
| 22 | indexes were created and that sort of thing, |
| 23 | so that we can better understand exactly what |
| 24 | efforts the Debtors have undertaken to |
| 25 | respond to our document requests. |

26

1          Proceedings

2          JUDGE GONZALEZ:  Based on the

3     Debtors' representation, I don't think Parus

4     is going to see these documents for six or

5     eight weeks, but I guess you would be able to

6     see the list of the 300 or so boxes and match

7     that up against the original list you have?

8          MR. WOOD:  Yes.  I would imagine

9     that that probably could be provided

10    forthwith.

11         JUDGE GONZALEZ:  Do both sides

12    think that August 30th is too soon to react

13    to the proposal that is before me now?

14         MR. WOOD:  Do you mean that is the

15    date by which they should be prepared?

16         JUDGE GONZALEZ:  No.  I mean at

17    that point, I think if you were able to

18    review the list of the 10,000 boxes or review

19    the list of the 300 boxes, you may get a

20    sense at that point as to whether or not you

21    are going to need any further discovery on

22    the whole issue as to whether it was

23    reasonable to pare them down from 10,000 to

24    the 300.

25         MR. WOOD:  I think we can do that

27

1              Proceedings

2   by the end of August.

3              JUDGE GONZALEZ:  The Debtors?

4              MR. DRISCOLL:  Yes.  Your Honor,

5   counsel already has the indexes to the

6   documents.  We can certainly supply within

7   this week some form of notification for which

8   those were chosen to be pulled and are being

9   examined.

10              JUDGE GONZALEZ:  I am going to put

11   off then any further consideration of this

12   until August 30th, and, hopefully, I think

13   what I will do is ask when August 30th is

14   scheduled for this matter, that 45 minutes

15   may be set aside on the calendar in case that

16   time might be necessary.

17              MR. WOOD:  The Court is going to

18   set a hearing in this matter for August 30th?

19              JUDGE GONZALEZ:  I am going to

20   continue this hearing until August 30th.

21              MR. WOOD:  I don't have my calendar

22   in front of me, Your Honor.

23              JUDGE GONZALEZ:  I am sure it is a

24   Tuesday.

25              MR. DRISCOLL:  My apologies, Your

28

1               Proceedings

2   Honor, I do have a conflict.  It is personal.

3               JUDGE GONZALEZ:  I believe we can

4   put it on sometime on Thursday, September

5   1st.  Do you have a conflict then?

6               MR. WOOD:  Yes, Sir.

7               JUDGE GONZALEZ:  When are you out

8   of conflict?

9               MR. WOOD:  After Labor Day, Your

10  Honor.

11              JUDGE GONZALEZ:  Labor Day, I

12  assume is September 5th?

13              MR. DRISCOLL:  I believe it is.

14              JUDGE GONZALEZ:  Mr. Perez, do you

15  know if we have WorldCom hearings on

16  September 6th?

17              MR. PEREZ:  Your Honor, I don't

18  know whether we have WorldCom hearings on

19  September 6th.  I am pretty sure we have them

20  the following week.

21              JUDGE GONZALEZ:  On the 13th?

22              MR. PEREZ:  It would take me two

23  minutes to check.

24              JUDGE GONZALEZ:  Check to see if we

25  have WorldCom on the 6th; and if not the 6th,

A 02875

29

```
 1              Proceedings
 2    then it would be the 13th.
 3              We will begin the next matter.  We
 4    will get an answer shortly as to whether it
 5    will be the 6th or the 13th.
 6              (Whereupon, the two matters were
 7    called in re WorldCom and a recess was taken
 8    until 11:20 a.m.)
 9              JUDGE GONZALEZ:  Please be seated.
10              MR. PEREZ:  Your Honor, just to
11    clean up from, not the last, but the prior
12    matter, I am informed that there is no
13    hearing on the 6th and that the next one is
14    on the 13th.
15              JUDGE GONZALEZ:  We will leave it
16    for the 13th.  It will be adjusted on the
17    calendar on the 13th.  In all likelihood, it
18    will be towards the end.  If not late
19    morning, early afternoon.
20              MR. WOOD:  I have one question.  It
21    might be advantageous to actually supply the
22    Court with these indexes.  They are in e-mail
23    form right now, so is it possible to e-mail
24    them to the Court?
25              JUDGE GONZALEZ:  Yes.  Just check
```

30

1                    Proceedings

2    with my chambers on the way out and they will

3    give you an e-mail address.

