**HEARING DATE AND TIME:  August 7, 2007 at 10:00 A.M. E.T.**
**RESPONSE DEADLINE:  July 17, 2007 at 4:00 P.M. E.T.**

STINSON MORRISON HECKER LLP
Attorneys for the Reorganized Debtors
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Robert L. Driscoll, Esq.
Allison M. Murdock, Esq.
Mark M. Iba, Esq.
Mark A. Shaiken, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
In re                                                          :
                                                               :        Chapter 11 Case No.
WORLDCOM, INC., et al.,                        :        02-13533 (AJG)
                                                               :
                                                               :        (Jointly Administered)
                                        Debtors.        :
--------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER PERMITTING PARTIAL WITHDRAWAL OF
CLAIM OBJECTION, ALLOWANCE OF RESULTING CLAIM, AND RESERVATION
OF RIGHT TO RE-FILE CLAIM OBJECTION**

WorldCom, Inc. (now Verizon Business Global LLC) and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), respectfully request that the Court issue an order permitting them to withdraw their claim objection on the issue of the contract rate applicable to the four Reconciliation Payments that the Court has ruled are owed under the November 20, 2000 Unified Communications Service Agreement ("UC Contract"), subject to the right to re-file Debtors' objection if the summary judgment ruling is reversed in whole or in part on appeal.  This order is appropriate because it will resolve the dispute on the sole remaining issue in this litigation, achieve judicial economy, and eliminate the need for Debtors to incur

DB03/048629.0125/7596941.4

**A 04279**

further and substantial fees and costs that may exceed the value of the remaining issue in dispute. In support of this motion, Debtors state:

1.      On July 21, 2002 (the "Commencement Date") and November 8, 2002, the Debtors commenced cases (the "Bankruptcy Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      By Orders dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases were consolidated for procedural purposes only, and are being jointly administered.

3.      By Order dated October 29, 2002, the Court established January 23, 2003 as the deadline for the filing of a proof of claim against any of the Debtors (the "Bar Date").

4.      On October 31, 2003, the Debtors' Modified Second Amended Joint Plan of Reorganization (the "Plan") was confirmed, and became effective on April 20, 2004.

5.      On June 10, 2004, the Debtors filed their objection to Proof of Claim number 11173 (replacing 9293) against Intermedia Communications, Inc. ("Intermedia") filed by Parus Holdings, Inc., successor-by-merger to EffectNet, Inc. and EffectNet, LLC (the "Parus Claim").

6.      On May 2, 2007, this Court entered its Opinion Partially Granting and Partially Denying Debtors' Motion for Summary Judgment and Motion to Strike Portions of Affidavits (Dkt. No. 18853) (the "Opinion").  In that order, the Court granted Debtors' motion for summary judgment on Parus's claims for unfair and deceptive trade practices, breach of the implied covenant of good faith and fair dealing, and civil conspiracy.  With respect to Parus's claim for breach of contract, the Court ruled that Parus terminated the UC Contract on April 12, 2002, and that Debtors are required to make reconciliation payments under the UC Contract for four months (December 2001 through March 2002).  The Court further ruled that the Limitation of Liability clause in the UC Contract limits Intermedia's liability to the terms of the contract,

2

A 04280

thereby precluding non-contractual damages. Finally, the Court found material factual issues as to which rate is the "base monthly price" for purposes of determining the amount of the payments owed for December 2001 through March 2002. Thus, the sole remaining issue with respect to the Parus Claim is whether the "base monthly price" for purposes of calculating the four reconciliation payments is the "basic service rate" of $11.45 or the "unlimited service rate" of $27.40 ("Remaining Issue").[1]

7.    Parus contends that the "base monthly price" was intended to be the unlimited service rate of $27.40. If Parus's contention is correct with respect to the Remaining Issue, the amount of the Parus Claim would be $1,101,844.27, less a deposited $175,000, for a total claim of $926,844.27.

8.    Debtors therefore request that the Court enter an order directing that (a) the Parus Claim be allowed in the amount of $926,844.27 and treated as a Class 12 claim under the Plan; (b) the Debtors' objection to the Parus Claim with respect to the Remaining Issue is withdrawn; and (c) in the event that Parus appeals the Court's ruling, and is successful in reversing it in whole or in part, Debtors shall have the right to re-file their Objection and litigate the Remaining Issue, as well as any other issues that are remanded to or before this Court as a result of the appeal. The form of the Proposed Order is attached as Exhibit A.

9.    Debtors submit that the entry of the Proposed Order is in the parties' best interests. The Court's Opinion substantially narrowed the dispute between the parties. Despite Debtors' earlier offer to resolve Parus's claim, Parus appears determined to proceed with expensive, unnecessary spoliation and cost-shifting briefing and electronic discovery. The parties may well incur fees and costs on the narrow damages phase of this proceeding that

---

[1]  The Court granted summary judgment in favor of Debtors on Parus's amended claim against MCI, Claim No. 11242 (replacing 9291).

