Hearing Date: September 25, 2007 at 10:00 a.m. Eastern Time
Response Date: September 6, 2007 at 4:00 p.m. Eastern Time

STINSON MORRISON HECKER LLP
Attorneys for the Reorganized Debtors
1201 Walnut Street
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Robert L. Driscoll, Esq.
Allison M. Murdock, Esq.
Mark M. Iba, Esq.
Mark A. Shaiken, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                                 :
                                                      :    Chapter 11 Case No.
WORLDCOM, INC., et al.,                               :    02-13533 (AJG)
                                                      :
                                                      :    (Jointly Administered)
                        Debtors.                      :
------------------------------------------------------x

### DEBTORS' AMENDED MOTION FOR AN ORDER PERMITTING PARTIAL WITHDRAWAL OF CLAIM OBJECTION TO PARUS HOLDINGS, INC.'S PROOF OF CLAIM NO. 11173 (REPLACING 9293), ALLOWING RESULTING CLAIM, AND DENYING ALL OTHER PENDING MOTIONS AS MOOT

WorldCom, Inc. (now Verizon Business Global LLC) and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), respectfully request that the Court issue an order permitting them to withdraw their claim objection on the issue of the contract rate applicable to the four Reconciliation Payments that the Court has ruled are owed under the November 20, 2000 Unified Communications Service Agreement ("UC Contract") between EffectNet LLC, predecessor in interest to claimant Parus Holdings, Inc., and debtor Intermedia Communications, Inc. This order is appropriate because it will resolve the dispute on the sole remaining issue in this litigation, achieve judicial economy, and eliminate the need for Debtors to

DB03/048629 0125/7745285.4

**A 04298**

incur further and substantial fees and costs that may exceed the value of the remaining issue in dispute. Further, because entry of an Order granting this motion resolves the sole remaining issue in this litigation, Debtors move that the Court deny all other pending motions as moot. In support of this motion, Debtors state:

1. On July 21, 2002 (the "Commencement Date") and November 8, 2002, the Debtors commenced cases (the "Bankruptcy Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. By Orders dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases were consolidated for procedural purposes only, and are being jointly administered.

3. By Order dated October 29, 2002, the Court established January 23, 2003 as the deadline for the filing of a proof of claim against any of the Debtors (the "Bar Date").

4. On October 31, 2003, the Debtors' Modified Second Amended Joint Plan of Reorganization (the "Plan") was confirmed, and became effective on April 20, 2004.

5. On June 10, 2004, the Debtors filed their objection to Proof of Claim number 11173 (replacing 9293) against Intermedia Communications, Inc. ("Intermedia") filed by Parus Holdings, Inc., successor-by-merger to EffectNet, Inc. and EffectNet, LLC (the "Parus Claim").

6. On May 2, 2007, this Court entered its Opinion Partially Granting and Partially Denying Debtors' Motion for Summary Judgment and Motion to Strike Portions of Affidavits (Dkt. No. 18853) (the "Opinion"). In that order, the Court granted Debtors' motion for summary judgment on Parus's claims for unfair and deceptive trade practices, breach of the implied covenant of good faith and fair dealing, and civil conspiracy. With respect to Parus's claim for breach of contract, the Court ruled that Parus terminated the UC Contract on April 12, 2002, and that Debtors are required to make reconciliation payments under the UC Contract for four

A 04299

months (December 2001 through March 2002). The Court further ruled that the Limitation of Liability clause in the UC Contract limits Intermedia's liability to the terms of the contract, thereby precluding non-contractual damages. Finally, the Court found material factual issues as to which rate is the "base monthly price" for purposes of determining the amount of the payments owed for December 2001 through March 2002. Thus, the sole remaining issue with respect to the Parus Claim is whether the "base monthly price" for purposes of calculating the four reconciliation payments is the "basic service rate" of $11.45 or the "unlimited service rate" of $27.40 ("Remaining Issue").[1]

7. Parus contends that the "base monthly price" was intended to be the unlimited service rate of $27.40. If Parus's contention is correct with respect to the Remaining Issue, the amount of the Parus Claim would be $1,101,844.27, less a deposited $175,000, for a total claim of $926,844.27.

8. Debtors therefore request that the Court enter an order directing that (a) the Debtors' objection to the Parus Claim with respect to the Remaining Issue is withdrawn; and (b) the Parus Claim be allowed in the amount of $926,844.27 and treated as a Class 12 claim under the Plan. The form of the Proposed Order is attached as Exhibit A.

9. Debtors submit that the entry of the Proposed Order is in the parties' best interests. The Court's Opinion substantially narrowed the dispute between the parties. Despite Debtors' earlier offer to resolve Parus's claim, Parus appears determined to proceed with expensive, unnecessary spoliation and cost-shifting briefing and electronic discovery. The parties may well incur fees and costs on the narrow damages phase of this proceeding that surpass any award of damages. By entry of the Proposed Order, litigation before this Court will

---

[1] The Court granted summary judgment in favor of Debtors on Parus's amended claim against MCI, Claim No. 11242 (replacing 9291).

A 04300

end, judicial economy will be served, and the Debtors' resources will not be further expended with respect to the Remaining Issue.

