Hearing Date: September 25, 2007 at 10:00 a.m. Eastern Time

STINSON MORRISON HECKER LLP
Attorneys for the Reorganized Debtors
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Robert L. Driscoll, Esq.
Allison M. Murdock, Esq.
Mark M. Iba, Esq.
Mark A. Shaiken, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re                                                             :
                                                                     :          Chapter 11 Case No.
WORLDCOM, INC., et al.,                           :          02-13533 (AJG)
                                                                     :
                                                                     :          (Jointly Administered)
                           Debtors.                        :
-------------------------------------------------------x

**DEBTORS' REPLY MEMORANDUM IN SUPPORT OF AMENDED MOTION
FOR AN ORDER PERMITTING PARTIAL WITHDRAWAL OF CLAIM OBJECTION
TO PARUS HOLDINGS, INC.'S PROOF OF CLAIM NO. 11173 (REPLACING 9293)**

On August 17, 2007, Debtors filed a short, straightforward motion requesting (1) that they be permitted to withdraw their claim objection on the issue of the contract rate applicable to the four Reconciliation Payments the Court has ruled are owed under the UC Contract; (2) that the amount of the resulting claim be allowed; and (3) that all remaining pending motions be denied as moot ("Debtors' Amended Motion"). See Docket No. 19054. In response, Parus Holdings, Inc. ("Parus") filed a Limited Objection to Debtors' Amended Motion for an Order Permitting Partial Withdrawal of Claim Objection (Parus's "Limited Objection"), which offers no substantive opposition to Debtors' Amended Motion. Instead, Parus complains that Debtors did not accept Parus's proposed changes to Debtors' Amended Motion, which would have deleted

any reference to filing an agreed upon motion and would have expanded the scope of the objection being withdrawn. Parus also complains that Debtors' request that all remaining motions be denied as moot was not in their original motion. See Docket No. 19083. Parus's "Limited Objections" are meritless, and should be overruled.

During the July 10, 2007 hearing on Debtors' original motion to withdraw their claim objection in part, Parus advised the Court and Debtors that it believed the parties could "work things out" by filing a joint amended motion. The Court directed the parties to attempt to file a joint amended motion and, if they could not do so, to file separate pleadings and set a hearing date. See July 10, 2007 Hearing Transcript at 5-7 (Ex. A). Debtors provided Parus a draft of the proposed amended motion for review and comment. Parus's proposed changes reflected that the parties would be unable to file a joint amended motion because, in addition to the substantive issue related to the scope of the objection, Parus was unwilling to include any language in the proposed amended motion reflecting that the parties conferred and agreed upon its content. Therefore, Debtors' filed their Amended Motion.[1]

Parus's Limited Objection fails to advise the Court that its proposed changes to the draft amended motion would have expanded the scope of the claim objection being withdrawn. Debtors are requesting an order permitting them to withdraw their claim objection on the issue of the contract rate applicable to the *four* Reconciliation Payments the Court has ruled are owed under the UC Contract. Parus's proposed changes would not limit the withdrawal of the claim objection to the four remaining Reconciliation Payments. Instead, Parus sought broader language suggesting that Debtors are withdrawing their claim objection as to the contract rate

---

[1] Contrary to Parus's claim that Debtors never responded to its comments to the proposed amended motion, it was Parus that made no response when Debtors voiced disappointment with Parus's apparent unwillingness to allow Debtors to file an unopposed motion.

2

generally applicable to Reconciliation Payments under the UC Contract. Parus' proposed revisions misstated the scope of the claim objection being withdrawn. Similarly, the proposed order Parus submitted with its Limited Objection contains confusing internal references with regard to the claim objection being withdrawn, and therefore should be rejected.

Parus also complains that Debtors' Amended Motion requests an order denying all other pending motions as moot even though Debtors' original motion did not include such a request. This complaint is frivolous. By titling it an "amended" motion, Debtors alerted Parus and the Court that their Amended Motion differs from the original one. Also, during the July 10, 2007, hearing, Debtors told the Court that they believed granting Debtors' motion for partial withdrawal of the claim objection would render all remaining pending motions moot. Debtors' Amended Motion simply requests entry of an order to that effect. Parus asserts no substantive objection to including this finding in an order. In fact, the proposed order Parus has submitted is nearly identical to Debtors' on this point. The only difference is that Parus adds that the order is made pursuant to the Court's statements during the July 10, 2007, hearing. Debtors did not understand the Court's statements during the hearing to constitute a ruling that all pending motions are moot. The Court stated that Parus's pending spoliation motions are moot, but made no statements as to the other pending motions. See July 10, 2007 Hearing Transcript at 5-6 (Ex. A). But even if the Court did rule on the mootness of all pending motions, Parus's additional language hardly can be characterized as an "objection." At most, it is a clarification.

Parus has failed to provide any reasonable basis for denying Debtors' Amended Motion. Accordingly, the Court should grant Debtors' Amended Motion and enter an order substantially similar to Debtors' proposed order. Granting Debtors' Amended Motion will resolve the dispute on the sole remaining issue in this litigation and achieve judicial economy.