31

1

2                    C E R T I F I C A T E

3    STATE OF NEW YORK      )

                            : SS:

4    COUNTY OF NEW YORK     )

5

6          I, DEBORAH HUNTSMAN, a Shorthand

7    Reporter and Notary Public within and for the

8    State of New York, do hereby certify:

9              That the within is a true and

10   accurate transcript of the proceedings taken

11   on the 9th day of August, 2005.

12             I further certify that I am not

13   related by blood or marriage to any of the

14   parties and that I am not interested in the

15   outcome of this matter.

16             IN WITNESS WHEREOF, I have hereunto

17   set my hand this 18th day of August, 2005.

18

19                   DEBORAH HUNTSMAN

20

21

22

23

24

25

1

**A**

**able** 6:3 7:17 26:5
    26:17
**absorb** 10:21
**access** 13:8
**accurate** 31:10
**acknowledges** 18:15
**action** 13:23
**actual** 18:10
**additional** 5:18
**Additionally** 9:2
**address** 15:5 30:3
**adjusted** 29:16
**admitted** 6:3
**advance** 8:10
**advantageous** 29:21
**advice** 16:15
**advise** 17:17 24:25
**advised** 8:20 9:10
    16:13,18 17:16
    18:15 20:8 22:20
**advising** 18:25
**affidavit** 4:24 5:2
    16:14,20
**affording** 12:4
**afternoon** 8:8 29:19
**ago** 4:5 14:13 17:11
**agree** 5:15,17 7:25
    8:9 11:17 13:25
    14:4,20,21
**agreeable** 23:15
**agreed** 7:9 10:11
    23:11
**agreeing** 24:4
**ahead** 22:5
**al** 1:5 3:4
**ALFREDO** 2:6
**allegedly** 12:15
**allowing** 5:18
**Amazingly** 10:25
**amend** 5:15 7:2
**amending** 5:18
**answer** 29:4
**anticipate** 22:12
    25:17

**anticipated** 16:20
**apologies** 27:25
**apparently** 21:12
**appeared** 9:15
**applicable** 11:22
    15:22
**appropriate** 23:13
    23:22 24:23
**approximately** 18:7
    22:21,22
**argued** 7:3
**argument** 7:3
**ARTHUR** 1:19
**aside** 27:15
**asked** 5:15 8:8
**asking** 9:7
**assume** 28:12
**astounding** 11:12
**Attorney** 17:23
**Attorneys** 2:4,8,17
**August** 1:8 14:13
    26:12 27:2,12,13
    27:18,20 31:11,17
**authorities** 20:19
**auxiliary** 22:16
**available** 21:5 22:13
    23:8,11
**award** 14:8 16:6
**a.m** 1:8 3:12 29:8

**B**

**B** 1:18
**back** 6:20 13:17
**bankrupt** 17:10
    21:3
**Bankruptcy** 1:3,19
**based** 18:6 19:25
    20:4 25:10 26:2
**BEAL** 2:15
**bear** 16:4
**began** 8:14
**behalf** 3:16
**believe** 11:20 12:2
    13:3,5 14:7,13
    17:2 20:15,18 21:9
    22:7 28:3,13

**believed** 19:11
**better** 25:23
**bid** 18:7
**blood** 31:13
**Bowling** 1:10
**boxed** 17:13 21:4
**boxes** 4:14,18 5:23
    6:8,13 7:18 10:12
    10:18 13:13,17
    17:18 18:21,22
    20:3,9 22:14,20
    24:5,12,13,17,21
    25:6,7,10,13 26:6
    26:18,19
**brief** 3:7 15:11
**bringing** 13:20 16:7
**brought** 7:2
**burden** 12:21
**burdensome** 12:19
**business** 11:25 12:3
    12:16 17:4

**C**

**C** 1:11 2:2 31:2,2
**calendar** 27:15,21
    29:17
**call** 7:24
**called** 29:7
**case** 1:5 3:4 11:19
    11:20 12:6,7,12
    13:9,22 20:21,24
    24:16 27:15
**cases** 12:25 13:5,7
**cause** 8:4
**ceased** 17:10
**centers** 17:2
**certain** 4:2 8:10
    10:23 11:11 15:23
    25:7,9
**certainly** 14:20
    23:13 27:6
**certify** 31:8,12
**chambers** 30:2
**change** 8:5
**check** 28:23,24
    29:25