DB03/048629.0125/7596941.4

A 04281

surpasses any award of damages itself.  By entry of the Proposed Order, litigation before this Court will end, judicial economy will be served, and the Debtors' resources will not be further expended with respect to the Remaining Issue.

10.    Under the Plan, the Debtors have the right to withdraw their claim objection at any time.  See Plan § 7.06.  Moreover, pursuant to this Court's Final Order Extending Deadline to File Objections to Claims entered on November 15, 2004 (Docket No. 13648), the claim objection deadline in the Plan was extended to the "latter of (i) sixty (60) days from the date on which this Court enters an order denying such Initial Objection or (ii) sixty (60) days from the date on which any appellate court enters a final order reversing or vacating an order of this court granting such Initial Objection."

11.    Thus, the Court has already entered an order authorizing the Debtors to renew and re-file objections if this Court's rulings on claim objections are reversed on appeal in whole or in part.

12.    Finally, entry of the proposed order permitting re-filing objections if this Court's ruling is reversed on appeal in whole or in part is consistent with section 502(j) of the Bankruptcy Code which provides:  "a claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."

13.    The Debtors submit that entry of the proposed order conforms to this Court's Claim Objection Extension Order and the Bankruptcy Code, and accordingly should be entered.

WHEREFORE, for the reasons set forth here, the Debtors respectfully request that the Court enter an order in conformity with this Motion, and grant such other and further relief as is just.

4

DB03/048629.0125/7596941.4

Dated: June 27, 2007
      Kansas City, Missouri

STINSON MORRISON HECKER LLP


By  /s/  *Mark A. Shaiken*
Robert L. Driscoll, Esq.
Mark A. Shaiken, Esq.
Allison M. Murdock, Esq.
Mark M. Iba, Esq.
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
(816) 842-8600 – Telephone
(816) 691-3495 - Facsimile

ATTORNEYS FOR DEBTORS


## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 27, 2007, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties receiving electronic means.

/s/     *Mark A. Shaiken*
Attorney for Debtors

DB03/048629.0125/7596941.4

**A 04283**

STINSON MORRISON HECKER LLP
Attorneys for the Reorganized Debtors
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Robert L. Driscoll, Esq.
Allison M. Murdock, Esq.
Mark M. Iba, Esq.
Mark A. Shaiken, Esq.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
In re                              :
                                   :    Chapter 11 Case No.
WORLDCOM, INC., et al.,            :    02-13533 (AJG)
                                   :
                                   :    (Jointly Administered)
                       Debtors.    :
------------------------------------------------------x
```

## ORDER GRANTING DEBTORS' MOTION FOR PARTIAL WITHDRAWAL OF CLAIM OBJECTION, ALLOWANCE OF RESULTING CLAIM, AND RESERVATION OF RIGHT TO RE-FILE CLAIM OBJECTION

THE COURT has considered Debtors' Motion for an Order Permitting Partial Withdrawal of Claim Objection, Allowance of Resulting Claim, and Reservation of Right to Re-File Claim Objection, the papers filed in support and in opposition thereto, and the parties' oral arguments.  It is hereby ORDERED that:

1.    Proof of Claim number 11173 (replacing 9293) against Intermedia Communications, Inc. filed by Parus Holdings, Inc., successor-by-merger to EffectNet, Inc. and EffectNet, LLC (the "Parus Claim") is hereby allowed in the amount of $926,844.27 and treated as a Class 12 claim under the Debtors' Modified Second Amended Joint Plan of Reorganization (the "Plan");

**A 04284**

2.      The Debtors' objection is withdrawn to the Parus Claim with respect to the issue of whether the "base monthly price" is the "basic service rate" of $11.45 or the "unlimited service rate" of $27.40 for purposes of calculating the four Reconciliation Payments (the "Remaining Issue") that this Court found to be owed under its May 2, 2007 Opinion Partially Granting and Partially Denying Debtors' Motion for Summary Judgment and Motion to Strike Portions of Affidavits (the "Opinion") (Docket No. 18853); and

3.      If Parus appeals the Court's Opinion, and is successful in reversing it in whole or in part, Debtors shall have the right to re-file their Objection and litigate the Remaining Issue, as well as any other issues that are remanded to or before this Court as a result of the appeal.


SO ORDERED


Dated: New York, New York
            _____, 2007




                                    _____
                                    HONORABLE ARTHUR J. GONZALEZ,
                                    UNITED STATES BANKRUPTCY JUDGE


A 04285