10.   Under the Plan, the Debtors have the right to withdraw their claim objection at any time. See Plan § 7.06.

11.   Debtors further request that all other pending motions be denied as moot because the Court's Opinion together with an Order granting this motion disposes of Parus's claims in their entirety.  The other pending motions, which Debtors request be denied as moot, are as follows:  (1) Motion of Claimant Parus Holdings, Inc. to Compel Production of Documents and to Extend Discovery Deadlines (Docket No. 16423); (2) Motion of Claimant Parus Holdings, Inc. for Relief Resulting from the Debtors' Spoliation of Evidence (Docket No. 18689); (3) Amended Motion of Parus Holdings, Inc. for Relief Resulting from the Debtors' Spoliation of Evidence (Docket No. 18935); (4) Debtors' Motion to Apply Bankruptcy Rule 7068 (Offer of Judgment) to the Proceedings on Claim Nos. 11242 (Replacing 9291) and 11173 (Replacing 9293); and (5) Debtors' Motion to Compel Parus Holdings, Inc. to Appear for a Properly Noticed Rule 30(b)(6) Deposition (Docket No. 18740).

12.   Debtors' counsel has conferred with Parus's counsel regarding this Motion and the accompanying Proposed Order; however the parties were unable to agree on the terms of this Motion and the Proposed Order.

WHEREFORE, for the reasons set forth here, the Debtors respectfully request that the Court enter an order in conformity with this Motion, and grant such other and further relief as is just.

Dated: August 17, 2007
       Kansas City, Missouri

A 04301

Respectfully submitted,

STINSON MORRISON HECKER LLP


By /s/ *Allison M. Murdock*
Robert L. Driscoll, Esq.
Mark A. Shaiken, Esq.
Allison M. Murdock, Esq.
Mark M. Iba, Esq.
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
(816) 842-8600 – Telephone
(816) 691-3495 - Facsimile

ATTORNEYS FOR DEBTORS


## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties receiving electronic means.

/s/   *Allison M. Murdock*
Attorney for Debtors

A 04302

STINSON MORRISON HECKER LLP
Attorneys for the Reorganized Debtors
1201 Walnut Street
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Robert L. Driscoll, Esq.
Allison M. Murdock, Esq.
Mark M. Iba, Esq.
Mark A. Shaiken, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                                 :
                                                      :   Chapter 11 Case No.
WORLDCOM, INC., et al.,                               :   02-13533 (AJG)
                                                      :
                                                      :   (Jointly Administered)
                Debtors.                              :
------------------------------------------------------x

### ORDER GRANTING DEBTORS' AMENDED MOTION FOR PARTIAL WITHDRAWAL OF CLAIM OBJECTION, ALLOWANCE OF RESULTING CLAIM, AND DENIAL OF ALL OTHER PENDING MOTIONS AS MOOT

THE COURT has considered Debtors' Amended Motion for an Order Permitting Partial Withdrawal of Claim Objection to Parus Holdings, Inc.'s Proof of Claim No. 11173 (replacing 9293), Allowing Resulting Claim, and Denying All Other Pending Motions as Moot and the papers filed in connection with the Motion. It is hereby ORDERED that:

1. The Debtors' objection is withdrawn to the Parus Claim with respect to the issue of whether the "base monthly price" is the "basic service rate" of $11.45 or the "unlimited service rate" of $27.40 for purposes of calculating the four Reconciliation Payments (the "Remaining Issue") that this Court found to be owed under its May 2, 2007 Opinion Partially Granting and Partially Denying Debtors' Motion for Summary Judgment and Motion to Strike Portions of Affidavits (the "Opinion") (Docket No. 18853);

DB03/048629 0125/7754842.4

A 04303

2. Proof of Claim number 11173 (replacing 9293) against Intermedia Communications, Inc. filed by Parus Holdings, Inc., successor-by-merger to EffectNet, Inc. and EffectNet, LLC (the "Parus Claim") is hereby allowed in the amount of $926,844.27 and treated as a Class 12 claim under the Debtors' Modified Second Amended Joint Plan of Reorganization (the "Plan"); and

3. All other pending motions are denied as moot. The motions denied as moot are as follows: (1) Motion of Claimant Parus Holdings, Inc. to Compel Production of Documents and to Extend Discovery Deadlines (Docket No. 16423); (2) Motion of Claimant Parus Holdings, Inc. for Relief Resulting from the Debtors' Spoliation of Evidence (Docket No. 18689); (3) Amended Motion of Parus Holdings, Inc. for Relief Resulting from the Debtors' Spoliation of Evidence (Docket No. 18935); (4) Debtors' Motion to Apply Bankruptcy Rule 7068 (Offer of Judgment) to the Proceedings on Claim Nos. 11242 (Replacing 9291) and 11173 (Replacing 9293); and (5) Debtors' Motion to Compel Parus Holdings, Inc. to Appear for a Properly Noticed Rule 30(b)(6) Deposition (Docket No. 18740).

SO ORDERED

Dated: New York, New York
_____, 2007

                                        HONORABLE ARTHUR J. GONZALEZ,
                                        UNITED STATES BANKRUPTCY JUDGE