Dated: September 20, 2007
Kansas City, Missouri

          Respectfully submitted,

          STINSON MORRISON HECKER LLP

          By /s/ *Allison M. Murdock*
          Robert L. Driscoll, Esq.
          Mark A. Shaiken, Esq.
          Allison M. Murdock, Esq.
          Mark M. Iba, Esq.
          1201 Walnut Street, Suite 2900
          Kansas City, MO 64106
          (816) 842-8600 – Telephone
          (816) 691-3495 - Facsimile

          ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties receiving electronic means.

          /s/ *Allison M. Murdock*
          Attorney for Debtors

```
                                                                    1

     UNITED STATES BANKRUPTCY COURT
     SOUTHERN DISTRICT OF NEW YORK
     ------------------------------x     Case No.
     In re                               02-13533(AJG)

     WORLDCOM, INC., et al,              New York, New York
                                         July 10, 2007
            Reorganized Debtors.         10:12 a.m.
     ------------------------------x

                    DIGITALLY RECORDED PROCEEDINGS

     10:00 STATUS CONFERENCE re Amended Motion of Parus Holdings,
     Inc. For Relief Resulting from the Debtors' Spoliation of
     Evidence.  Opposition filed.


     B E F O R E:

         THE HONORABLE ARTHUR J. GONZALEZ
         United States Bankruptcy Judge


     A P P E A R A N C E S:

         STINSON MORRISON HECKER LLP
         Special Counsel for Reorganized Debtors WorldCom
         and Intermedia
              1201 Walnut Street
              Kansas, Missouri    64106

         BY:  ALLISON MURDOCK, ESQ.   (via telephone)

         FOLEY & LARDNER LLP
         Attorneys for Parus Holdings
              777 East Wisconsin Avenue
              Milwaukee, Wisconsin   53202

         BY:  JILL MURCH, ESQ.   (via telephone)


                   DEBORAH HUNTSMAN, Court Reporter
            (212) 608-9053    (718) 774-2551    (917) 723-9898
           Proceedings Recorded by Electronic Sound Recording,
                  Transcript Produced by Court Reporter
```

A 04329

```
 1        JUDGE GONZALEZ:  Please be seated.
 2        This is Judge Gonzalez.
 3        MS. MURDOCK:  Your Honor, Allison Murdock on behalf of
 4   the Debtors.
 5        MS. MURCH:  Your Honor, Jill Murch on behalf of Parus
 6   Holdings.
 7        JUDGE GONZALEZ:  All right.  Sorry to keep you both
 8   waiting.  We are here as a follow-up to the conference call on
 9   a status conference as to how we are going to proceed, and if
10   we are going to proceed with the spoliation motion.
11        So go ahead.  I'll hear first from the Debtors.
12        MS. MURDOCK:  Your Honor, Allison Murdock.  It was not
13   Debtors' intention to raise issues with respect to finality.
14   I have conferred with my client, and Debtors will amend their
15   motion seeking permission to partially withdraw their claim
16   objection to remove the language that gave you pause with
17   respect to Debtors' reservation of rights to refile the claim
18   objection.  If the summary judgement ruling is appealed and
19   any part of the case is sent back, then Debtors will have
20   whatever rights they have at that time and we can cross that
21   bridge if and when we ever come to it.  At this time, Debtors
22   will amend the motion to take out the language seeking a
23   determination now that they would have a reservation of rights
24   to refile that claim objection.
25        JUDGE GONZALEZ:  All right.  Parus Holdings?
```

1        MS. MURCH:  Your Honor, Jill Murch.  I'm here on
2   behalf of Parus Holdings.
3        That is fine.  If the Debtors want to go ahead and
4   amend that motion, we have no problem with that.
5        JUDGE GONZALEZ:  All right.  Amend the motion, and I
6   would suggest that, if you show it to Parus Holdings and they
7   have no objection to that withdrawal, I will enter that order;
8   where are we then with the claim?
9        MS. MURDOCK:  Your Honor, Allison Murdock.  If we
10  enter that order, I think that order then takes care of all of
11  those pending motions.  There would be no need to consider the
12  amended spoliation motion, Debtors' request for a Rule
13  30(b)(6) deposition, or Debtors' request to make an offer of
14  judgment under 7068.  I think that would resolve everything
15  that is left.  The only thing otherwise that would need to be
16  decided is that Debtors have filed a notice of presentment on
17  the summary judgment ruling and Parus did object.  But that
18  would be the only thing that I believe would still be left to
19  be resolved, if the motion to partially withdraw the claim
20  objection were granted.
21       MS. MURCH:  Your Honor, this is Jill Murch on behalf
22  of Parus Holdings.  The only thing that we ask is that the
23  Court not rule on the spoliation motion or the amended
24  spoliation motion at this time.  It is at this point that
25  Parus Holdings believes it is premature that you consider any