**Chemtex** 11:19 12:6
**Chicago** 2:18
**chose** 19:10
**chosen** 27:8
**chronologically**
    12:9
**circumstances** 3:23
    22:9 23:24
**cited** 11:18 12:25
    20:19
**City** 2:9 20:11 22:17
    23:13 24:2
**Civil** 11:22 17:5
**claim** 12:4
**Claimant** 3:17
**clarification** 16:13
**CLARK** 2:12
**clean** 29:11
**clearly** 24:14,15
**client** 13:18
**codings** 7:15
**COLEMAN** 2:11
**come** 12:13
**coming** 9:25
**commit** 10:22 11:10
**communication** 5:6
    8:16 10:3
**Communications**
    3:20,21
**company** 17:7
**compel** 1:13 3:19
    4:23 10:8 13:20
    14:7 15:3,4 16:21
    16:25 18:2
**completely** 15:17
**compliance** 11:16
    14:14 20:17
**compliant** 21:7
**concern** 17:11
**concerning** 15:24
    25:20
**concerns** 20:23
**concluded** 10:10
**conclusion** 13:6
**concurring** 23:21
**confer** 7:6

conference 7:8,21
   8:7,13 10:6,9
   14:16 16:17 21:14
   24:25
confidentiality 6:10
conflict 28:2,5,8
connection 16:7,20
   19:13
consideration 15:18
   27:11
considered 14:24
consisting 4:11
constitutes 17:3
   20:16
contacted 5:7
contained 11:3
   25:10
contains 3:22
continue 27:20
contract 17:6
contractual 20:6
contrary 20:20
corporation's 12:18
correct 20:15
correspondence
   11:6
cost 9:3,5 15:9 18:7
   18:9 19:15 23:25
   24:8
costs 9:8 10:21 14:8
   16:4,6 19:14
counsel 5:7,11,22
   6:3 7:9,25 8:17
   9:20 10:4,11 11:6
   11:13 15:13,24
   16:13,19,21 17:16
   18:14,21,21,25
   20:15 23:22 24:4
   24:11 27:5
count 18:9
country 6:14
COUNTY 31:4
couple 4:15 12:11
course 11:25 12:2,15
   17:4
Court 1:3 4:21,23

7:6,20 8:7,13
   11:14 12:6,16
   13:24 14:3 15:8,18
   16:13,15,18,22,25
   17:9,17 21:6,7,24
   24:25 25:2 27:17
   29:22,24
courtroom 3:8
courts 13:5
Court's 16:15
created 25:22
current 17:14,25
currently 20:10
   22:19
cusp 14:2
Custom 1:9
customers 12:9,11
cut 12:3

—————————
      D
DARRELL 2:12
date 8:9 10:23 11:11
   15:23,25 16:3,16
   26:15
day 6:20 7:3 11:5
   28:9,11 31:11,17
days 10:25 11:9
deadline 5:10 8:2,10
   13:25
deadlines 1:14
deal 15:8 18:12,17
DEBORAH 31:6,19
Debtors 1:6 2:4 3:20
   4:8,13,18,24 5:6,7
   5:11,21 6:3 7:24
   8:14,17 9:10,15,19
   10:4,10,14,17 11:6
   11:14 13:2,11,23
   14:12 15:10,13,24
   16:9,11,14,22 17:8
   18:11,16 19:17
   24:11 25:20,24
   26:3 27:3
declaration 17:23
   19:22
declined 10:24

deemed 21:7
deems 21:8
defendant 12:12
demand 11:12
demanded 11:7
depending 23:24
deposition 25:19
depositions 5:13
descriptions 25:6
despite 10:16
details 3:25
different 17:21
   20:12
direct 16:3
directed 7:6
directing 15:20
   16:22
disclose 5:14,19
disclosing 5:10
disclosure 8:3,10
   14:2
discovered 17:12
discoveree 12:22
discoverer 12:23
discovering 12:20
discovery 1:14 3:23
   7:5,7,22 12:5
   13:15,21,22 14:19
   17:14 22:25 23:6
   26:21
discuss 24:3
discussing 13:14
dispute 3:24 13:15
District 1:3 11:19
   20:21
document 11:2,4
   18:12 19:12 20:2,9
   25:2,25
documentary 17:19
documents 1:13
   3:19 4:6,10,14,25
   5:6,8,12,21,23,25
   6:5,8,13,17,19
   7:18 8:9,15,19,21
   8:22,23,25 9:4,9
   9:14,17,21,24