1  rights they have.
2         So in the event that there may be an appeal in the
3  future, and if there is a reversal, we would just ask that you
4  hold those as pending motions and just not rule on them at
5  this time.
6         JUDGE GONZALEZ:  Maybe it is better that we all think
7  about it, but it seems to me that -- assume I relatively
8  quickly resolve whatever dispute there is to the order
9  regarding the opinion, you effectively have all the issues in
10 the case, at least on their face, resolved, and you have
11 whatever appellate rights you have.
12        If the case gets sent back and WorldCom argues that
13 they have some right to dispute the damage calculation, and,
14 if I were to disagree with them, then the spoliation motion
15 and everything else goes away anyway.  It seems to me that, if
16 it comes back to me on a reversal and a remand, that whatever
17 issues are then before me, if it's relevant to deal with
18 spoliation, you would deal with it in the context of a new
19 motion.  I don't see why the spoliation motion and everything
20 else just isn't withdrawn.  Why would it be carried forward,
21 if the claims adjudication process is really concluded, but
22 for any reversal and remand?
23        MS. MURCH:  Judge, I would like to preserve the
24 ability to argue one of the bases that, if an appeal were to
25 be taken, is a ruling on spoliation.  We would like to

1  preserve that as an issue.
2         At the commencement of the cases one of the concerns
3  we had was that spoliation would not be ruled on prior to an
4  adjudication of the summary judgment motion.  So that is a
5  concern that we would have, that which cannot be ruled on at
6  this point.
7         JUDGE GONZALEZ:  As I said before, it doesn't make any
8  sense to me.  There is nothing left before me.  How could I
9  have an open motion on a claims adjudication, and, unless I am
10 missing something, the claim has been fully adjudicated.
11 There is a liability basis established and there is a damage
12 amount for that liability.  It is over.  It is over until
13 someone sends it back to me and says "you are wrong," and then
14 once that happens, everything else opens itself back up again?
15        MS. MURCH:  Your Honor, we just want to preserve a
16 ruling on the pending spoliation motion.
17        JUDGE GONZALEZ:  It is moot.  Once the objection to
18 the use of which damage calculation applies is withdrawn,
19 there is nothing left for the spoliation motion unless my
20 opinion and determination is reversed.
21        MS. MURCH:  Your Honor, I would be glad to work out
22 the terms of an order with Ms. Murdock, an order that would
23 resolve all of these issues and present it to the Court.  If
24 an appeal is taken and if Your Honor's opinion were to be
25 reversed, then Parus would want the ability to refile the

1  amended spoliation motion at that time.
2       JUDGE GONZALEZ: All right. Try to work it out. Both
3  of you, keep in mind -- and I know you are advocates for your
4  clients, and rightfully so protecting their interests -- you
5  have to still look at this from a practical standpoint. If
6  there is nothing left before me, what rights are you
7  preserving by keeping motions open?
8       MS. MURDOCK: Your Honor, Allison Murdock. I can see
9  we have a dispute coming down the road on this, because the
10 purpose of our withdrawing the claim is so that we don't have
11 open motions because all of those pending motions, including
12 the ones that Debtors have filed, are moot, if the order is
13 granted permitting partial withdrawal of the claim objection.
14      We can try to work something out with Parus Holdings,
15 but I don't contemplate that procedurally we will have the
16 ability to present an order to the Court that provides
17 anything other than that these pending motions, including
18 Debtors' pending motions, are moot in light of an order
19 granting partial withdrawal of the claim objection.
20      JUDGE GONZALEZ: Schedule it all. I will deal with
21 both of you in person. File the amended motion to withdraw.
22 We will address all the issues at one hearing, and see where
23 that takes us.
24      MS. MURCH: Your Honor, this is Jill Murch. I do
25 believe we can work something out here. I just want to have

```
                          Proceedings                          7

 1   the ability to consult with my client first.  I do believe we
 2   can reach a mutually satisfactory resolution with the Debtors
 3   and the Court.  I just need a little bit of time to talk to my
 4   client and hammer that out.
 5           JUDGE GONZALEZ:  All right, thank you.
 6           MS. MURCH:  Thank you, Your Honor.
 7           JUDGE GONZALEZ:  All right.  Good day.
 8           MS. MURDOCK:  Thank you.  Bye.
 9           JUDGE GONZALEZ:  All right.  The next matter in
10   WorldCom, I believe, commences at 12:00 p.m.  I will return to
11   the bench at that time.
12           (Whereupon, from 10:20 a.m. to 12:04 p.m. a recess was
13   taken.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    8
 1                     C E R T I F I C A T E

 2   STATE OF NEW YORK    )
                          : SS:
 3   COUNTY OF NEW YORK   )

 4

 5              I, DEBORAH HUNTSMAN, a Shorthand Reporter and

 6   Notary Public within and for the State of New York, do hereby

 7   certify:

 8              That the within is a true and accurate

 9   transcript from the official electronic sound recording of the

10   proceedings held on the 10th day of July, 2007.

11              I further certify that I am not related by blood

12   or marriage to any of the parties and that I am not interested

13   in the outcome of this matter.

14              IN WITNESS WHEREOF, I have hereunto set my hand

15   this 18th day of July, 2007.

16

17

18
                          DEBORAH HUNTSMAN
19                        DEBORAH HUNTSMAN

20   NOTE FILE BY MOSES BENASHER

21   PRELIMINARY TRANSCRIPT DELIVERED VIA E-MAIL 7/15/2007

22

23

24

25
```

A 04336