10:12,18,22,23
   11:5,8,11,24 12:8
   12:8,10,14,21,22
   13:6,9,13,17 14:5
   15:6,10,16,21 17:3
   17:12 18:5,14,18
   19:3,6,9,11,15
   20:3 21:4,5 22:8
   22:13 23:7,23 24:5
   24:7,12,13,14,18
   24:19,21 25:21
   26:4 27:6
doing 19:23
double 18:9
Driscoll 2:10 16:10
   16:11 21:13,17,19
   21:24 22:6,14 23:3
   23:10 27:4,25
   28:13
Drive 2:18
DRYE 2:17

—————————
      E
E 1:11,11,18,18 2:2
   2:2 17:24 19:22
   31:2,2
earlier 6:12 10:2,14
   10:16 16:5
early 29:19
Eastern 20:21
effect 12:4
effective 23:25
EffectNet 17:7
effort 20:16 22:7
efforts 4:25 18:11
   25:24
eight 22:21,25 26:5
either 19:7
electronic 6:19 15:6
   15:10,16
eliminated 25:8
elimination 25:9
entertain 21:25
entitled 14:19
entity 17:10 20:25
ESQ 2:6,10,11,12,13

2:14,15,19
**essence** 5:24
**et** 1:5 3:4
**evidently** 9:22
**exactly** 4:17 25:23
**examine** 9:4 18:22
**examined** 22:19
   27:9
**excerpt** 3:3
**excess** 17:20
**exhaustive** 3:22
**Exhibit** 17:24 18:24
   19:16,19,22
**existence** 18:13
**expect** 9:4
**expense** 13:20
**expert** 13:25
**experts** 5:10,15,19
   8:3,11
**explained** 18:3
**explanation** 10:2
**extend** 1:13 13:25
**extending** 23:5
**extension** 8:2
**extraordinarily**
   14:18
**e-mail** 8:16 9:19
   10:3 29:22,23 30:3

**F**
**F** 1:18 31:2
**facility** 22:16
**fact** 6:2 8:6,15 13:7
   14:25 16:21 23:24
**facts** 4:2 22:11
**factual** 15:7
**factually** 20:25
**faith** 20:16 22:7
**falls** 12:21
**far** 5:2 11:15 24:4
**February** 4:4
**Federal** 11:21 17:5
**feel** 6:21
**fees** 14:8 16:6
**file** 10:8 16:19 21:20
**filed** 1:15 14:12,12

14:14 15:2,12
21:11,13,15
**Finally** 5:20 19:20
**firm** 17:24 22:16
**first** 10:11 18:19
   20:2
**fit** 22:25 23:4
**following** 3:2 8:17
   23:8 28:20
**forget** 16:15
**form** 27:7 29:23
**forthwith** 26:10
**forward** 7:11
**found** 9:20 11:11
**four** 17:20
**frame** 20:5 23:2,6
   24:15
**frankly** 6:20 9:12
   13:18 14:16,24
   15:6
**front** 16:17,25 17:17
   27:22
**fulltime** 22:23
**functioning** 17:10
**further** 5:5 26:21
   27:11 31:12

**G**
**gather** 18:4
**general** 19:2 20:23
**give** 30:3
**given** 4:22 13:8 14:6
   22:8
**go** 13:19 22:5
**going** 7:10 17:11
   21:3 24:9 26:4,21
   27:10,17,19
**GONZALEZ** 1:19
   3:6,13 16:9 21:11
   21:15,18,21 22:3
   22:10,24 23:7,16
   25:4 26:2,11,16
   27:3,10,19,23 28:3
   28:7,11,14,21,24
   29:9,15,25
**good** 3:15 20:16

22:7 25:15
**GOTSHAL** 2:3
**grant** 21:22
**granted** 10:7 14:18
**Green** 1:10
**guess** 26:5

**H**
**Hagemeyer** 20:20
   20:24
**hand** 31:17
**happen** 25:18
**happened** 8:4
**happening** 22:12
**happy** 24:3
**heard** 6:12
**hearing** 6:24 27:18
   27:20 29:13
**hearings** 28:15,18
**Hecker** 2:7,8
**held** 7:20 12:16
**help** 6:4 7:15
**helpful** 6:22 9:11
**hereunto** 31:16
**highlight** 4:2
**history** 13:22
**Holdings** 1:12,13
   2:17 3:8,14,17,18
   16:19 17:7,15
   18:15,17 19:8,10
   19:18,24 20:19
   23:16
**Honor** 3:16 5:3 6:25
   10:6,20 11:17 13:3
   13:19 14:13 15:5
   15:20 16:10 21:14
   21:17 23:3,21
   24:10,23 25:16
   27:4,22 28:2,10,17
   29:10
**HONORABLE** 1:19
**hopefully** 27:12
**hour** 10:8
**House** 1:9
**Houston** 2:5
**HUNTSMAN** 31:6

31:19

**I**
**identified** 20:10
   22:15
**identify** 6:4,7 7:18
**Illinois** 2:18
**imagine** 25:8,13
   26:8
**imminent** 13:24
**improperly** 14:25
**inconsistent** 13:4
**incurred** 14:8
**index** 8:22 20:4
**indexes** 5:25 6:2,4,6
   6:22 7:10,12,16,19
   9:11 18:20 19:2
   20:2 25:22 27:5
   29:22
**indicate** 13:12
**indicated** 4:13 6:16
   15:11 19:21
**inform** 8:24
**informal** 10:6 14:16
   24:24
**information** 25:10
**informed** 4:15 5:16
   29:12
**initially** 16:12 19:24
**inquire** 5:8
**insufficient** 12:17
**intend** 3:24
**intending** 9:23
**interested** 31:14
**interestingly** 4:20
   6:15 7:23
**interim** 8:4
**Intermedia** 3:20
   17:8,9 20:7 21:2
**Intermedia's** 17:19
**inventory** 25:11
**invited** 6:7 12:12
**involved** 19:4 20:22
   20:25
**involvement** 13:24
**involving** 22:22

issue 7:4 15:5,8,17
  25:9,14 26:22
issues 7:8,23 24:16
  25:17

_____

J

J 1:19
JENNIFER 2:11
Judge 1:19 3:6,13
  16:9 21:11,15,18
  21:21 22:3,10,24
  23:7,16 25:4 26:2
  26:11,16 27:3,10
  27:19,23 28:3,7,11
  28:14,21,24 29:9
  29:15,25
judgment 14:11,17
  14:22,23 21:9
  25:12
juncture 22:6
June 4:21 5:9 6:25
  7:21 8:13 9:11,20
  10:7 16:16 18:25
justifies 14:7

_____

K

K 19:16
Kansas 2:9 20:11
  22:16 23:8,13 24:2
KELLEY 2:17
kept 9:24 11:25
  12:15
know 4:17 8:3 9:23
  13:16 24:2 28:15
  28:18
knowledgeable
  25:20
known 4:18
knows 17:9
KONOPKA 2:14

_____

L

L 19:19
Labor 28:9,11
late 29:18
law 17:24 22:16

learned 18:14
leave 4:22 10:7
  21:19 29:15
legal 20:13 22:19
legitimate 12:5
letter 6:15 8:18
light 11:9 14:25
likelihood 29:17
list 26:6,7,18,19
listen 15:23
litany 6:12
LLP 2:3,7,17
local 14:15 21:12,16
located 17:20 20:11
location 8:21 23:22
locations 6:14
log 16:2
logistical 19:14
logistics 18:8
long 4:17 17:13
  23:18
look 7:9 24:20
looked 7:13
looking 20:13 24:17
Louisiana 2:4

_____

M

MANGES 2:3
manner 11:24 12:14
March 4:6 5:4 9:12
  13:17
marriage 31:13
match 26:6
material 17:18
matter 27:14,18
  29:3,12 31:15
matters 29:6
MCI 3:20
mean 26:14,16
meaningless 7:17
  19:4
MECHAM 2:13
mention 6:18
merits 14:21
minutes 27:14 28:23
Missouri 2:9

months 4:5
morning 3:15,24
  7:23 14:9 29:19
Morrison 2:7,8
motion 1:13 3:18,21
  4:3,23 6:25 7:2,4
  10:8 11:18 13:3,20
  14:6,9,11,17,22,23
  15:3,4,11 16:7,21
  16:24 17:25 21:8
Motors 20:23
move 7:10 21:18
multiple 6:13

_____

N

N 2:2
necessary 27:16
need 25:17,18 26:21
Nevertheless 6:5
New 1:3,10,10 11:20
  31:3,4,8
nonresponsive 19:3
  20:3
NORMAN 2:15
Notary 31:7
notification 27:7
number 7:15 17:18
  20:9 25:6

_____

O

O 1:18
object 5:17
objected 4:8
objection 23:17,21
  24:8
objections 11:3
obviously 20:3
occurred 17:13
offer 10:10,24 13:16
  19:13
offered 7:25 18:16
  18:19 19:5,7
ongoing 20:22
opportunity 24:22
opposition 15:2
  17:25 19:17

options 18:17
order 5:9 7:5,22
  15:20 16:3
organize 12:22
organized 12:8
original 26:7
outcome 31:15
outside 24:14
overlapping 20:5

_____

P

P 1:11 2:2,2
page 16:18 19:21
pages 4:11
papers 17:17
pare 26:23
particular 12:11
particularly 4:3
  14:24
parties 3:7 7:6 11:23
  14:15 15:20,22,25
  16:4 20:22 23:11
  23:12 31:14
parts 17:21
party 12:20 21:2,3,4
Parus 1:12,13 2:17
  3:7,14,17,18 7:2
  16:19 17:6,14
  18:15,17 19:8,10
  19:18,23 20:19
  23:16 26:3
PATRICIA 2:14
pay 9:5,8
people 22:22 24:2
Perez 2:6 28:14,17
  28:22 29:10
permissible 21:9
permission 14:6
person 25:19
personal 28:2
personally 7:14
personnel 18:10
  20:13 22:19
pertinent 4:3
place 18:5 23:14
plaintiffs 12:7,10,13

5

13:8
**Please** 3:13 29:9
**point** 4:17 6:17 12:5
  16:12 24:3,11,24
  25:3,15 26:17,20
**position** 5:14 8:5,14
  11:9,21
**possible** 29:23
**precise** 6:2
**predecessor** 17:7
**premotion** 14:16
**prepared** 13:12
  26:15
**present** 3:8 4:22
  14:6 22:9
**presented** 18:13
**presenting** 14:9
**pretty** 22:23 28:19
**principle** 13:4
**prior** 8:12 29:11
**privilege** 6:10 16:2
  19:7,9
**probably** 4:15 18:9
  26:9
**problem** 23:5
**problems** 7:5
**Procedure** 11:22
  17:5
**procedures** 8:20
**proceeding** 11:23
**proceedings** 3:1,3
  4:1 5:1 6:1 7:1 8:1
  9:1 10:1 11:1 12:1
  13:1 14:1 15:1
  16:1 17:1 18:1
  19:1 20:1 21:1
  22:1 23:1 24:1
  25:1 26:1 27:1
  28:1 29:1 30:1
  31:10
**process** 7:11 19:23
**produce** 4:25 6:10
  8:9 9:23 11:23
  13:13,16 14:4
  15:21 16:2 18:23
  24:5,18

**produced** 8:15,19,23
  9:25 11:8 13:7
**producing** 9:17
  10:21,23 11:10
  20:22 21:2 23:23
  24:7
**production** 1:13
  3:19 4:6,10,12
  5:22 8:20 9:14
  15:9,15 16:5 17:3
  18:18 25:3
**progress** 10:20
  13:21
**proposal** 5:21,24
  6:11,18,21 10:19
  15:24 19:18 23:17
  26:13
**provide** 6:6 16:14
  18:20,20 19:8,10
**provided** 17:4 26:9
**provides** 11:23
**Public** 31:7
**pull** 20:4
**pulled** 27:8
**put** 27:10 28:4
**p.m** 3:11

———————
**Q**
**question** 22:2,4
  29:20
**quite** 11:12 14:17
  17:11

———————
**R**
**R** 1:11,18 2:2,6 31:2
**raised** 7:4
**Ramsay** 17:23 18:3
**Ramsay's** 19:22
**react** 26:12
**really** 7:14 9:15 17:2
**reasonable** 11:16
  12:23 13:8 16:6
  26:23
**reasons** 10:24
**receive** 5:5
**received** 4:7,10 5:12

5:20 7:24 8:16
  9:13 10:10 11:2,5
**recess** 3:7,12 29:7
**recitation** 3:22
  22:11
**recited** 6:11
**record** 15:7
**records** 12:18
**reflected** 17:22
  18:24 19:16,19
**refusal** 11:10
**refused** 8:11 19:24
**regard** 9:16 10:3
  15:9,15 16:24 23:4
**regarding** 4:24 6:19
  7:21 23:22
**regards** 17:6
**rejected** 18:19,23
  19:18
**related** 25:13 31:13
**relationships** 20:6
**relevant** 12:11 24:15
**relief** 15:19
**remaining** 11:8 19:9
**remains** 17:19
**removing** 9:5
**Reorganized** 1:6 2:4
**repeatedly** 13:15
**reply** 15:12
**Reporter** 31:7
**repositories** 17:21
  20:12
**represent** 11:14
**representation** 26:3
**representations**
  10:14,16
**represented** 5:11
**request** 4:5 9:14
  12:7 14:15 16:6
  17:14 18:12 19:12
  19:14 21:19
**requests** 4:9 6:9
  11:4 24:20 25:25
**required** 10:15 16:2
**requirements** 20:17
**requires** 14:15

**resisted** 6:21
**resolution** 15:14
**respond** 11:7 25:25
**response** 1:15 4:7,12
  9:13 10:19 11:2
  13:2,11 15:2 17:24
  18:4,24 19:17,20
**responsive** 6:5,8
  7:18 9:22 10:18
  13:6 15:21 19:11
  24:7,19
**responsiveness**
  10:13 24:6
**result** 7:8
**return** 3:9
**returning** 9:6
**review** 6:7,9 8:25
  9:3 10:12 12:13
  13:12 14:4 18:10
  19:2,5,12,25 20:8
  22:20 23:9 24:5,12
  24:22 26:18,18
**reviewed** 6:16 18:6
  25:7
**reviewing** 9:8,17
  19:15 21:6 24:6
**right** 21:22 29:23
**ripe** 15:17
**Robert** 2:10 16:11
**rule** 11:21 17:4 20:2
  20:18
**rules** 10:15 11:17,21
  12:17 14:15 17:5
  21:12,16

———————
**S**
**S** 2:2
**saw** 10:20
**schedule** 5:16,18 7:7
**scheduled** 8:7 27:14
**scheduling** 5:9 7:5
  7:22
**screen** 19:6,9
**search** 12:20
**Sears** 20:23
**seated** 3:13 29:9

**A 02883**

see 15:14 22:11
  24:21 26:4,6 28:24
seeking 12:10 15:19
seen 5:2
select 18:21
send 23:25
sense 24:10 26:20
sent 8:18
September 28:4,12
  28:16,19
served 4:5 12:7
set 3:9 27:15,18
  31:17
SHANE 2:13
shelves 9:6,7
shifting 15:9
shipped 20:11
Shorthand 31:6
shortly 29:4
side 21:6
sides 15:22 26:11
similar 20:25
single 4:8 11:3
Sir 28:6
six 4:4 22:21,22,25
  26:4
soon 26:12
sort 25:22
sought 12:20
Southern 1:3 11:19
spite 10:13
split 19:14
SS 31:3
stand 24:21
starting 19:20
state 12:18 31:3,8
stated 8:17
states 1:3,9,19 14:18
  17:22
status 25:2
Stephen 2:19 3:16
steps 11:15
Stinson 2:7,8
storage 9:6,7
stored 5:23 6:13,17
  9:16 17:13 21:4

25:21
Street 2:8
subject 9:2
submit 4:24
subsequently 5:16
sufficient 15:7 25:12
suggested 4:23
suggestion 24:9
Suite 2:4
summary 14:11,17
  14:22,23 21:8
supplemental 11:2
supply 22:8 27:6
  29:21
supports 11:20
sure 27:23 28:19
surrounding 3:23
suspect 11:13
systematically 18:6

—————
T
—————
T 1:11 31:2,2
take 3:6 7:9 8:14
  13:23 22:21 24:20
  25:9,18 28:22
taken 3:3,12 5:13
  11:15 22:17 29:7
  31:10
talked 8:19
talking 21:21
team 20:13
teleconference 4:21
  14:3
telephone 2:10,11
  2:12,13,14,16 4:16
  7:21,24 8:12 10:9
  16:16
tell 10:17
terms 23:12
Texas 2:5
Thank 16:8
thing 7:12 14:10
  25:22
think 4:2 13:21
  14:23 15:6,16
  23:12,18 24:10

25:4 26:3,12,17,25
  27:12
thinking 25:16
thousands 4:13 5:22
  6:12
three 20:12
Thursday 28:4
time 5:19 10:11
  17:11 20:5 23:2,6
  24:15,17 27:16
today 15:18 16:25
told 17:18
trained 18:10 22:22
transcript 16:17
  31:10
transmitted 7:13
troubled 13:19
true 31:9
try 7:10
Tuesday 27:24
two 18:16 28:22
  29:6

—————
U
—————
understand 13:18
  25:23
undertaken 25:24
United 1:3,9,19
  17:22
unreasonably 12:19
unrelated 24:15
use 6:4,23 12:23
usual 11:25 12:2,15
  17:4

—————
V
—————
various 17:21
vendor's 18:6
violation 21:12,16

—————
W
—————
W 2:12
Wacker 2:18
wade 3:24
Walnut 2:8
want 8:24 9:3 24:11

24:16,18
wanted 6:6 10:21
  18:22 20:24
warehouses 4:14,19
  5:24 13:14 14:5
WARREN 2:17
waste 24:17
way 10:17 30:2
week 14:12 27:7
  28:20
weeks 4:16 5:5
  22:17,21,25 26:5
WEIL 2:3
went 22:10
weren't 5:14
West 2:18
whatsoever 14:20
  24:8
WHEREOF 31:16
willing 15:23
Wisconsin 20:21
wish 21:25
withdraw 22:2,4
WITNESS 31:16
witnesses 5:13
Wood 2:19 3:15,16
  23:20 25:15 26:8
  26:14,25 27:17,21
  28:6,9 29:20
work 15:13,15
WorldCom 1:5 3:4
  3:21 18:22 19:5,22
  20:7 22:7,15 28:15
  28:18,25 29:7
WorldCom's 21:8
wouldn't 13:24 14:4
written 4:7,12 9:13
wrote 6:20

—————
X
—————
x 1:4,7,11

—————
Y
—————
yesterday 15:12
York 1:3,10,10
  11:20 31:3,4,8

**$**

**$149,000** 18:7

**0**

**02-13533** 1:5 3:5

**1**

**1st** 14:13 28:5
**10** 11:8
**10,000** 17:20 18:4
  24:12,17 26:18,23
**10:25** 3:11
**10:30** 1:13 3:10
**10:40** 1:8 3:12
**10004** 1:10
**11:20** 29:8
**12th** 5:7
**120-day** 8:2
**1201** 2:8
**13th** 28:21 29:2,5,14
  29:16,17
**14** 16:18
**14th** 6:25
**1600** 2:4
**18th** 31:17

**2**

**20th** 5:10
**2005** 1:8 4:4,6 8:18
  16:16 31:11,17
**25** 4:6
**25th** 5:4 9:12
**27th** 9:10,20 18:25
**29** 16:16
**29th** 4:21 7:21 8:13
  10:7

**3**

**3lst** 5:20
**30th** 26:12 27:12,13
  27:18,20
**300** 25:6 26:6,19,24
**31** 8:18
**33** 4:10
**333** 2:18
**34** 11:21 17:5 20:18

**343** 4:11
**387** 13:13,17 20:10
  22:14 24:5,20

**4**

**45** 27:14

**5**

**5th** 28:12

**6**

**6th** 28:16,19,25,25
  29:5,13
**60606** 2:18
**64106** 2:9

**7**

**7** 4:4
**700** 2:4
**77002** 2:5

**8**

**8/9/05** 3:3

**9**

**9** 1:8 19:21
**9th** 31:11

**A 02885**